Mitchell M. Breit
Paul J. Hanly, Jr. (*pro hac vice* to be submitted)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, New York 10016-7416
Telephone:  (212) 784-6400
Facsmilie:  (212) 213-5949
mbreit@simmonsfirm.com
phanly@simmonsfirm.com

Jonathan Shub (*pro hac vice* to be submitted)
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Telephone:  (215) 238-1700
Facsmilie:  (215) 238-1868
jshub@kohnswift.com

*Additional Counsel Listed on Signature Page*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD BIANCHI AND DEBRA BIANCHI, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.:_____ |
| | ) ) | |
| SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD. | ) ) ) | |
| | ) ) | **CLASS ACTION COMPLAINT** |
| Defendants | ) ) | **DEMAND FOR JURY TRIAL** |
| | ) | |

## CLASS ACTION COMPLAINT

Ronald Bianchi and Debra Bianchi (together, "Plaintiffs") on behalf of themselves and all

others similarly situated (the "Class" or "Class Members"), by and through counsel, bring this

action against Defendant Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC"). Defendants are collectively known as "Samsung." Plaintiffs' allegations are based upon personal knowledge as to their own acts and experiences, the investigation of counsel, and upon information and belief as to all other matters.

## IDENTIFICATION OF PARTIES
### (Local Rule 10.1)

1.      The names and addresses of the parties to this action are (a) Ronald Bianchi and spouse Debra Bianchi, 5065 South Links Circle, Suffolk, Virginia 23435, (b) Samsung Electronics America, Inc., a corporation of the State of New York, with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07669, and (c) Samsung Electronics Co., Ltd., formed under the laws of the Republic of Korea and with a principal place of business located at 85 Challenger Road, Ridgefield Park, New Jersey 07669.

## INTRODUCTION

2.      Plaintiffs represent a proposed class of thousands of consumers who owned and used residential refrigerators with French Door External Dispenser built-in-door ice makers (also known as " thru-door" ice makers) (the "Ice Makers") which are set into a "cut-through" in the refrigerator door. The refrigerators, designed and manufactured by Samsung, and sold under the Samsung brand name, include French doors for the upper fresh food compartment and pull-out drawers for the freezer compartments, as well as the external dispenser built-in-door ice makers which are the subject of this lawsuit. These refrigerators (the "Class Refrigerators") are defective in a number of ways, including but not limited to, defects that affect the built-in-door Ice Makers which results in leaking and slush, over-freezing in the ice compartment, water leakage from the ice house to below the refrigerator crisper trays, fan noise from an over-iced compartment, and

"freezing up" (collectively "the Defects"). The Defects are identified in a technical service bulletin issued by Samsung on July 17, 2015 ("TSB 2015"). [1]

> Samsung's TSB 2015 contains the following list of customer complaints, recommended consumer repairs, and Samsung-identified model numbers, including but not limited to RF23HCEDB, RF23HCEDT, RFH23HSESB, RF23HTEDB, RF23J9011, RF24FSEDB, RF25HMEDB, RF263BEAE, RF263TEAE, RF26J7500, RF28HDEDB, RF28HDEDT, RF28HFEDB, RF28HFEDT, RF28HFPDB, RF30HDEDT, RF31FMEDB, RF31FMESB, RF323TEDB, RF32FMQDB, RF34H9950, RF34H9960, ALL COLORS, which list is not exhaustive of the Samsung Class Refrigerators at issue.  A sample of customer complaints incudes one or more of the following symptoms
>
> 1.  Ice crystals and water droplets form at the bottom of the ice maker. Slushy Ice
> 2.  Water under the crispers or running down the left side wall due to a gap in the ice room.
> 3.  Fan noise that stops when FF door is opened due to ice in ice room fan duct.
> 4.  The ice bucket is stuck and will not come out (possible clogged drain).

*See* Exhibit 1.

3.      The Defects in the Ice Makers identified in TSB 2015 require the consumers' hands-on maintenance and repair, with no offer of repair or replacement from Samsung. When an Ice Maker ices over and ceases to function, continual hands-on maintenance is required; without it, the Ice Maker fails completely and is simply unusable.

4.      Not only by virtue of the Samsung technical service bulletin referenced above, but also by virtue of numerous consumer complaints, Samsung has known of the Defects in the Class Refrigerators for years and has taken no action to repair or replace the defective Ice Makers or the

---

[1] Samsung Service Bulletin No. ASC20150717001:  French Door Refrigerators dated July 17, 2015. *See* Exhibit 1.

Class Refrigerators.  A large number of consumer complaints regarding the Defects continue to this day.

5.      Samsung's conduct violates well-established contract, tort, and consumer protection laws of Virginia and other states.

6.      Plaintiffs Ronald Bianchi and Debra Bianchi bring this suit on behalf of themselves and other similarly-situated consumers.  They seek damages and appropriate equitable relief, including an order enjoining Samsung from selling refrigerators with these defective Ice Makers.

## PARTIES

7.      Plaintiffs Ronald and Debra Bianchi are citizens and residents of Suffolk, Commonwealth of Virginia.

8.      Defendant SEA is a New York corporation that maintains its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07669.

9.      Defendant SEC is a corporation formed under the laws of the Republic of Korea and conducts substantial business at the SEA headquarters at 85 Challenger Road, Ridgefield Park, New Jersey 07669.

## JURISIDICTION AND VENUE

10.      This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) at least one member of the proposed class is a citizen of a state different from Samsung, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (c) the proposed class consists of more than 100 members, and (d) none of the exceptions under this subsection apply to this action.

11.    The Court has personal jurisdiction over the parties because Defendants each conduct substantial business in New Jersey, have had systematic and continuous contacts with New Jersey, and have agents and representatives in New Jersey.

12.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in and emanated out of this District.  Defendants' conduct has injured putative Class Members in this District. Defendant SEA transacts business and maintains a principal place of business within this District.  Accordingly, this Court has jurisdiction over this action and venue is proper in this Judicial District.

13.    The Federal Courthouse located in Newark, New Jersey is the proper vicinage for this matter because SEA has its principal place of business in Ridgefield Park, New Jersey.

## PLAINTIFFS' EXPERIENCE

14.    On September 29, 2014, Ronald and Debra Bianchi, who reside in Suffolk, Virginia, purchased a new Samsung 22.5 cu. foot French Door Refrigerator with an external built-in ice maker online from a Home Depot in Fairfax, Virginia at a purchase price of $2,536.66.  The model number of the refrigerator is RF23HCEDBWW/AA and serial number is 065X43AF800007R.

15.    Below is a web shot, of the 2014 specifications sheet for the Bianchi refrigerator (page 1).  The complete specifications sheet is attached as Exhibit 2.

# RF23HCEDBSR

## 22.5 cu. ft. Counter-Depth French Door Refrigerator with Cool Select Pantry™

### Features

- 3-Door Counter-Depth Design
- Large Capacity – 22.5 cu. ft.
- Twin Cooling Plus™
- ENERGY STAR® Compliant
- Ice Master Ice Maker in the Refrigerator
- CoolSelect Pantry™ with Temperature Control
- Premium External Filtered Water and Ice Dispenser
- High-Efficiency Top and Side LED Lighting
- EZ-Open Handle™ on Freezer Door
- Adjustable Shelf for Tall Oversized Items
- Two Humidity-Controlled Crispers
- Tempered Glass Spill-Proof Shelves
- Auto Pull-Out Upper Freezer Drawer
- Easy-to-Access Water Filter

### Convenience

- Cool Tight Door
- Door Alarm
- Water Filter Indicator

 **ENERGY STAR® Rated:** 699 kWh/yr





Ice Master



CoolSelect Pantry™ with Temperature Control

### Available Colors



Stainless Steel    White    Black

### Signature Features

#### SLEEK, BUILT-IN LOOK

- Stylish, counter-depth design allows for more work space in the kitchen.
- Sleek, built-in look enhances overall kitchen design.

#### TWIN COOLING PLUS®

- Keeps food fresher longer – Twin Cooling Plus humidity levels up to 3.6x higher than single cooling.
- Refrigerator air is kept at higher, near commercial grade humidity levels to keep perishable fruits and vegetables fresher longer.
- Drier freezer air means less freezer burn for better-tasting frozen foods.

#### ICE MASTER

- Our Ice Master makes 5.2 lbs. of ice per day with storage for nearly 2.7 lbs.
- Space-saving design leaves more room in the refrigerator.

#### COOL SELECT PANTRY™

- Provides additional temperature control for your food storage needs with Deli, Fresh and Chilled options.



*Ranked "Highest in customer satisfaction with French Door refrigerators, in a tie." \**
*— J.D. Power*

**SAMSUNG**

6

http://pdf.lowes.com/dimensionsguides/887276966106_meas.pdf; website last visited on
February 17, 2017.

16.     During the week prior to the Bianchis' purchase of their Samsung French Door
External Dispenser Refrigerator, Ronald Bianchi did extensive internet research to find a
refrigerator that would not only be of high quality, but also fit properly in the Bianchis' kitchen
counter area.  His research revealed that an LG model and the Samsung refrigerator at issue were
the top two high-end refrigerators with the highest survey ratings and that also met the Bianchis'
kitchen counter spacing requirements.  Another selling point for the Bianchis, discovered online
at the time of Mr. Bianchi's research, was Samsung's marketing touting that the ice maker in their
22.5 cubic foot Samsung French Door External Dispenser refrigerator "Ice Master" ice maker
would      make      up      to      5.2      pounds      of      ice      per      day.     *See*
http://pdf.lowes.com/dimensionsguides/887276966106_meas.pdf;  website  last  visited  on
February 17, 2017.

17.     In addition, the Bianchis spoke with a sales person at Home Depot where they made
the purchase who likewise recommended both the LG and Samsung models that Mr. Bianchi had
identified in his internet research.

18.     The Bianchis chose to purchase the Samsung model because it was on sale at Home
Depot at what Plaintiffs believed was a substantial savings.  Had they known of the Defects,
however, the Bianchis would have chosen the LG brand unit that online descriptions and reviews
indicated to be a quality choice, and that also fit their kitchen spacing needs.

19.     Below is a photograph of the Samsung French Door Refrigerator the Bianchis
purchased.



20.    On July 17, 2015, Samsung published TSB 2015 regarding the Defects, which includes ones specific to the Bianchis' refrigerator - defects with the ice room, ice maker, and fan in the ice room.  The Bianchis were never notified of the bulletin by Samsung or any of its agents. The Bianchis' refrigerator was still under the one-year manufacturer warranty at this time.

21.    In January of 2016, not long after the refrigerator/ice-maker's one-year warranty expired, the Bianchis' ice maker began experiencing water buildup in the exit chute within the door of the refrigerator where the ice maker is located; water would leak into the ice access area in the refrigerator door, filling the reservoir at the base of the cutout in the door. Following this,

the Bianchis' ice maker fan began to emit loud, jarring noises.  These defects are the same as those listed in TSB 2015.

22.     On or about January 28, 2016 Mr. Bianchi made a call for service.  A technician with Virginia Electronics inspected the ice maker (the noise had stopped by this time) who reported that the fan was frozen shut and that the noise was caused by the fan hitting the over-iced ice maker.  He then showed Mr. Bianchi how to defrost the ice maker, loosen the ice for removal, take out screws, and the technique for removing the ice maker along with its "auger motor."  With the ice make and auger motor set aside to defrost, the technician then showed Mr. Bianchi how to defrost the ice buildup inside the ice hose/drain using a hair dryer or space heater. The technician further reported that the ice maker was defective and un-fixable.  The bill for the service call was $125.00.

23.     Despite this repair, the Bianchi's ice maker continued to ice over and not function. Mr. Bianchi found further information on-line TSB 2015 for potential fixes. In keeping with what the technician advised, and also with these additional recommendations in TSB 2015, Mr. Bianchi continued to defrost and dry the ice maker and ice house once every week or two to clear out slush and ice overflow buildup.

24.     In addition, Mr. Bianchi sealed the ice floor room and liner with epoxy, as advised by a technician from "Geek Squad," in an effort to prevent further leaking from the ice-maker.

25.     In spite of the epoxy fix, in February of 2016, the Bianchis' refrigerator experienced ice water dripping into the area below the refrigerator deli trays/crispers.  On April 24, 2016, after finding a blog online that addressed the leaking, *See* blog repair recommendations at http://www.theinvisibleblog.com/2016/08/fixing-samsung-ice-maker.html; website last visited on February 17, 2017, Mr. Bianchi ordered a field repair kit from Sears at a cost of $43.87 and

attempted to make the field kit repair.  During the twelve weeks from the initial water leaks under until repair, the collected water required daily, and sometimes twice daily, water cleanup.

26.     In April 2016, Mr. Bianchi replaced the ice maker with the same model of slide-in ice maker as the one originally installed.  The replacement ice maker was purchased at Sears and cost $141.94.  Below are two photographs of the replacement ice maker.  The replacement ice maker had and has the same problems, which continue to this day.

27.     Below are photos of the replaced ice maker.





28.    On October 14, 2016, after even more research on how to fix the new ice maker, Mr. Bianchi replaced the main circuit board.    The new part was ordered from AppliancePartPros.com in Louisville, Kentucky at a cost of $124.02.  The new circuit board did not resolve any of the problems identified herein or otherwise.

29.    The ice maker continues to require hair-dryer heating to remove the ice maker and auger motor and manual defrosting of ice buildup every one to two weeks.  The process requires defrosting and removing the ice maker and auger motor, defrosting the ice build-up in ice house, and defrosting the refrigerator for approximately 25 minutes, an operation takes two to three hours. In approximately December of 2016, the Bianchis turned off their ice maker and started purchasing

10-pound bags of ice for home use rather than continue with expenditures and labor in a futile effort to repair their defective ice maker.

## FACTUAL ALLEGATIONS

30.     Samsung is one of the world's leading manufacturers, designers, and marketers of refrigerators and other appliances.

31.     Upon information and belief, Samsung has worked to earn a reputation for selling premium products, both through its marketing efforts and by manufacturing consistently high quality and versatile goods.  Consequently, consumers are frequently willing to pay more for Samsung products than for the products offered by competitors, even when those products have similar features.  Consumers have come to expect that Samsung-branded products will be of particularly high quality, durability, and reliability.

32.     Among Samsung's products are the high-end French Door refrigerators with external dispenser built-in ice makers, including the Class Refrigerators.  The Class Refrigerators are sold through major retail stores such as Best Buy and Home Depot at premium prices in the range of $1,000 to $4,000.

33.     The National Association of Home Builders reported in a 2007 study, conducted with Bank of America Home Equity, that the life expectancy of a refrigerator is 13 years.  In the Appliance Market Research Report from June 2011 called "U.S. Appliance Industry:  Market Value, Life Expectancy & Replacement Picture 2011", the UBM Canon Company—a global provider of media and information services for the manufacturing industries—concludes that the low to high life expectancy of a standard refrigerator is 10-16 years.  The Plaintiffs' Class Refrigerator only lasted 15 months until it developed an unfixable defect in the ice maker.

34.     Samsung was fully aware of the Defects covered in TSB 2015, a document which would have taken significant time and resources to develop prior to its issuance on July 17, 2015. Samsung has long known that the TSB 2015 "fixes" are not effective given repeated consumer complaints of the Defects and of their multiple failed attempts at repair. Rather than disclose the Defects and repair them, or replace the Class Refrigerators, or recall the Class Refrigerators as Samsung should have, Samsung made a conscious decision to ignore the problem at the expense of its customers.  Despite Samsung's significant and exclusive knowledge of the Defects, it fraudulently concealed the Defects and prevented reasonable consumers from discovering them until such time as the Defects manifested to the individual owners.

35.     Before placing its Class Refrigerators into the stream of commerce, Samsung had actual knowledge that they contained the Defects and created an unreasonable risk of property damage and product failure.

36.     Upon information and belief, Samsung should have been aware of these defect due to the number of requests for warranty service detailing the same defects suffered by Plaintiffs. The Samsung Authorized Service Centers and Global Service Partnership Network ("GSPN") Service Center maintains detailed records of the complaints, model and serial numbers, and details of the work performed on the Class Refrigerators in an attempt to correct the problems.  In addition, upon information and belief, Samsung utilizes "Service Bench" online software to track warranty claims, which provides Samsung with the ability to mine data for strategic information about its products and the nature of repair claims.  Consequently, Samsung should have been aware of the large number of similar, repeat complaints received regarding specific Class Refrigerators and their external dispenser ice makers and the failure over and over again of attempted repairs of the Defects.

37.    Samsung's actions related to designing, testing, manufacturing, selling, distributing, and warranting the Class Refrigerators have caused Plaintiffs and other putative Class Members to suffer property loss, financial harm, loss of use, and other damages.

38.    The following is a representative sampling of consumer complaints regarding the Defects in external dispenser ice makers in Samsung French door refrigerators that pre-date the Bianchis' purchase of their refrigerator in September 2014.[2]


**•Rajiv of Pearland, TX on Oct. 31, 2011**
*Satisfaction Rating*
My Samsung French door refrigerator Rf267AERS started making fan noise and frost build up exactly one year after I purchased. So, it won't be covered under warranty. I called the customer service, who were glad to forward me the service company phone number and made sure I realized I will have to pay the bills. I wish I have read these complaints before spending over $2,000 for a high end refrigerator that will need services right after the one year warranty period.

*Helpful?*YesNo
https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=63; website last visited on February 14, 2017.


**•Doug of Orinda, CA on Sept. 14, 2012**
                                                                                        *Satisfaction Rating*
We purchased a Samsung (Mod RF267AB) French door refrigerator, and within 18 months, we had issues with water pooling in the pan under the deli pullout drawer. Since we had an extended warranty through Lowe's, we had it "fixed". Since that time, the same problem has been "fixed" two more times with no success. (Each visit has been a different repair guy, so no commonality there.) The last time, the technician also adjusted the level and tilted the fridge back saying that may help it drain! Starting yesterday, the upper cooling fan has begun growling. I need to call Lowe's service to get them out again, and of course, it's also not draining again. When we originally researched the unit, we consulted the leading consumer products reporting magazine's article on refrigerators at the time where it was a top rated model along with the GE model we looked at, which apparently was the same one manufactured by Samsung for GE. I'm very disappointed by this experience and also by the ratings assigned by the consumer magazine.

---

[2] These complaints include only those specifically identifying defects in a Samsung French Door external dispenser ice maker and do not include numerous other complaints that only generally refer to Samsung ice makers.

*Helpful?*YesNo
https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=58

**•Jean of Pueblo West, CO on Oct. 22, 2012**

*Satisfaction Rating*

We purchased this Samsung French Door Refrigerator RF26VABWP in July of 2009 because we thought it was a superior product. Wrong! It was fine until March of this year and then to the tune of $200 we had to have the repairman defrost the fan, etc. because it was so noisy. And then I discovered the water was leaking inside the refrigerator under the crisper trays. We thought the problem was solved until May of this year when we discovered ice forming under the crisper trays. Another service call to the tune of $200. And then in July, I discovered a repeat of the same problem. Previously when I called Samsung, I was told that if it happened again, they would do something.

After 10 calls and faxing information twice, I was told that nothing could be done and that refrigerators only lasted 5 to 9 years anyway. I doubt they would want to pay $200 every three months to keep their refrigerator running properly and I also doubt that they replace their own refrigerator that often. Every time you call, you have to give the model number, your name and phone number and then be referred to the executive customer service and repeat the same information. Usually there isn't a supervisor that you can talk to and so you have to call back again and go through the entire thing again. My opinion is that if you have to do this enough times, you finally give up and go away! What a poor recommendation for a company so well known!

*He
lpful?*YesNo
https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=58

**•Carrie of Branchville, SC on Dec. 11, 2012**

*Satisfaction Rating*

After paying for months for a new refrigerator, which was over $2,500, which is a lot of money to me, after about a year, it started making a noise. I called Samsung for them to tell me that a service tech would come out, but that was not covered under warranty and I did not buy the extended warranty. Well, after I spent that much money, I didn't think I needed to spend additional amount for an extended warranty. Was I wrong? Another $300 for some 18-year-old kid to just switch out a motor. Here we are 11 months later with the same problem, mainly because the first technician didn't fix it right the first time. It constantly freezes up, and water is under the vegetables bins. What a lemon. People, do your homework and never buy a Samsung refrigerator! This one had the ice and water on the outside and the French doors. I was really upgrading, and I had to make payments. Samsung couldn't care less!

*Helpful?*YesNo

15

https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=57


•**Ed of Vista, CA on Dec. 24, 2012**

*Satisfaction Rating*

I bought a new fridge five days ago, with a lower freezer, model RF4287HARS. It was plugged in by the delivery tech and set to specific settings. The same day, water began to build in the vegetable bin. We cleaned it and shortly afterwards, moisture was building up. Samsung is lame at acknowledging fault and the extended warranty is quick to remind me that the manufacturer warranty is in effect. I will drop this pretty, but lame product made by Samsung, in the store today.

*Helpful?*YesNo
https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=57

•**Roger of Mechanicsburg, PA on Feb. 17, 2013**

*Satisfaction Rating*

I have the Samsung RF267AEBP purchased from Sears ($2,100+) 01/02/2011. Shortly after the basic 1-year warranty ran out, the unit began routinely freezing up due to the "known" failure of the defrost cycle and/or heating coils and sensors malfunctioning. When the ice builds up over time, it locks up the fan motor from the glacier of ice (sounds horrible like a screech owl). Like others on this post and all over the Internet, I have to force the RF267AEBP into a manual defrost; when the ice melts, it fills the space under the Deli/Crisper drawer with water.

The first time this happened, we did not realize that the ice could not drain normally due to a defective drain (Note: The defrost water drain has been reported to be too short to drain properly after the refrigerator goes through a defrost cycle). So, after turning the unit back on, the backed up water that pools under the Deli/Crisper drawer freezes into a solid two feet by one inch sheet of ice! Not knowing what was going on, we could not get the Deli/Crisper opened without pulling very hard on it and that brought the entire sheet of ice out and onto the kitchen floor, creating one big dangerous mess!

Now, the ice maker is making loud clicking and banging sounds, and the ice maker has malfunctioned too with inconsistent delivery of odd sized ice cubes (more like chunks of ice) and it, too, now freezes up. We have regularly replaced the filter (@ $30+ each) that does basically nothing but filter water for the ice maker and the water dispenser. This has been the most frustrating and expensive major appliance ownership experience I have ever had with a major appliance in over 40+ years of home ownership.

Samsung, you should provide us customers that have suffered through the purchase and repair of this "known" defective refrigerator full refunds for these "known" manufacturer defective refrigerators and/or provide a totally brand new replacement of equal value regardless of the

customer's choice. This is an expensive major appliance and we should not be having these problems that are clearly a quality control problem of widespread proportions. If I am not contacted by your warranty and customer relations department with a satisfactory resolution, I will be forced to sign on to the class action suit and add my model to the long and growing list of models already posted on the website. I will also have my day in small claims court for not just the cost of the defective refrigerator, but also for the spoiled food cost of replacement, labor and repair cost, and my lost work/wages due to having to take off work to deal with the overall malfunctioning of your Samsung RF267AEBP.

By the way, my paperwork from Samsung that came with my refrigerator clearly states, "Your Satisfaction is Samsung's # 1 Priority - Do not return to store." Well, Samsung, here is your opportunity to step up and simply do the right thing, especially since you are on record claiming that my satisfaction is Samsung's #1 priority.

*Helpful?*YesNo
https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=56


**•Debra of Corpus Christi, TX on June 7, 2014**

*Satisfaction Rating*

Samsung rf267 series - I purchased a 3000 dollar piece of junk. It work fine for a year and then hell broke loose. Water started to build up under the crisper and stop making ice, water leaking in ice maker. I spend hundreds of dollars to repair it and still doing the same thing. I will never purchase anything with the Samsung name on it.

https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=45


**•Samsung French Door Refrigerator is NO GOOD**

mmogimoto
  Subscribe9
Add to
 Share
More

33,661 views

60 12
Published on Apr 3, 2013
We notified Samsung about the "through-the-door" ice maker failure months ago with no resolution (the original ice make was replaced within the first month of operation). I cannot believe we have to use a hair dryer to defrost the damn ice maker. I may post a sign in the front yard asking for a thief to steal it (including money for gas). We are done with Samsung.....kinda rhymes doesn't it.........?? If you have a Facebook page, please post as a "DISLIKE SAMSUNG"........

17

https://www.youtube.com/watch?v=U9CMXNHarqgl; website last visited on February 16, 2017.

**•Samsung French Door Refrigerator Problems**



Appliance Princess
 Subscribe 3,420
Add to
 Share
More

45,814 views

**Published on Dec 19, 2013**

"I want to know about Samsung french door refrigerator problems.

Well, you sound like you want to know what sorts of things cause problems with this brand of refrigerators.

Yes, you are brilliant. I think that is what I just said.

OK, I think I could shed some light on this matter for you. There have been several consumers reporting Samsung French door refrigerator problems.

Oh please, do tell.

It seems like by far the most problems associated with Samsung french door refrigerators have to do with the ice maker. Many consumer complaints regard the ice maker along with a whole host of other complaints.

Some of the complaints regard the ice maker dispensing water slowly, and also the ice maker not functioning as required. These are some of the most common complaints in regard to Samsung refrigerators.

That is fairly disheartening. Are these refrigerator problems commonplace, or are they a rarity?

Unfortunately these problems are all too common with Samsung french door refrigerators. They tend to have lots of freezer problems.

In addition even though the language of the owners manual say that the refrigerators are warrantied for six months, when customers call Samsung they are told that the parts are only under warranty for 30 days.

That is outrageous when you consider that the refrigerators generally cost a thousand dollars, or close to it!

I would agree with that. I think you may want to consider another refrigerator brand.

Well, I am thankful that I have a friend like you, to keep me from making a mistake.

You are welcome, and by the way, if you are so inclined I could use a few bucks.

I'll see what I can do, Samsung refrigerator guru. Sometimes good advice is worth paying for."

https://www.youtube.com/watch?v=kIGltraiAwY;  website last visited on February 4, 2017.

39.     Attached as Exhibit 3 is a further representative sampling of consumer complaints regarding Class Refrigerators and the Defects that post-date the purchase of the Bianchis' refrigerator/ice maker at issue.

## CLASS ACTION ALLEGATIONS

40.     Plaintiffs bring this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) against Samsung on behalf of themselves and a National Class and Virginia State Class (collectively the "Class" or the "Classes") as defined below.

**National Class:**

During the fullest period allowed by law, all persons in the United States who purchased or otherwise acquired a Samsung designed and/or manufactured refrigerator with an external dispenser built-in ice maker for personal, family, or household purposes having the Defects and who have incurred property damage and/or loss of use and/or loss of the benefit of the bargain as a result of the Defects.

**Virginia Class**

During the fullest period allowed by law, all persons in the United States who purchased or otherwise acquired in the Commonwealth of Virginia a Samsung designed and/or manufactured refrigerator with an external dispenser built-in ice maker primarily for personal, family, or household purposes having the Defects and who have incurred property damage and/or loss of use and/or loss of the benefit of the bargain as a result of the Defects.

41.     **Excluded from the proposed Classes are:**  (a) any Judge or Magistrate presiding over this action and members of their families; (b) Samsung and any entity in which Samsung has a controlling interest, or which has a controlling interest in Samsung; (c) the officers and directors

of Samsung; (d) Samsung's legal representatives, assigns, and successors; and (e) all persons who properly execute and file a timely request for exclusion from the Classes.

42.     **Numerosity:**   While the exact number of the class members cannot yet be determined, the Classes consist, at a minimum, of thousands of people throughout the United States and Virginia, such that joinder of all members (the "Class Members") is impracticable.  The exact number of Class Members can readily be determined by a review of information maintained by Samsung.

43.     **Commonality:**   Common questions of law and fact exist as to all of the Class Members.  Among the common questions of law and fact are:

a.      Whether Samsung's Class Refrigerators were defectively designed, manufactured, marketed, distributed, and sold;

b.      When Samsung first became aware or should have become aware that its Class Refrigerators were defectively designed and/or manufactured;

c.      Whether the existence of the Defects in the Class Refrigerators is a material fact that reasonable purchasers would have considered in deciding whether to purchase a refrigerator;

d.      Whether Samsung knowingly concealed the defective nature of the Class Refrigerators;

e.      Whether Samsung intended that consumers be misled;

f.      Whether Samsung intended that consumers rely on its non-disclosure of the Defects in the Class Refrigerators;

g.      Whether Samsung misrepresented the durability and usefulness of the Class Refrigerators;

h.      Whether, by the misconduct set forth herein, Samsung violated consumer protection statutes and/or false advertising statutes and/or state deceptive business practice statutes;

i.      Whether the Class Refrigerators are of merchantable quality;

j.      Whether, by the misconduct set forth herein, Samsung violated express and implied warranty statutes;

k.      Whether Samsung's false and misleading statements of material facts regarding the Class Refrigerators were likely to deceive the public;

l.      Whether consumers have suffered an ascertainable loss;

m.      The nature and extent of damages and other remedies entitled to the Class;

n.      Whether the Class Ice Makers designed and manufactured by Samsung pose any material defect;

o.      Whether Samsung knew, or should have known, that the Class Refrigerators contained the Defects when it placed the refrigerators with the Defects into the stream of commerce;

p.      Whether Samsung concealed the Defects from consumers;

q.      Whether the Class Refrigerators are likely to fail before the end of their reasonable expected lives;

r.      Whether Samsung breached warranties relating to Samsung Class Ice Makers by failing to recall, replace, repair, and/or correct the Defects;

s.      Whether Samsung breached implied warranties of merchantability relating to the Class Refrigerators;

t.      Whether Samsung mispresented the characteristics, qualities, and capabilities of the Class Refrigerators;

u.      Whether Samsung omitted, concealed from and/or failed to disclose in its communications and disclosures to Plaintiffs and Class Members material information regarding the Defects;

v.      Whether Samsung failed to warn consumers regarding the Defects in its Class Refrigerators;

w.      Whether Samsung made fraudulent, false, deceptive, misleading, and/or otherwise unfair and deceptive statements in connection with the sale of the Class Refrigerators in its refrigerator literature and on its website, including those relating to standards, use, and reliability and otherwise engaged in unfair and deceptive trade practices pertaining to the refrigerators;

x.      Whether Samsung was unjustly enriched as a result of selling the Class Refrigerators;

y.      Whether Samsung should be ordered to disgorge all or part of its profits it received from the sale of the Class Refrigerators;

z.      Whether Plaintiffs and Class Members are entitled to damages including compensatory, exemplary, and statutory damages and the amount of such damages;

aa.     Whether Plaintiffs and Class Members are entitled to repair and/or replacement of their respective Class Refrigerators;

bb.     Whether Plaintiffs and Class Members are entitled to equitable relief, including an injunction requiring Samsung to engage in a recall of the Class Refrigerators; and

cc.     Whether Plaintiffs and Class Members are entitled to an award of reasonable attorneys' fees, pre-judgment interest, post-judgment interest, and costs.

44.     **Typicality:**  Plaintiffs have substantially the same interest in this matter as all other proposed Class Members and their claims arise out of the same set of facts and conduct as all other Class Members.  Plaintiffs and all Class Members own or owned a Class Refrigerator designed and/or manufactured by Samsung with the uniform Defects that make the refrigerators defective upon purchase and causes them to fail within their expected useful lives.  All of the claims of Plaintiffs and Class Members arise out of Samsung's placement into the marketplace of refrigerators with ice makers that Samsung knew were defective and caused property damage and other losses to consumers and from Samsung's failure to disclose the Defects.  Also common to Plaintiffs' and Class Members' claims is Samsung's conduct in designing, manufacturing, marketing, advertising, warranting, and/or selling the Class Refrigerators, Samsung's conduct in concealing the Defects, and Plaintiffs' and Class Members' purchase of the Class Refrigerators.

45.     **Adequacy of Representation:** Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in products' liability, deceptive trade practices, and class action litigation.  Accordingly, Plaintiffs and their counsel will fairly and adequately protect the interests of Class Members.  Plaintiffs' claims are coincident with, and not antagonistic to,

those of the other Class Members they seek to represent.  Plaintiffs have no disabling conflicts with Class Members and will fairly and adequately represent the interests of Class Members.

46.     The elements of Rule 23(b)(2) are met.  Samsung will continue to commit the violations alleged and the Class Members and the general public will continue to remain at an unreasonable and serious property and other damages risk as a result of the Defects.  Samsung has refused to act on grounds that apply generally to Class Members so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Classes as a whole.

47.     The elements of Rule 23(b)(3) are met.  Here, the common questions of law and fact enumerated above predominate over the questions affecting only the individual Class Members and a class action is the superior method for fair and efficient adjudication of the controversy.  Although many other Class Members have claims against Samsung, the likelihood that individual Class Members will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.  Serial adjudication in numerous venues is not efficient, timely, or proper.  Judicial resources would be unnecessarily depleted by prosecution of individual claims.  Joinder on an individual basis of thousands of claimants in one suit would be impracticable or impossible. Individualized rulings and judgments could result in inconsistent relief for similarly-situated plaintiffs.  Plaintiffs' counsel, highly experienced in class action litigation, foresee little difficulty in the management of this case as a class action.

## TOLLING AND ESTOPPEL OF STATUTES OF LIMITATIONS

48.     The claims alleged herein accrued upon discovery of the defective nature of the Class Refrigerators.  Because the Defects alleged herein were not disclosed by Samsung and because Samsung took steps to either conceal or fail to disclose the true character, nature, and

quality of the Class Refrigerators, Plaintiffs and Class Members did not discover and could not have reasonably discovered the Defects through reasonable and diligent investigation.

49.     Any applicable statutes of limitations have been tolled by Samsung's knowledge and actual misrepresentations and/or concealment and denial of the facts as alleged herein, which concealment is ongoing.  Plaintiffs and Class Members could not have reasonably discovered the true defective nature of their Class Refrigerators until such time as the Defects manifested by failing in the ways described herein.  As a result of Samsung's active concealment of the Defects and/or failure to inform Plaintiffs and Class Members of the Defects, any and all statutes of limitations otherwise applicable to the allegations herein have been tolled.

50.     Alternatively, the facts alleged above give rise to estoppel.  Samsung has actively concealed the defective nature of the Class Refrigerators.  Samsung was and is under a continuous duty to disclose to Plaintiffs and Class Members the true character, quality, and nature of the Class Refrigerators and particularly that they posed a severe risk of property and other damages.  At all relevant times and continuing to this day, Samsung knowingly, affirmatively, and actively misrepresented and concealed the true character, quality, and nature of the Class Refrigerators. Given Samsung's failure to disclose this non-public information about the defective nature of the Class Refrigerators—information over which it had exclusive control—and because Plaintiffs and Class Members could not reasonably have known that the Class Refrigerators were thereby defective, Plaintiffs and Class Members reasonably relied on Samsung's affirmative and/or ongoing concealment. Based on the foregoing, Samsung is estopped from prevailing on any statute of limitations defense in this action.

51.     Additionally, Samsung is estopped from raising any defense of laches due to its own unclean hands as alleged herein.

**CLAIMS FOR RELIEF**

**COUNT I**
**UNJUST ENRICHMENT**
**(PLAINITFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL CLASS AND,**
**ALTERNATIVELY, THE VIRGINIA CLASS)**

52.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

53.     As described above, Samsung sold Class Refrigerators to Plaintiffs and Class Members even though those refrigerators and their ice makers were defective.  Samsung failed to disclose the Defects at the point of sale or otherwise.

54.     Samsung unjustly charges Plaintiffs and Class Members for repairs and/or replacement of the defective Class Refrigerators without disclosing that the Defects are widespread and repairs do not address the root causes of the Defects.

55.     Samsung unjustly refuses to repair or recall the Class Refrigerators in spite of the Defects that it has long known about and, instead, has (at most) made suggestions in TSB 2015 for consumers to repair the Defects at their own cost and by their own hand even when Samsung knows that their suggested "fixes" are totally ineffective.

56.     As a result of its acts and omissions related to the Defects, Samsung obtained monies that rightfully belong to Plaintiffs and Class Members.

57.     Samsung appreciated, accepted, and retained the non-gratuitous benefits conferred by Plaintiffs and Class Members who, without the knowledge of the Defects, paid a higher price for their Class Refrigerators than those refrigerators were worth.  Samsung also received monies for those refrigerators that Plaintiffs and Class Members would not have otherwise purchased.

58.     Samsung's retention of these wrongfully-acquired profits violates fundamental principles of justice, equity, and good conscience.

25

59.     Plaintiffs and Class Members seek restitution from Samsung and an order proportionally disgorging all profits, benefits, and compensation obtained by Samsung from its wrongful conduct, and establishment of a constructive trust from which Plaintiffs and Class Members may seek restitution.

## COUNT II

## BREACH OF IMPLIED WARRANTY
## (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL CLASS)

60.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

61.     The implied warranty of merchantability included with the sale of each Class Refrigerator means that Samsung warranted that the Class Refrigerators including their ice makers would be merchantable, fit for their ordinary purposes for which refrigerators with built-in ice makers are used, pass without objection in the trade, be of fair and average quality, and conform to promises and affirmations of fact made on the container and label.  This implied warranty of merchantability is part of the basis for the benefit of the bargain between Samsung and Plaintiffs and Class Members.

62.     At the time of delivery, however, Samsung breached the implied warranty of merchantability because its Class Refrigerators were defective as alleged herein, would not pass without objection, were not fit for normal use in a residential setting, and failed to conform to the standard of like products in the trade.

63.     Within a reasonable amount of time after the Defects manifested in Plaintiffs' and Class Members' Class Refrigerators,  Samsung received notice of its breach of implied warranty by virtue of its knowledge of the Defects.  Samsung knew or, in the exercise of reasonable care,

should have known that the Class Refrigerators were defective prior to sale of these refrigerators to Plaintiffs and Class Members.

64.     Any implied warranty limitation cannot be enforced here because it is unconscionable.  A substantial disparity in the parties' relative bargaining power existed such that Plaintiffs and Class Members were unable to derive a substantial benefit from their warranties.  A disparity existed because Samsung was aware that its Class Refrigerators were inherently defective; Plaintiffs and the Class had no notice or ability to detect the problem; Samsung knew that Plaintiffs and the Class had no notice or ability to detect the problem; and Samsung knew that Plaintiffs and Class Members would bear the cost of correcting any defect.  In this case, the disparity was increased by Samsung's knowledge that failure to disclose that the Defects would substantially limit the Class Refrigerator's use and could cause it to fail altogether.

65.     The element of privity, if applicable here, exists because Samsung had direct written communications with Plaintiffs and Class Members regarding their Class Refrigerators in the form or warranty forms, manuals, registration cards, communications regarding defect failures, or similar documents.  Samsung advertised the Class Refrigerators via direct communications with Plaintiffs and Class Members through television, internet, and magazine advertisements and the like.  The dealers who sold the Class Refrigerators to Plaintiffs and Class Members are Samsung's agents.  Samsung entered into contracts with Plaintiffs and Class Members through warranties, including extended warranties; and Plaintiffs and Class Members are third-party beneficiaries of warranties that ran from Samsung to their dealer-agents.  Further, Samsung designed and manufactured the Class Refrigerators, intending Plaintiffs and Class Members to be the ultimate users of these appliances.

66.     As a direct and proximate result of Samsung's breach of its implied warranties, Plaintiffs and Class Members purchased defective products which could not be used for their intended use in, among other things, accessing ice from their Class Refrigerators in a residential setting, and thus have been damaged.  Plaintiffs and Class Members seek damages in an amount to be determined at trial.

## COUNT III

## INJUNCTIVE AND DECLARATORY RELIEF
## (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL
## CLASS)

67.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

68.     There is a controversy between Samsung and Plaintiffs and other Class Members concerning the existence of the Defects in the Class Refrigerators.

69.     Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

70.     Accordingly, Plaintiffs and Class Members seek a declaration that these Class Refrigerators have a common defect(s) in their design/manufacture.

71.     Additionally, Plaintiffs and Class Members seek a declaration that this common defect poses a serious risk to consumers and the public.

72.     Samsung designed, manufactured, produced, tested, inspected, marketed, distributed, and sold refrigerators with built-in ice makers which contain material defects as described herein.  Based upon information and belief, Samsung continues to design, manufacture, produce, test, inspect, market, distribute, and sell refrigerators with built-in ice makers which contain the serious defects as described herein.

73.     Based upon information and belief, Samsung has taken no corrective action concerning the Defects described herein.  While Samsung issued the TSB 2015, that bulletin was not sent to consumers (at least not to the Plaintiffs). The bulletin had to be located by Plaintiffs on the internet and the recommended solutions failed to correct the Defects.  Further, all defect repairs suggested in Samsung's bulletins were to be paid for and handled by the consumers.  Samsung has failed to issue a recall or institute any action to remedy the Defects.  In fact, the replacement ice maker that Plaintiffs purchased on their own for their Class Refrigerator is the same as the original ice maker and the replacement failed to alleviate any of the damages described herein.

74.     Plaintiffs and the Class have suffered actual damages related to the Defects described herein.  Samsung should be required to take corrective action to prevent further failures caused by the Defects including (a) summoning a nationwide recall of the Class Refrigerators, (b) issuing warnings and/or notices to the consumer and the Classes concerning the Defects, and (c) immediately discontinuing the manufacture, production, marketing, distribution, and sale of the defective Class Refrigerators described in this Complaint.

## COUNT IV

## STRICT LIABILITY – DESIGN DEFECT
## (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL CLASS AND, ALTERNATIVELY, THE VIRGINIA CLASS)

75.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

76.     Samsung is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling kitchen essentials and appliances and did design, manufacture, distribute, advertise, market, promote, and/or sell the Class Refrigerators described herein.

77.     Samsung's Class Refrigerators were expected to and did reach Plaintiffs and Class Members without substantial change in the condition in which they were manufactured, sold, and distributed.

78.     The Class Refrigerators were in a defective condition when they left Samsung's possession or control in that, under normal conditions, usage, and applications, they could not withstand the use for which they were intended.

79.     Plaintiffs and Class Members used the Class Refrigerators in a manner reasonably intended by Samsung.

80.     The Class Refrigerators are defective because they are not fit for ordinary and intended use;  Samsung failed to provide Plaintiffs and Class Members, either directly or indirectly, with adequate and sufficient warnings regarding the known and foreseeable failure risks inherent in and related to the ice makers;  the Class Refrigerators contained material design defects and were not reasonably fit for their intended use due to such defects; the design, methods of manufacture and testing of the Class Refrigerators did not conform to generally-recognized and prevailing standards or state of the art in existence at the time the design was made and when the Class Refrigerators were manufactured;  and at the time the Class Refrigerators left Samsung's control, the foreseeable risks associated with their design exceeded the benefits associated with the design.

81.     Plaintiffs and Class Members have suffered property damage and other incidental and consequential damages as a direct and proximate result of the Defects.

82.     Samsung acted with malice, oppression and/or fraud, and in conscious and flagrant disregard to the rights of their consumers by manufacturing and selling the Class Refrigerators known to be defective.  As alleged, Samsung knew or should have known that the Defects would

cause their refrigerators' ice makers to fail and to damage other property.  Samsung knew or was repeatedly informed of the serious defects, yet failed to take any remedial action and instead continued to sell these defective products.  Given Samsung's conscious disregard for the rights of the public, Plaintiffs and Class Members seek exemplary or punitive damages.

## COUNT V

## STRICT LIABILITY – FAILURE TO WARN
## (PLAINITFFS INDIVIDUALLY AND ON BEHALF OF THE VIRGINIA CLASS)

83.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

84.     The Class Refrigerators were designed, manufactured, and sold by Samsung in the regular course of business and were expected to reach Plaintiffs and Class Members without substantial change in the condition in which they were manufactured, sold, or distributed.

85.     The Class Refrigerators were in a defective condition when they left Samsung's possession or control because under normal conditions, usage, and applications, they would withstand the use for which they were intended, including but not limited to the fact that the ice makers would fail.

86.     Samsung had no reason to believe that consumers of its Class Refrigerators would be aware of the foreseeable harm/failure associated with the refrigerators' use.

87.     Prior to and after selling the Class Refrigerators to Plaintiffs and Class Members, Samsung had a legal duty to warn about the Defects in these appliances and the problems the Defects posed.

88.     Prior to and after distributing the Class Refrigerators to Plaintiffs and Class Members, Samsung and their agents who sold or serviced the refrigerators failed to warn Plaintiffs and Class Members of the Defects.

89.     As a direct and proximate result of Samsung's failure to warn of the defective condition and design of the Class Refrigerators, Plaintiffs and Class Members suffered property damage and other incidental and consequential damages.

90.     Samsung acted with malice, oppression and/or fraud, and in conscious and flagrant disregard to the rights of their consumers by manufacturing and selling refrigerators with built-in ice makers known to be defective.  As alleged, Samsung knew or should have known that the Defects would cause the Class Refrigerators to fail and could damage other property.  Samsung knew or was repeatedly informed of the serious defects, yet failed to take any remedial action and instead continued to sell these defective products.  Given Samsung's conscious disregard for the rights of the public, Plaintiffs and Class Members seek exemplary or punitive damages.

## COUNT VI

### FRAUDULENT CONCEALMENT
### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE VIRGINIA CLASS)

91.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

92.     Samsung concealed material facts from Plaintiffs, Class Members, and the public generally.  Samsung knew that its Class Refrigerators contained the Defects and concealed those facts such that consumers had no such knowledge.

93.     Samsung had a duty to disclose the Defects to Plaintiffs and Class Members, but it failed to do so.

94.     Samsung also knew that Plaintiffs and Class Members had no knowledge that the Class Refrigerators were defective and that they—the consumers of the Class Refrigerators— did not have an equal opportunity to discover those facts.  Samsung was in a superior position than Plaintiffs and Class Members.

95.     Plaintiffs and Class Members would not have purchased their Class Refrigerators had they known that the refrigerators were defective or Plaintiffs and Class Members would not have paid as much as they did.  Samsung benefited from the sales of the Class Refrigerators as a result of its nondisclosure.

96.     When Class Members experienced problems with their Class Refrigerators and contacted Samsung to make warranty claims, they were often ignored.  For other Class Members, Samsung routinely charged them a fee to inspect the ice makers or otherwise determined—without inspection—that it would not cover the cost of repair or replacement.  Alternatively, Samsung failed to honor its warranties with Plaintiffs and Class Members concerning the Defects because it did not offer consumers who experienced failures with their external dispenser built-in-door ice makers the necessary repair or replacement costs.

97.     As a direct and proximate result of Samsung's conduct, Plaintiffs and Class Members have suffered damages.

98.     Samsung's conduct was knowing, intentional, malicious, demonstrated a complete lack of care, and was carried out in reckless disregard of the rights of Plaintiffs and Class Members such that punitive damages are appropriate.

## COUNT VIII

### VIOLATIONS OF THE VIRGINIA CONSUMER PROTECTION ACT (VA. CODE ANN. §§ 59.1-196, *et seq.*) (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE VIRGINIA CLASS)

99.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

100.    Samsung, Plaintiffs, and Class Members are "persons" within the meaning of Va. Code § 59.1-198.

101.    Samsung is a "supplier" within the meaning of Va. Code § 59.1-198.

102.    The Virginia Consumer Protection Act ("Virginia CPA") makes unlawful "fraudulent acts or practices".  Va. Code § 59.1-200(A).

103.    In the course of Samsung's business, it intentionally or negligently concealed and suppressed material facts concerning the existence of the Defects in the Class Refrigerators.

104.    Samsung violated the Virginia CPA, at a minimum, by: (1) misrepresenting the source, sponsorship, approval, or certification of goods or services; (2) misrepresenting that goods or services have certain qualities, characteristics, ingredients, uses, or benefits; (3) misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; (4) advertising goods or services with intent not to sell them as advertised; and (5) using any other deception, fraud, false pretense, false promise, or misrepresentation with a consumer transaction.  Va. Code § 59.1-200(A).

105.    Samsung engaged in misleading, false, unfair, or deceptive acts or practices that violated the Virginia CPA by installing defective ice makers and other refrigerator/freezer components in the Class Refrigerators and by failing to disclose and/or actively concealing the Defects.

106.    Samsung intentionally and knowingly misrepresented material facts regarding Class Refrigerators with intent to mislead Plaintiffs and the Class Members.

107.    Samsung compounded the deception by putting out technical service bulletins (TSB 2015) that put the onus of repairs on Plaintiffs and Class Members for the Defects that existed at the time of manufacture and distribution.

108.    Samsung knew or should have known that its conduct violated the Virginia CPA.

109.    Plaintiffs and Class Members suffered ascertainable loss and actual damages as a direct and proximate result of Samsung's misrepresentations and its concealment of and failure to disclose material information.  Plaintiffs and Class Members who purchased and/or leased the Class Refrigerators would not have purchased them at all and/or—if the Class Refrigerators' true nature had been disclosed and mitigated—would have paid significantly less for them.  Plaintiffs and Class Members also suffered diminished value of their Class Refrigerators as well as lost or diminished use.

110.    Samsung had an ongoing duty to all Samsung customers to refrain from unfair and deceptive practices under the Virginia CPA in the course of its business.

111.    Samsung's violations present a continuing risk to Plaintiffs as well as the general public.  Samsung's unlawful acts and practices complained of herein affect the public interest.

112.    Pursuant to Va. Code § 59.1-204(A)-(B), Plaintiffs and the Class Members are entitled to the greater of actual damages or $500 for each Virginia class member, attorneys' fees, and costs.  Because Samsung's actions were willful, Plaintiffs and the Class Members should each receive the greater of treble damages or $1,000. *Id.*

### COUNT IX

### VIOLATIONS OF VIRGINIA'S IMPLIED WARRANTY OF MERCHANTABILITY (VA. CODE §§ 8.2A-212) (PLAINTIFFS INDVIDUALLY AND ON BEHALF OF THE VIRGINIA CLASS)

113.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

114.    Samsung is and was at all relevant times a "merchant" with respect to home appliances including Class Refrigerators under Va. Code § 8.2-104(1) and 8.2A-103(1(t) and a "seller" of home appliances including Class Refrigerators under § 8.2-103(1(d).

115.    With respect to leases, Samsung is and was at all relevant times a "lessor" of home appliances including Class Refrigerators under Va. Code § 8.2A-103(1)(p).

116.    The Class Refrigerators are and were at all times "goods" within the meaning of Va. Code §§ 8.2-105(1) and 8.2A-103(1)(h).

117.    A warranty that the Class Refrigerators were in merchantable condition and fit for the ordinary purpose for which refrigerator/freezers with built-in ice makers are used is implied by law pursuant to Va. Code §§ 8.2-314 and 8.2A-212.

118.    The Class Refrigerators, when sold or leased and at all time thereafter, were not in merchantable condition and not fit for the ordinary purpose for which refrigerator/freezers with built-in ice makers are used.  Specifically, the Class Refrigerators are inherently defective and were not adequately designed, manufactured, and tested.

119.    Samsung was provided notice of the Defects through individual complaints filed by consumers against them directly or via their authorized agents.

120.    As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and the other Class Members have been damaged in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

121.    Wherefore, Plaintiffs request that the Court enter a judgment awarding the following relief:

A.  An order certifying the proposed National and Virginia Classes;

B.  An order awarding Plaintiffs and Class Members their actual damages, punitive damages, and/or any other monetary relief provided by law;

C.  An order awarding Plaintiffs and Class Members restitution, disgorgement, or other equitable relief as the Court deems proper;

D.  An order requiring Samsung to adequately disclose and repair or replace the defective Class Refrigerators;

E.  An order (a) issuing a nationwide recall of the Class Refrigerators; (b) issuing warnings and/or notices to consumers and Class Members concerning the Defects; and (c) immediately discontinuing the manufacture, production, marketing, distribution, and sale of the defective refrigerator/freezers described in this Complaint;

F.  An order awarding Plaintiffs and Class Members pre-judgment and post-judgment interest as allowed by law;

G.  And order awarding Plaintiffs and Class Members reasonable attorneys' fees and costs of suit, including expert witness fees; and

H.  An order awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues so triable under the law.

Dated: February 23, 2017          **SIMMONS HANLY CONROY LLC**

                                  */s/ Mitchell M. Breit*
                                  Mitchell M. Breit
                                  Paul J. Hanly, Jr. (*pro hac vice* to be submitted)

**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, New York 10016-7416
Telephone: (212) 784-6400
Facsimile:  (212) 213-5949
mbreit@simmonsfirm.com
phanly@simmonsfirm.com

/s/ Jonathan Shub
Jonathan Shub (*pro hac vice* to be submitted)
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Telephone:  (215) 238-1700
Facsimile:  (215) 238-1868
jshub@kohnswift.com

Gregory F. Coleman (*pro hac vice* to
be submitted)
Mark E. Silvey  (*pro hac vice* to be
submitted)
Adam A. Edwards (*pro hac vice* to
be submitted)
Lisa A. White (*pro hac vice* to be
submitted)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone:  (865) 247-0080
Facsimile:  (865) 533-0049
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com
adam@gregcolemanlaw.com
lisa@gregcolemanlaw.com

*Attorneys for Plaintiffs and Putative Class
Members*