Mitchell M. Breit
Paul J. Hanly Jr. (*pro hac vice* to be submitted)
SIMMONS HANLY CONROY LLC
112 Madison Avenue, 7th Floor
New York, New York 10016-7416
Telephone: (212) 784-6400
Facsimile:  (212) 213-5949
mbreit@simmonsfirm.com
phanly@simmonsfirm.com

Jonathan Shub
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Telephone:  (215) 238-1700
Facsimile  (215) 238-1868

*Additional Counsel Listed on Signature Page*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD BIANCHI AND DEBRA BIANCHI, MADELINE MARINO AND RICHARD BISHOP, MARIE CASTELO AND FRANCISCO CASTELO, JOHN MAHONEY AND LAURA MAHONEY, RON CECCONI AND PATRICIA CECCONI AND EDA KAUFFMAN AND ROGER ROSENGARTEN, On behalf of themselves and all others similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 2:17-cv-01263-CCC-MF<br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL** |

## FIRST AMENEDED CLASS ACTION COMPLAINT

Ronald Bianchi and Debra Bianchi, Madeline Marino and Richard Bishop, Marie Castelo

and Francisco Castelo, John Mahoney and Laura Mahoney, Ron Cecconi and Patricia Cecconi,

1

and Eda Kauffman and Roger Rosengarten (together, "Plaintiffs") on behalf of themselves and all others similarly situated (the "Class" or "Class Members"), by and through counsel, bring this action against Defendant Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC"). Defendants are collectively known as "Samsung." Plaintiffs' allegations are based upon personal knowledge as to their own acts and experiences, the investigation of counsel, and upon information and belief as to all other matters.

## IDENTIFICATION OF PARTIES
### (Local Rule 10.1)

1.     The names and addresses of the parties to this action are (a) Ronald Bianchi and spouse Debra Bianchi, 5065 South Links Circle, Suffolk, Virginia 23453, (b) Madeline Marino, 4733 Jackfish Street, Bonita Springs, Florida 34134, (c) Richard Bishop, 4733 Jackfish Street, Bonita Springs, Florida 34134, (d) Marie Castelo and spouse Francisco Castelo, 27251 Las Nieves, Mission Viejo, California 92691 (e) John Mahoney and spouse Laura Mahoney, 194 School House Road, Oak Ridge, New Jersey 07438, (f) Ron Cecconi and spouse Patricia Cecconi, 7 Feldspar Drive, Chadds Ford, Pennsylvania 19317, (g) Eda Kauffman and spouse Roger Rosengarten 28 West Nippon Street, Philadelphia, Pennsylvania 19119, (h) Samsung Electronics America, Inc., a corporation of the State of New York, with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07669, and (i) Samsung Electronics Co., Ltd, formed under the laws of the Republic of Korea with a principal place of business locates at 85 Challenger Road, Ridgefield, Park, New Jersey 07669.

## INTRODUCTION

2.     Plaintiffs represent a proposed class of thousands of consumers who owned and used residential refrigerators with French Door External Dispenser built-in-door ice makers (also known as " thru-door" ice makers) (the "Ice Makers") which are set into a "cut-through" in the

2

refrigerator door. The refrigerators, designed and manufactured by Samsung, and sold under the Samsung brand name, include French doors for the upper fresh food compartment and pull-out drawers for the freezer compartments, as well as the external dispenser built-in-door ice makers which are the subject of this lawsuit. These refrigerators (the "Class Refrigerators") are defective in a number of ways, including but not limited to, defects that affect the built-in-door Ice Makers which results in leaking and slush, over-freezing in the ice compartment, water leakage from the ice house to below the refrigerator crisper trays, fan noise from an over-iced compartment, and "freezing up" (collectively "the Defects"). The Defects are identified in a technical service bulletin issued by Samsung on July 17, 2015 ("TSB 2015"). [1] and in a technical service bulletin issued earlier by Samsung on August 18, 2014 ("TSB 2014")[2] The lists of models at issue in both TSB 2015 and TSB 2014 identify the models of the Class Refrigerators; these models are not, however, exhaustive of the Samsung Class Refrigerators and Plaintiffs anticipate amending the definitions of the Defects and the Class Refrigerators following discovery in this litigation.

3.      Samsung's TSB 2015 contains the following list of customer complaints, recommended consumer repairs, and Samsung-identified model numbers, including but not limited to RF23HCEDB, RF23HCEDT, RFH23HSESB, RF23HTEDB, RF23J9011, RF24FSEDB, RF25HMEDB, RF263BEAE, RF263TEAE, RF26J7500, RF28HDEDB, RF28HDEDT, RF28HFEDB, RF28HFEDT, RF28HFPDB, RF30HDEDT, RF31FMEDB, RF31FMESB, RF323TEDB, RF32FMQDB, RF34H9950, RF34H9960, ALL COLORS.

4.      A sample of customer complaints incudes one or more of the following symptoms:

      1.  Ice crystals and water droplets form at the bottom of the ice maker. Slushy Ice

---

[1] Samsung Service Bulletin No. ASC20150717001:  French Door Refrigerators dated July 17, 2015. *See* Exhibit 1.
[2] Samsung Service Bulletin No. ASC20140818002, Refrigerators dated August 18, 2014.  *See* Exhibit 2.

2. Water under the crispers or running down the left side wall due to a gap in the ice room.
3. Fan noise that stops when FF door is opened due to ice in ice room fan duct.
4. The ice bucket is stuck and will not come out (possible clogged drain).

*See* Exhibit 1.

Samsung's prior bulletin TSB 2014 identifies one of the issues/consumer complaints identified in TSB 2015, recommended consumer repairs, and Samsung-identified models numbers, including but not limited to: RF23HCEDBBC/AA, RF28HFEDTBC/AA, RF28HFEDTSR/AA, RF28HFEDTWW/AA, F28HFPDBSR/AA, RF30HBEDBSR/AA,RF30HDEDTSR/AA RF31FMEDBBC/AA, RF31FMEDBSR/AARF31FMEDBWW/AA, RF31FMESBSR/AA, RF 323TEDBBC/AA, RF323TEDBSR/AA, F323TEDBWW/ AA, RF32FMQDBSR/AA, RF32FMQDBXW/AA, RF34H9950S4/AA, RF34H9960S4/AA, RF23HCEDBSR/AA, RF23HCEDBWW/AA, RF24FSEDBSR/AA, RF263BEAEBC/AA, RF263BEAESP/AA, RF263BEAESR/AA, RF263BEAEWW/AA, RF263TEAEBC/AA, RF263TEAESP/AA, RF263TEAESR/AA, RF263TEAEWW/AA, RF28HDEDBSR/AA, RF28HDEDTSR/AA, RF28HFEDBBC/AA, RF28HFEDBSR/AA, RF28HFEDBWW/AA.

5.     TSB 2014 identifies the following consumer complaints:

Symptoms:  Frozen water leaking onto ice room floor, ice forming on the bottom of the ice maker, and water dripping into the fresh food sections TSB 2014 identifies the following model numbers it deemed to be affected by an air gap in the ice maker cavity:

*See* Exhibit 2.

6.     The Defects in the Ice Makers identified in TSB 2015 and TSB 2014 require the consumers' hands-on maintenance and repair, with no offer of repair or replacement from Samsung. When an Ice Maker ices over and ceases to function, continual hands-on maintenance is required; without it, the Ice Maker fails completely and is simply unusable.

4

7.      Not only by virtue of the Samsung technical service bulletins referenced above, but also by virtue of numerous consumer complaints, Samsung has known of the Defects in the Class Refrigerators for years and has taken no action to repair or replace the defective Ice Makers or the Class Refrigerators.  A large number of consumer complaints regarding the Defects continue to this day.

8.      Samsung's conduct violates well-established contract, tort, and consumer protection laws of Virginia, Florida, California, New Jersey, Pennsylvania and other states.

9.      Plaintiffs bring this suit on behalf of themselves and other similarly-situated consumers.  They seek damages and appropriate equitable relief, including an order enjoining Samsung from selling refrigerators with these defective Ice Makers.

## PARTIES

10.      Plaintiffs Ronald Bianchi and spouse Debra Bianchi are citizens and residents of Suffolk, Commonwealth of Virginia.

11.      Plaintiffs Madeline Marino and partner Richard Bishop are citizens and residents of Bonita Springs, Lee County, Florida.

12.      Plaintiffs Marie Castelo and spouse Francisco Castelo are citizens and residents of Mission Viejo, Orange County, California.

13.      Plaintiffs John Mahoney and spouse Laura Mahoney are citizen sand residents of Oak Ridge, Passaic County, New Jersey.

14.      Plaintiffs Ron Cecconi and spouse Patricia Cecconi are citizens and residents of Chadds Ford, Delaware County, Pennsylvania.

15.      Plaintiffs Eda Kauffman and spouse James Rosengarten are citizens and residents of Philadelphia, Commonwealth of Pennsylvania.

16.     Defendant SEA is a New York corporation that maintains its principal place of business at 85 Challenger Road, Ridgefield Park Bergen County, New Jersey 07669.

17.     Defendant SEC is a corporation formed under the laws of the Republic of Korea and conducts substantial business at the SEA headquarters at 85 Challenger Road, Ridgefield Park, Bergen County, New Jersey 07669.

## JURISIDICTION AND VENUE

18.     This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) at least one member of the proposed class is a citizen of a state different from Samsung, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (c) the proposed class consists of more than 100 members, and (d) none of the exceptions under this subsection apply to this action.

19.     The Court has personal jurisdiction over the parties because Defendants each conduct substantial business in New Jersey, have had systematic and continuous contacts with New Jersey, and have agents and representatives in New Jersey.

20.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in and emanated out of this District.  Defendants' conduct has injured putative Class Members in this District. Defendant SEA transacts business and maintains a principal place of business within this District.  Accordingly, this Court has jurisdiction over this action and venue is proper in this Judicial District.

21.     The Federal Courthouse located in Newark, New Jersey is the proper vicinage for this matter because SEA has its principal place of business in Ridgefield Park, New Jersey.

## PLAINTIFFS' EXPERIENCES

**Ronald and Debra Bianchi**

22.     On September 29, 2014, Ronald and Debra Bianchi, who reside in Suffolk, Virginia, purchased a new Samsung 22.5 cu. foot French Door Refrigerator with an external built-in ice maker online from a Home Depot in Fairfax, Virginia at a purchase price of $2,536.66.  The model number of the refrigerator is RF23HCEDBWW/AA and serial number is 065X43AF800007R.

23.     Below is a web shot, of the 2014 specifications sheet for the Bianchi refrigerator (page 1).  The complete specifications sheet is attached as Exhibit 3.

# RF23HCEDBSR

22.5 cu. ft. Counter-Depth French Door Refrigerator with Cool Select Pantry™

## Features

- 3-Door Counter-Depth Design
- Large Capacity – 22.5 cu. ft.
- Twin Cooling Plus™
- ENERGY STAR® Compliant
- Ice Master Ice Maker in the Refrigerator
- CoolSelect Pantry™ with Temperature Control
- Premium External Filtered Water and Ice Dispenser
- High-Efficiency Top and Side LED Lighting
- EZ-Open Handle™ on Freezer Door
- Adjustable Shelf for Tall Oversized Items
- Two Humidity-Controlled Crispers
- Tempered Glass Spill-Proof Shelves
- Auto Pull-Out Upper Freezer Drawer
- Easy-to-Access Water Filter

## Convenience

- Cool Tight Door
- Door Alarm
- Water Filter Indicator



**ENERGY STAR® Rated:**
699 kWh/yr





Ice Master



CoolSelect Pantry™ with Temperature Control

### Available Colors

 Stainless Steel     White     Black

## Signature Features

### SLEEK, BUILT-IN LOOK

- Stylish, counter-depth design allows for more work space in the kitchen.
- Sleek, built-in look enhances overall kitchen design.

### TWIN COOLING PLUS®

- Keeps food fresher longer – Twin Cooling Plus humidity levels up to 3.6x higher than single cooling.
- Refrigerator air is kept at higher, near commercial grade humidity levels to keep perishable fruits and vegetables fresher longer.
- Drier freezer air means less freezer burn for better-tasting frozen foods.

### ICE MASTER

- Our Ice Master makes 5.2 lbs. of ice per day with storage for nearly 2.7 lbs.
- Space-saving design leaves more room in the refrigerator.

### COOL SELECT PANTRY™

- Provides additional temperature control for your food storage needs with Deli, Fresh and Chilled options.

Ranked "Highest in customer satisfaction with French Door refrigerators, in a tie." *
– J.D. Power

**SAMSUNG**

Bianchi Class Refrigerator.

http://pdf.lowes.com/dimensionsguides/887276966106_meas.pdf; website last visited on

February 17, 2017.

24.     During the week prior to the Bianchis' purchase of their Samsung French Door External Dispenser Refrigerator, Ronald Bianchi did extensive internet research to find a refrigerator that would not only be of high quality, but also fit properly in the Bianchis' kitchen counter area.  His research revealed that an LG model and the Samsung refrigerator at issue were the top two high-end refrigerators with the highest survey ratings and that also met the Bianchis' kitchen counter spacing requirements.  Another selling point for the Bianchis, discovered online at the time of Mr. Bianchi's research, was Samsung's marketing touting that the ice maker in their 22.5 cubic foot Samsung French Door External Dispenser refrigerator "Ice Master" ice maker would make up to 5.2 pounds of ice per day. *See* http://pdf.lowes.com/dimensionsguides/87276966106_meas.pdf; website last visited on February 17, 2017.

25.     In addition, the Bianchis spoke with a sales person at Home Depot where they made the purchase who likewise recommended both the LG and Samsung models that Mr. Bianchi had identified in his internet research.

26.     The Bianchis chose to purchase the Samsung model because it was on sale at Home Depot at what Plaintiffs believed was a substantial savings.  Had they known of the Defects, however, the Bianchis would have chosen the LG brand unit that online descriptions and reviews indicated to be a quality choice, and that also fit their kitchen spacing needs.

27.     Below is a photograph of the Samsung French Door Refrigerator the Bianchis purchased.



28.     On July 17, 2015, Samsung published TSB 2015 regarding the Defects, which includes ones specific to the Bianchis' refrigerator - defects with the ice room, ice maker, and fan in the ice room.  The Bianchis were never notified of the bulletin by Samsung or any of its agents. The Bianchis' refrigerator was still under the one-year manufacturer warranty at this time.

29.     In January of 2016, not long after the refrigerator/ice-maker's one-year warranty expired, the Bianchis' ice maker began experiencing water buildup in the exit chute within the door of the refrigerator where the ice maker is located; water would leak into the ice access area in the refrigerator door, filling the reservoir at the base of the cutout in the door. Following this,

the Bianchis' ice maker fan began to emit loud, jarring noises.  These defects are the same as those listed in TSB 2015.

30.     On or about January 28, 2016 Mr. Bianchi made a call for service.  A technician with Virginia Electronics inspected the ice maker in February of 2016 (the noise had stopped by this time) who reported that the fan was frozen shut and that the noise was caused by the fan hitting the over-iced ice maker.  He then showed Mr. Bianchi how to defrost the ice maker, loosen the ice for removal, take out screws, and the technique for removing the ice maker along with its "auger motor."  With the ice make and auger motor set aside to defrost, the technician then showed Mr. Bianchi how to defrost the ice buildup inside the ice hose/drain using a hair dryer or space heater. The technician further reported that the ice maker was defective and un-fixable.  The bill for the service call was $125.00.

31.     On April 8, 2016, Mr. Bianchi contacted Samsung via e-mail and informed them of the ice-maker failure, water collection in the refrigerator, and requesting a refund.  Samsung replied by e-mail on April 11, 2016 stating that they had received his correspondence.  On April 21, 2016, Mr. Bianchi again contacted Samsung requesting a response to his previous request and Samsung did not respond.

32.     Despite the defrosting procedure done by the Virginia Electronics technician in February of 2016, the Bianchi's ice maker continued to ice over and not function.  Mr. Bianchi found further information on-line TSB 2015 for potential fixes. In keeping with what the technician advised, and also with these additional recommendations in TSB 2015, Mr. Bianchi continued to defrost and dry the ice maker and ice house once every week or two to clear out slush and ice overflow buildup.

33.     In addition, Mr. Bianchi sealed the ice floor room and liner with epoxy, as advised by a technician from "Geek Squad," in an effort to prevent further leaking from the ice-maker.

34.     In February of 2016, the Bianchis' refrigerator experienced ice water dripping into the area below the refrigerator deli trays/crispers.  On April 24, 2016, after finding a blog online that addressed the leaking. Mr. Bianchi ordered a field repair kit from Sears at a cost of $43.87 and when it arrived, attempted to make the field kit repairs.  *See* blog repair recommendations at http://www.theinvisibleblog.com/2016/08/fixing-samsung-ice-maker.html; website last visited on February 17, 2017.  During the twelve weeks from the initial water leaks under until repair, the collected water required daily, and sometimes twice daily, water cleanup.

35.     On April 26, 2016, Mr. Bianchi also ordered a new ice maker— the same model of slide-in ice maker as the one originally installed.  The replacement ice maker was purchased at Sears and cost $141.94.  Below are two photographs of the replacement ice maker.  Mr. Bianchi installed the replacement ice maker once it arrived.  The ice maker continued to have the same problems, which continue to this day.

36.     Below are photos of the replaced ice maker.





37.     In November of 2016, after even more research on how to fix the new ice maker, Mr. Bianchi ordered and replaced the main circuit board.  The new part was ordered from AppliancePartPros.com in Louisville, Kentucky at a cost of $124.02.  The new circuit board did not resolve any of the problems identified herein or otherwise.

38.     The ice maker continues to require hair-dryer heating to remove the ice maker and auger motor and manual defrosting of ice buildup every one to two weeks.  The process requires defrosting and removing the ice maker and auger motor, defrosting the ice build-up in ice house, and defrosting the refrigerator for approximately 25 minutes, an operation takes two to three hours. In approximately December of 2016, the Bianchis turned off their ice maker and started purchasing

10-pound bags of ice for home use rather than continue with expenditures and labor in a futile effort to repair their defective ice maker.

39.     Eager to have the ice maker working again, in approximately April of 2017, Ronald Bianchi turned the Bianchi ice maker back on and the icing over problem continued.  He tried adding insulation above ice house fan, around the coil and the icing over continues, even with the ice maker on.  Mr. Bianchi is continuing to do the "disassemble-and-defrost-the-ice-maker-procedure" every two weeks.  As a result of the continual defrosting with a hair dryer, plastic has conformed to the ice house walls and part of the fan and auger motor assembly have been damaged by dimpling and melting.

**Madeline Marino and Richard Bishop**

40.     On May 19, 2015, Madeline Marino and Richard Bishop, who reside in Bonita Springs, Florida, purchased a new Samsung French Door Refrigerator with an external built-in ice maker from online Home Depot in Bonita Springs, Florida at a purchase price of $2,965.03.  The model number of the refrigerator is RF30HBEDBSR/AA and serial number is O6P43BFC000069A.  This model refrigerator is one listed in TSB 2014, though neither Ms. Marino nor Mr. Bishop were made aware of that by Samsung or anyone on Samsung's behalf. Below is a photograph of the Plaintiffs' Class Refrigerator.



41.     Ms. Marino and Mr. .Bishop were in the market for a new and bigger refrigerator when remodeling their home.  They had previously purchased two Samsung refrigerators and had been satisfied with them.  After searching online at features and options of Samsung refrigerators, they chose a Samsung model that promoted features that they were looking for, including the ease

of accessing ice and water from outside door of the refrigerator.  Below is a screen shot of an exemplar online advertisement that includes Samsung's product overview, including the ice maker, for Ms. Marino's and Mr. Bishop's Class Refrigerator.



Marino & Bishop Class Refrigerator.

*See* http://www.searsoutlet.com/d/product_details.jsp?pid=132442&mode=seeAll&sid=IDx2011

0411x000008&scid=scplp31751223&sc_intid=31751223&gclid=Cj0KEQjw9r7JBRCj37PlltTsk

aMBEiQAKTzTfByKqw999lV8qegX5T54pV9vqTN74iwAcwyWFZZBsyEaAoEO8P8HAQ;

website last accessed on May 31, 2017.

42.     In January of 2017, the ice maker began producing and leaking water rather than

producing ice.  In addition, there was ice buildup in the ice maker and slushy ice.  Ms. Marino

contacted Samsung, but because the refrigerator was out of warranty, she was told by Samsung

that any service would be at her expense. Ms. Marino enlisted a refrigerator technician with First

Rate Appliance Repair & Installation to inspect and service the ice maker.  On January 28, 2017,

the technician diagnosed the defect as an air gap issue in the ice cavity and problems identified in

TSB 2015 and TSB 2014.  The technician defrosted the ice maker cavity, replaced the auger motor

and fan assembly, and added epoxy to try to fix the air gap.  Plaintiffs paid $414.42 for that service.

Below is a photograph of Plaintiffs' ice-over Ice Maker.



43.     Within one week, the same problems returned and continue to this day. Ms. Marino

contacted Samsung requesting reimbursement for the repairs and for replacement costs of the

refrigerator since the Defects were the subject of Samsung technical service bulletins.  She was

told by the Samsung customer service representative that he/she had no such knowledge of any

technical service bulletins.  Samsung declined to reimburse Ms. Marino and Mr. Bishop for the failed repairs made to the Ice Maker or for replacement costs of their Class Refrigerator.

**Marie Castelo and Francisco Castelo**

44.    On or about April 22, 2015, Marie Castelo and spouse Francisco Castelo, who reside in Mission Viejo, Orange County, California purchased a Samsung French Door Refrigerator from Pacific Sales Kitchen & Home/Best Buy located in a Best Buy retailer in Mission Viejo, California at a purchase price of $1.998.98. The model number is RF28HFEDBSR/AA and serial number is 065K43BG300668R.  Below is a photograph of the Castelo refrigerator with the external ice maker.



45.   The Castelos needed a new refrigerator because theirs was no longer working. They started looking into refrigerators by researching online, where they found the Samsung model they ended up purchasing. The Castelos were excited about the easy-access door ice maker feature which they had not had before.  In addition, they spent a great deal of time discussing with the sales people at Pacific Sales Kitchen & Home/Best Buy what were the most reliable and highly-

promoted refrigerators, and their Samsung model came highly recommended.  The sales people further extolled Samsung's great reputation, but the Castelos were never told, nor did they see in their online search, any indication of a technical service bulletin for the external ice makers that had already been issued by Samsung in August of 2014.  *See* Exhibit 2.  Below is a screen shot of an exemplar online advertisement that includes Samsung's product overview, including the Ice Maker, for the Castelos' Class Refrigerator.



Castelo Class Refrigerator.

See  http://www.sears.com/samsung-28-cu-ft-french-door-refrigerator-stainless-steel/p-04682093

000P?sellerId=SEARS&prdNo=1&blockNo=1&blockType=G1&sid=isx20140327xnonbrand&s

id=isx20140327xdsa&psid=601x23115&knshCrid=195316583679&k_clickID=df3b548a-a72a-

4522-bfb2-68f0dfef8914&gclid=Cj0KEQjw9r7JBRCj37PlltTskaMBEiQAKTzTfOvspjc

PHDuWZaqsjyxkErInJh6Q4hpxAkfq8-9zyWEaAiXx8P8HAQ; website last accessed on May 29,

2017.

46.     In August of 2016, not long after the one-year limited warranty expired, the

Castelos' ice maker began icing over and producing ice until the ice maker would freeze up.  Ms.

Castelo searched online forums and found that many consumers of Samsung refrigerators were

having the same ice maker issues.  Based on advice found in one of these forums, the Castelos

tried unplugging and defrosting their refrigerator for 48 hours and re-setting the ice maker.  Neither

of those efforts worked, and the Castelos were left emptying the ice maker every evening and

turning it off regularly

47.     In January, 2017, Ms. Castelo contacted Samsung about the over-icing problem.

The Castelos had three different service visits set through Samsung, which required that Marie

Castelo be home all day for the first two of those visits, and Francisco Castelo missed work to be

home for the third visit.  Service Quick, Inc. provided the technician services.  The repairs included

removing and defrosting the auger motor and ice maker, installing silicone into the ice maker

cavity, and replacing the ice maker.  The January 10, 2017 service cost the Castelos $150.00.

There was no charge for the second visit, where the technician diagnosed that a replacement ice

maker was needed. The ice maker was replaced during the third technician visit on January 19,

2017, at a cost to the Castelos of $171.00.  The Castelos were never notified by Samsung or anyone

on Samsung's behalf that their French Door Refrigerator model was identified in TSB 2015.

**John Mahoney and Laura Mahoney**

48.     On December 27, 2015, John Mahoney and spouse Laura Mahoney, who reside in Oak Ridge, Passaic County, New Jersey, purchased a Samsung French Door Refrigerator from the Best Buy retailer in Rockaway, New Jersey at a purchase price of $3,422.92.  Their refrigerator was delivered and installed on January 18, 2016.  The model number is RF23HSESBSR/AA and serial number is 06QE43BGA00023B.  Unbeknownst to the Mahoneys, their model refrigerator was listed in TSB 2015.

49.     Although the Mahoneys already owned a refrigerator, they were looking for an additional one to add to their kitchen so that they could move the current one elsewhere in their home. The Mahoneys also had specific counter space requirements and were looking for a high-quality unit. They also wanted to be able to access ice from a refrigerator door-mounted area.  In addition, they were looking for an ice maker that produced a sufficient amount of ice because they used ice on a regular basis, as did their two teenage children.  The Mahoneys visited a number of retailers to look at models and talk with sales people, including the Best Buy stores in Riverdale and Rockaway, New Jersey, the Lowe's in Butler, New Jersey, and P.C. Richard & Son in Ledgewood, New Jersey.  They also did their own online research for refrigerators which met their needs.  In addition to the Class Refrigerator model the Mahoneys ultimately purchased, they investigated models made by KitchenAid and by LG Electronics.  They chose the Samsung because the exterior door-mounted ice maker purportedly could produce up to 10 pounds of ice and store 4.2 pounds, but the Ice Maker never lived up to that Samsung claim.  Below is a screen shot of an exemplar online advertisement of Samsung's product overview, including the Ice Maker, which is similar or identical to the advertisement the Mahoneys reviewed in making their decision to purchase their particular model Class Refrigerator.



Mahoney Class Refrigerator.

See    http://www.sears.com/samsung-22.5-cu-ft-counter-depth-french-door/p-04682063000P?

sid=isx20140327xdsa&psid=601x23115&knshCrid=195316583679&k_clickID=df3b548a-a72a-

4522-bfb2-68f0dfef8914&gclid=Cj0KEQjw9r7JBRCj37PlltTskaMBEiQAKTzTfHMzf5kQ

[HcfYz3DI8csvtktMgnpeWlTaQMROJUJ7MaAgjF8P8HAQ](); website last accessed on May 30, 2017.

50.     In November, 2016 toward the end of the one-year limited warranty, the Mahoney's ice maker began to freeze up, ice over, and fail to work.  John Mahoney believed that perhaps the refrigerator door had been left open, so he unplugged the Class Refrigerator, and defrosted it for 24 hours.

51.     During the first week of January, 2017, after the refrigerator warranty had expired, the ice maker once again froze up and failed to work.   Mr. Mahoney contacted Samsung and a representative told him to use a hair dryer to defrost the ice maker, and to press the re-set button in the ice house.  Below is a photo of Plaintiff's iced-over Ice Maker.

52.     Immediately after this January, 2017 incident, however, the icing-over issue recurred. Mr. Mahoney again contacted Samsung about the problem. Samsung rescheduled the service visits on three separate occasions. Mr. Mahoney had multiple calls with Samsung in January and February to try to have a Samsung-certified technician fix the Ice Maker.  On May 19, 2017, a Samsung technician with NISI came to the Mahoney home, diagnosed the icing-over issue, and replaced the slide-in ice maker.  The Mahoneys paid $327.50 for this service.  Below is a photo of the Samsung/NISI Repair Invoice.

**SAMSUNG**                    Repair Invoice                    **NISI**

### Customer Info

| Ticket # | 4142671538 | Customer Name | John Mahoney | | Posting Date | 5/16/2017 |
|---|---|---|---|---|---|---|
| Home Phone | 973-919-2302 | Cell Phone | 973-998-1954 | Work Phone | 973-998-1954 | |
| Address | 194 schoolhouse rd | | | Oak Ridge | NJ | 07438 |
| E-mail | accessmechanical@gmail.com | | | | | |

### Model Info

| Model # | RF23HSESBSR/AA | Serial # | 06QE438GA00023B N/A   0007 | Purchase Date | |
|---|---|---|---|---|---|
| WRTY Status | Records indicate this unit is Out of Warranty. | | | | |
| WRTY Exception | | | | WRTY Term | Labor: 12/31/2016Part : 12/31/2016 |
| Status | Confirmed | Schedule Date | Friday, May 19, 2017 Any | Technician | BFSCA17 Kongjin Jeon |
| Symptom | Ice/Water/Sparkling | | Ice making/ice bucket stuck issue | Ice room or bucket frost | |

Service Description: (Flat Service Fee Applied)    ☐ In Warranty   ☐ Out of Warranty   ☐ Ext. Warranty(Capacitors, DLP)

Trip and Diagnose $ _80_   Labor $ _80_   Part Price $ _146 00_   Tax $ _21 42_   Total $ _327 52_

Method: ☑ C/C Auth # _____   ☐ Check # _____   ☐ Cash _____

- The returned check fee is $25.00 per item. Your balance includes the total service fee and the returned check fee. The final payment must be in the form of cash, cashier's check, or money order.
- Your total service fee is due at the date of the service. No exceptions.
- Make the check payable to NISI
- Samsung and Service Center Bench Warranty is for 90 days ONLY on the same problem caused by same part. Non- Refundable.

Technician's Signature _____    Date _5-19-2017_

NISI-NJ, INC Samsung Authorized Service Center. 200 Gates Rd. Unit # L Little Ferry NJ 07643
Television Department 201-370-0213 Home Appliance Department 201-370-0213 Or call 1-800-Samsung

53.    The Mahoney's Ice Maker icing-over problem began in November, 2016 within the Samsung one-year warranty period for parts and labor and for repairs to manufacturing defects in materials and workmanship.  *See* Mahoney Refrigerator Warranty attached at Exhibit 5.  Although their refrigerator was not delivered and installed until January 18, 2016, their warranty period was deemed by Samsung to have ended on December 31, 2016.

54.     Below are photographs of the Mahoney's Class Refrigerator and the iced-over Ice

Maker compartment.





**Ron and Patricia Cecconi**

55.     On August 6, 2012, Ron Cecconi and spouse Patricia Cecconi, residents of Chadd, Pennsylvania, purchased a new Samsung French Door refrigerator with an external built-in door ice maker at HH Gregg in Wilmington, Delaware for $1,800.   The model number is RF263BEAESR and the serial number is JKJ44BBC700807E.   This model is identified in TSB 2015.   Below is a photograph of the Cecconi's Class Refrigerator.



56.    Before making this purchase, Mr. Cecconi did exhaustive online research about quality ratings and options on refrigerators.  He found high ratings for this Samsung model, and it satisfied the Cecconi's desire to be able access water and ice from the refrigerator door, which at the time, seemed like a smart new feature. Below is a screen shot of an exemplar online

advertisement with Samsung's product overview, including the ice maker, for the Cecconi's Class

Refrigerator.



Cecconis' Class Refrigerator.

*See*    http://www.bestbuy.com/site/samsung-24-6-cu-ft-french-door-refrigerator-with-thru-the-door-ice-and-water-stainless-steel/4980442.p?skuId=4980442; website last accessed on May 31, 2017.

57.     In April, 2017, the fan in the refrigerator ice house began making loud noises because it was hitting chunks of ice that had formed inside.  Concurrently, the temperature in the refrigerator would not drop below about 48 degrees.  Mr. Cecconi found on the  internet suggested solutions, including removal of the ice maker and auger motor from the refrigerator, and then defrosting the unit.  He did not feel qualified to do that, so he called Samsung, which sent a technician to their home that month.  The technician defrosted the refrigerator, including the Ice Maker, with a steamer, found error codes, and replaced sensors in the refrigerator.  The Cecconis paid $352.50 for this service.   In May, the over-icing recurred and the temperature in the refrigerator again rose. Mr. Cecconi again contacted Samsung and on May 19, 2017, a Samsung technician came to the home, again defrosted the refrigerator - including the Ice Maker - with a steamer and replaced one of the sensors that had just been replaced.  The technician said that a new control board was needed for the Ice Maker at a cost of $109.00, and scheduled a May 31, 2017 installation.  When the technician arrived on May 31, 2017, he found no error codes and did not install the control board.

**Eda Kauffman and James Rosengarten**

58.     On August 29, 2014, Eda Kauffman and her husband James Rosengarten, who reside in Philadelphia, Pennsylvania, purchased a new Samsung French Door with an external-door Ice Maker from Best Buy in Plymouth Meeting, Pennsylvania for $2,249.99.  The model number is RF23HTEDBSR/AA and the serial number is 073943BF600012Y.  The refrigerator was shipped to Kauffman/Rosengarten from Korea and was not installed until January 2, 2015.  The model of this Class Refrigerator is identified in TSB 2015.   Below is a photograph of the Kauffman/Rosengarten Class Refrigerator.



59.     Prior to their purchase, Ms. Kaufman and Mr. Rosengarten had planned to renovate their kitchen and had researched online for new appliances, looking for recommendations of quality and extra features.  They spent a day in the Best Buy in Plymouth Meeting, Pennsylvania, pouring over their options, finally choosing the Samsung model at issue because of recommendations about Samsung quality and the easy-access in-door Ice Maker and water

dispenser.   Below is a screen shot of an exemplar advertisement listing the features on the Kauffman/Rosengarten Class Refrigerator, including "An external, Ice Blue Digital Display [which] allows you to easily control settings at the touch of a button, and you can fill pitcher-size container with water and ice."



Kauffman and Rosengarten Class Refrigerator.

*See* https://www.ajmadison.com/cgi-bin/ajmadison/RF23HTEDBSR.html; website last accessed on May 30, 2017.

60.     In 2015, while the Kauffman/Rosengarten Class Refrigerator was still under the manufacturer's one-year limited warranty, the ice maker iced over, stopped working, and the water dispenser line froze up.  A technician with Geek Squad came to the home to service the unit.  The repairs and/or parts used at that time were covered by the Samsung warranty.

61.     In April, 2017, the Ice Maker again iced up and was unusable.  On April 24, 2017, a technician with Geek Squad inspected the unit and described the problem as follows: "Fridge has frozen maker and ice room, needs auger motor, ice maker and IM room sealed… "Found the Ice Room full of snow.  Est. to replace Auger and Ice Maker $550. approved."  The technician removed the slide-in Ice Master Ice Maker and turned off the ice maker.  Replacement of the auger motor and ice maker is scheduled on July 21, 2017.  Since their Ice Maker failed, Ms. Kauffman and Mr. Rosengarten have been buying 10-pound bags of ice for home use approximately every two weeks.   Below are photos of Ms. Kauffman's and Mr. Rosengarten's over-iced Ice Maker and the broken Ice Maker.





**FACTUAL ALLEGATIONS**

62.     Samsung is one of the world's leading manufacturers, designers, and marketers of refrigerators and other appliances.

63.     Upon information and belief, Samsung has worked to earn a reputation for selling premium products, both through its marketing efforts and by manufacturing consistently high quality and versatile goods.  Consequently, consumers are frequently willing to pay more for Samsung products than for the products offered by competitors, even when those products have similar features. Consumers have come to expect that Samsung-branded products will be of particularly high quality, durability, and reliability.

64.     Among Samsung's products are the high-end French Door refrigerators with external dispenser built-in ice makers, including the Class Refrigerators.  The Class Refrigerators are sold through major retail stores such as Best Buy and Home Depot at premium prices in the range of $1,000 to $4,000.

65.     The National Association of Home Builders reported in a 2007 study, conducted with Bank of America Home Equity, that the life expectancy of a refrigerator is 13 years.  In the Appliance Market Research Report from June 2011 called "U.S. Appliance Industry:  Market Value, Life Expectancy & Replacement Picture 2011", the UBM Canon Company—a global provider of media and information services for the manufacturing industries—concludes that the low to high life expectancy of a standard refrigerator is 10-16 years.  The Plaintiffs' Class Refrigerator only lasted 15 months until it developed an unfixable defect in the ice maker.

66.    Samsung was fully aware of the Defects covered in TSB 2014 and TSB 2015, documents which would have taken significant time and resources to develop prior to their issuance respectively on August 18, 2015 and July 17, 2015. Samsung has long known that the TSB 2014 and TSB 2015 "fixes" are not effective given repeated consumer complaints and Plaintiffs' own experiences the Defects and of their multiple failed attempts at repair. Rather than disclose the Defects and repair them, or replace the Class Refrigerators, or recall the Class Refrigerators as Samsung should have, Samsung made a conscious decision to ignore the

problem at the expense of its customers.  Despite Samsung's significant and exclusive knowledge of the Defects, it fraudulently concealed the Defects and prevented reasonable consumers from discovering them until such time as the Defects manifested to the individual owners.

67.     Before placing its Class Refrigerators into the stream of commerce, Samsung had actual knowledge that they contained the Defects and created an unreasonable risk of property damage and product failure.

68.     Upon information and belief, Samsung should have been aware of these defects due to the number of requests for warranty service detailing the same defects suffered by Plaintiffs. The Samsung Authorized Service Centers and Global Service Partnership Network ("GSPN") Service Center maintains detailed records of the complaints, model and serial numbers, and details of the work performed on the Class Refrigerators in an attempt to correct the problems.  In addition, upon information and belief, Samsung utilizes "Service Bench" online software to track warranty claims, which provides Samsung with the ability to mine data for strategic information about its products and the nature of repair claims.  Consequently, Samsung should have been aware of the large number of similar, repeat complaints received regarding specific Class Refrigerators and their external dispenser ice makers and the failure over and over again of attempted repairs of the Defects.

69.     Samsung's actions related to designing, testing, manufacturing, selling, distributing, and warranting the Class Refrigerators have caused Plaintiffs and other putative Class Members to suffer property loss, financial harm, loss of use, and other damages.

70.     In addition, Samsung made its external door ice makers a featured selling point in its marketing.  Below are examples of statements Samsung has made about its Ice Makers in the Class Refrigerators.

♦**External Filtered Water and Ice Dispenser**
Samsung's external ice and water dispenser provides filtered water and ice without sacrificing your interior space.

*See* https://www.ajmadison.com/cgi-bin/ajmadison/RF26VABWP.html; website last accessed on

May 29, 2017.

♦**Ice Master**
Use up to 10 lbs. of crushed or cubed ice per day, and grab a drink from the external filtered water and ice dispenser. The ice maker sits in a small corner of the fridge, leaving plenty of room for all your groceries.

*See*      http://www.bestbuy.com/site/samsung-24-6-cu-ft-french-door-refrigerator-with-thru-the-

door-ice-and-water-stainless-steel/4980442.p?skuId=4980442; website last accessed on May 29,

2017.

♦**Fresh Water Front and Center**
Fill up water bottles, pitchers and other containers with fresh, pure water using the external ice and water dispenser. A tall opening allows you to easily fill pitchers and tall bottles. The interior Ice Master ice maker can produce up to 10 lbs. and store 4.2 lbs. of ice per day, perfect for household use and summer barbeques.

*See* http://www.sears.com/samsung-22.5-cu-ft-counter-depth-french-door/p-

04682063000P?sid=isx20140327xdsa&psid=601x23115&knshCrid=195316583679&k_clickID

=58549011-d97a-40d2-be08-490c94518c2b&gclid=CKm83YXQmtQCFVG4wAodvmwK6Q;

website last accessed on May 30, 2017.

71.     In choosing to purchase their respective Class Refrigerators, all Plaintiffs relied on

Samsung's representations in its product descriptions about the easy accessibility of the ice maker

and water dispenser and the stated daily ice-making storage and capacity for their respective Class

Refrigerators.   Plaintiffs relied to their detriment on Samsung's representations because all of their

Ice Makers failed at least once and were unusable.  Plaintiffs' experiences and the reports of other

consumers demonstrate that the Class Refrigerators' Ice Makers will require repairs more than

occasionally and on an ongoing basis within the reasonable expected lifetime for a refrigerator, or the Ice Makers are not repairable at all.

72.     The following is a representative sampling of consumer complaints regarding the Defects in external dispenser ice makers in Samsung French door refrigerators that pre-date 2014.

**•Rajiv of Pearland, TX on Oct. 31, 2011**

*Satisfaction Rating*

My Samsung French door refrigerator Rf267AERS started making fan noise and frost build up exactly one year after I purchased. So, it won't be covered under warranty. I called the customer service, who were glad to forward me the service company phone number and made sure I realized I will have to pay the bills. I wish I have read these complaints before spending over $2,000 for a high end refrigerator that will need services right after the one year warranty period.

*Helpful?*YesNo
https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=63; website last visited on February 14, 2017.

**•Doug of Orinda, CA on Sept. 14, 2012**

*Satisfaction Rating*

We purchased a Samsung (Mod RF267AB) French door refrigerator, and within 18 months, we had issues with water pooling in the pan under the deli pullout drawer. Since we had an extended warranty through Lowe's, we had it "fixed". Since that time, the same problem has been "fixed" two more times with no success. (Each visit has been a different repair guy, so no commonality there.) The last time, the technician also adjusted the level and tilted the fridge back saying that may help it drain! Starting yesterday, the upper cooling fan has begun growling. I need to call Lowe's service to get them out again, and of course, it's also not draining again. When we originally researched the unit, we consulted the leading consumer products reporting magazine's article on refrigerators at the time where it was a top rated model along with the GE model we looked at, which apparently was the same one manufactured by Samsung for GE. I'm very disappointed by this experience and also by the ratings assigned by the consumer magazine.

*Helpful?*YesNo
https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=58

**•Jean of Pueblo West, CO on Oct. 22, 2012**

*Satisfaction Rating*

We purchased this Samsung French Door Refrigerator RF26VABWP in July of 2009 because we thought it was a superior product. Wrong! It was fine until March of this year and then to the tune of $200 we had to have the repairman defrost the fan, etc. because it was so noisy. And then

I discovered the water was leaking inside the refrigerator under the crisper trays. We thought the problem was solved until May of this year when we discovered ice forming under the crisper trays. Another service call to the tune of $200. And then in July, I discovered a repeat of the same problem. Previously when I called Samsung, I was told that if it happened again, they would do something.

After 10 calls and faxing information twice, I was told that nothing could be done and that refrigerators only lasted 5 to 9 years anyway. I doubt they would want to pay $200 every three months to keep their refrigerator running properly and I also doubt that they replace their own refrigerator that often. Every time you call, you have to give the model number, your name and phone number and then be referred to the executive customer service and repeat the same information. Usually there isn't a supervisor that you can talk to and so you have to call back again and go through the entire thing again. My opinion is that if you have to do this enough times, you finally give up and go away! What a poor recommendation for a company so well known!

*Helpful?* YesNo
https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=58

**•Carrie of Branchville, SC on Dec. 11, 2012**

*Satisfaction Rating*

After paying for months for a new refrigerator, which was over $2,500, which is a lot of money to me, after about a year, it started making a noise. I called Samsung for them to tell me that a service tech would come out, but that was not covered under warranty and I did not buy the extended warranty. Well, after I spent that much money, I didn't think I needed to spend additional amount for an extended warranty. Was I wrong? Another $300 for some 18-year-old kid to just switch out a motor. Here we are 11 months later with the same problem, mainly because the first technician didn't fix it right the first time. It constantly freezes up, and water is under the vegetables bins. What a lemon. People, do your homework and never buy a Samsung refrigerator! This one had the ice and water on the outside and the French doors. I was really upgrading, and I had to make payments. Samsung couldn't care less!

*Helpful?* YesNo
https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=57

**•Ed of Vista, CA on Dec. 24, 2012**

*Satisfaction Rating*

I bought a new fridge five days ago, with a lower freezer, model RF4287HARS. It was plugged in by the delivery tech and set to specific settings. The same day, water began to build in the vegetable bin. We cleaned it and shortly afterwards, moisture was building up. Samsung is lame at acknowledging fault and the extended warranty is quick to remind me that the manufacturer

warranty is in effect. I will drop this pretty, but lame product made by Samsung, in the store today.

*Helpful?* <u>Yes</u><u>No</u>
https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=57

•**Roger of Mechanicsburg, PA on Feb. 17, 2013**

*Satisfaction Rating*

I have the Samsung RF267AEBP purchased from Sears ($2,100+) 01/02/2011. Shortly after the basic 1-year warranty ran out, the unit began routinely freezing up due to the "known" failure of the defrost cycle and/or heating coils and sensors malfunctioning. When the ice builds up over time, it locks up the fan motor from the glacier of ice (sounds horrible like a screech owl). Like others on this post and all over the Internet, I have to force the RF267AEBP into a manual defrost; when the ice melts, it fills the space under the Deli/Crisper drawer with water.

The first time this happened, we did not realize that the ice could not drain normally due to a defective drain (Note: The defrost water drain has been reported to be too short to drain properly after the refrigerator goes through a defrost cycle). So, after turning the unit back on, the backed up water that pools under the Deli/Crisper drawer freezes into a solid two feet by one inch sheet of ice! Not knowing what was going on, we could not get the Deli/Crisper opened without pulling very hard on it and that brought the entire sheet of ice out and onto the kitchen floor, creating one big dangerous mess!

Now, the ice maker is making loud clicking and banging sounds, and the ice maker has malfunctioned too with inconsistent delivery of odd sized ice cubes (more like chunks of ice) and it, too, now freezes up. We have regularly replaced the filter (@ $30+ each) that does basically nothing but filter water for the ice maker and the water dispenser. This has been the most frustrating and expensive major appliance ownership experience I have ever had with a major appliance in over 40+ years of home ownership.

Samsung, you should provide us customers that have suffered through the purchase and repair of this "known" defective refrigerator full refunds for these "known" manufacturer defective refrigerators and/or provide a totally brand new replacement of equal value regardless of the customer's choice. This is an expensive major appliance and we should not be having these problems that are clearly a quality control problem of widespread proportions. If I am not contacted by your warranty and customer relations department with a satisfactory resolution, I will be forced to sign on to the class action suit and add my model to the long and growing list of models already posted on the website. I will also have my day in small claims court for not just the cost of the defective refrigerator, but also for the spoiled food cost of replacement, labor and repair cost, and my lost work/wages due to having to take off work to deal with the overall malfunctioning of your Samsung RF267AEBP.

By the way, my paperwork from Samsung that came with my refrigerator clearly states, "Your Satisfaction is Samsung's # 1 Priority - Do not return to store." Well, Samsung, here is your opportunity to step up and simply do the right thing, especially since you are on record claiming that my satisfaction is Samsung's #1 priority.

*Helpful?*YesNo
https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=56

•**Debra of Corpus Christi, TX on June 7, 2014**

*Satisfaction Rating*

Samsung rf267 series - I purchased a 3000 dollar piece of junk. It work fine for a year and then hell broke loose. Water started to build up under the crisper and stop making ice, water leaking in ice maker. I spend hundreds of dollars to repair it and still doing the same thing. I will never purchase anything with the Samsung name on it.

https://www.consumeraffairs.com/homeowners/samsung_refrigerator.html?page=45

•**Samsung French Door Refrigerator is NO GOOD**

mmogimoto
  Subscribe9
Add to
 Share
More

33,661 views

60 12
Published on Apr 3, 2013
We notified Samsung about the "through-the-door" ice maker failure months ago with no resolution (the original ice make was replaced within the first month of operation). I cannot believe we have to use a hair dryer to defrost the damn ice maker. I may post a sign in the front yard asking for a thief to steal it (including money for gas). We are done with Samsung.....kinda rhymes doesn't it.........?? If you have a Facebook page, please post as a "DISLIKE SAMSUNG"........

https://www.youtube.com/watch?v=U9CMXNHarqgl; website last visited on February 16, 2017.

•**Samsung French Door Refrigerator Problems**



Appliance Princess
  Subscribe3,420
Add to
 Share

More

45,814 views

**Published on Dec 19, 2013**

"I     want     to     know     about     Samsung     french     door     refrigerator     problems.

Well,  you  sound  like  you  want  to  know  what  sorts  of  things  cause  problems  with  this  brand  of  refrigerators.

Yes,      you      are      brilliant.      I      think      that      is      what      I      just      said.

OK, I think I could shed some light on this matter for you. There have been several consumers reporting Samsung French                    door                    refrigerator                    problems.

Oh                        please,                        do                        tell.

It seems like by far the most problems associated with Samsung french door refrigerators have to do with the ice maker.  Many  consumer  complaints  regard  the  ice  maker  along  with  a  whole  host  of  other  complaints.

Some  of  the  complaints  regard  the  ice  maker  dispensing  water  slowly,  and  also  the  ice  maker  not  functioning  as required.   These   are   some   of   the   most   common   complaints   in   regard   to   Samsung   refrigerators.

That   is   fairly   disheartening.   Are   these   refrigerator   problems   commonplace,   or   are   they   a   rarity?

Unfortunately these problems are all too common with Samsung french door refrigerators. They tend to have lots of freezer                                                                                                        problems.

In addition even though the language of the owner's manual say that the refrigerators are warrantied for six months, when  customers  call  Samsung  they  are  told  that  the  parts  are  only  under  warranty  for  30  days.

That  is  outrageous  when  you  consider  that  the  refrigerators  generally  cost  a  thousand  dollars,  or  close  to  it!

I   would   agree   with   that.   I   think   you   may   want   to   consider   another   refrigerator   brand.

Well,  I  am  thankful  that  I  have  a  friend  like  you,  to  keep  me  from  making  a  mistake.

You   are   welcome,   and   by   the   way,   if   you   are   so   inclined   I   could   use   a   few   bucks.

I'll see what I can do, Samsung refrigerator guru. Sometimes good advice is worth paying for."

https://www.youtube.com/watch?v=kIGltraiAwY;  website last visited on February 4, 2017.

      73.     Attached as Exhibit 4 is a further representative sampling of consumer complaints regarding Class Refrigerators and the Defects that post-date 2013.

## CLASS ACTION ALLEGATIONS

74.     Plaintiffs bring this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) against Samsung on behalf of themselves and a National Class and for the states of Virginia, Florida, California, New Jersey, and Pennsylvania (collectively the "Class" or the "Classes") as defined below.

**National Class:**

During the fullest period allowed by law, all persons in the United States who purchased or otherwise acquired a Samsung designed and/or manufactured refrigerator with an external dispenser built-in ice maker for personal, family, or household purposes having the Defects and who have incurred property damage and/or loss of use and/or loss of the benefit of the bargain as a result of the Defects.

**Virginia Class**

During the fullest period allowed by law, all persons in the United States who purchased or otherwise acquired in the Commonwealth of Virginia a Samsung designed and/or manufactured refrigerator with an external dispenser built-in ice maker primarily for personal, family, or household purposes having the Defects and who have incurred property damage and/or loss of use and/or loss of the benefit of the bargain as a result of the Defects.

**Florida Class**

During the fullest period allowed by law, all persons in the United States who purchased or otherwise acquired in the State of Florida a Samsung designed and/or manufactured refrigerator with an external dispenser built-in ice maker primarily for personal, family, or household purposes having the Defects and who have

incurred property damage and/or loss of use and/or loss of the benefit of the bargain as a result of the Defects.

**<u>California Class</u>**

During the fullest period allowed by law, all persons in the United States who purchased or otherwise acquired in the State of California a Samsung designed and/or manufactured refrigerator with an external dispenser built-in ice maker primarily for personal, family, or household purposes having the Defects and who have incurred property damage and/or loss of use and/or loss of the benefit of the bargain as a result of the Defects.

**<u>New Jersey Class</u>**

During the fullest period allowed by law, all persons in the United States who purchased or otherwise acquired in the State of New Jersey a Samsung designed and/or manufactured refrigerator with an external dispenser built-in ice maker primarily for personal, family, or household purposes having the Defects and who have incurred property damage and/or loss of use and/or loss of the benefit of the bargain as a result of the Defects.

**<u>Pennsylvania Class</u>**

During the fullest period allowed by law, all persons in the United States who purchased or otherwise acquired in the State of Pennsylvania a Samsung designed and/or manufactured refrigerator with an external dispenser built-in ice maker primarily for personal, family, or household purposes having the Defects and who have incurred property damage and/or loss of use and/or loss of the benefit of the bargain as a result of the Defects.

75.     **Excluded from the proposed Classes are:**  (a) any Judge or Magistrate presiding over this action and members of their families; (b) Samsung and any entity in which Samsung has a controlling interest, or which has a controlling interest in Samsung; (c) the officers and directors of Samsung; (d) Samsung's legal representatives, assigns, and successors; and (e) all persons who properly execute and file a timely request for exclusion from the Classes.

76.     **Numerosity:**   While the exact number of the class members cannot yet be determined, the Classes consist, at a minimum, of thousands of people throughout the United States and Virginia, such that joinder of all members (the "Class Members") is impracticable.  The exact number of Class Members can readily be determined by a review of information maintained by Samsung.

77.     **Commonality:**   Common questions of law and fact exist as to all of the Class Members.  Among the common questions of law and fact are:

a.     Whether Samsung's Class Refrigerators were defectively designed, manufactured, marketed, distributed, and sold;

b.     When Samsung first became aware or should have become aware that its Class Refrigerators were defectively designed and/or manufactured;

c.     Whether the existence of the Defects in the Class Refrigerators is a material fact that reasonable purchasers would have considered in deciding whether to purchase a refrigerator;

d.     Whether Samsung knowingly concealed the defective nature of the Class Refrigerators;

e.     Whether Samsung intended that consumers be misled;

f.     Whether Samsung intended that consumers rely on its non-disclosure of the Defects in the Class Refrigerators;

g.     Whether Samsung misrepresented the durability and usefulness of the Class Refrigerators;

h.  Whether, by the misconduct set forth herein, Samsung violated consumer protection statutes and/or false advertising statutes and/or state deceptive business practice statutes;

i.  Whether the Class Refrigerators are of merchantable quality;

j.  Whether, by the misconduct set forth herein, Samsung violated express and implied warranty statutes;

k.  Whether Samsung's false and misleading statements of material facts regarding the Class Refrigerators were likely to deceive the public;

l.  Whether consumers have suffered an ascertainable loss;

m.  The nature and extent of damages and other remedies entitled to the Class;

n.  Whether the Class Refrigerators designed and manufactured by Samsung pose any material defect;

o.  Whether Samsung knew, or should have known, that the Class Refrigerators contained the Defects when it placed the refrigerators with the Defects into the stream of commerce;

p.  Whether Samsung concealed the Defects from consumers;

q.  Whether the Class Refrigerators are likely to fail before the end of their reasonable expected lives;

r.  Whether Samsung breached warranties relating to Samsung Class Refrigerators by failing to recall, replace, repair, and/or correct the Defects;

s.  Whether Samsung breached implied warranties of merchantability relating to the Class Refrigerators;

t.  Whether Samsung mispresented the characteristics, qualities, and capabilities of the Class Refrigerators;

u.  Whether Samsung omitted, concealed from and/or failed to disclose in its communications and disclosures to Plaintiffs and Class Members material information regarding the Defects;

v.  Whether Samsung failed to warn consumers regarding the Defects in its Class Refrigerators;

w.  Whether Samsung made fraudulent, false, deceptive, misleading, and/or otherwise unfair and deceptive statements in connection with the sale of the Class Refrigerators in its refrigerator literature and on its website, including

those relating to standards, use, and reliability and otherwise engaged in unfair and deceptive trade practices pertaining to the refrigerators;

x.     Whether Samsung was unjustly enriched as a result of selling the Class Refrigerators;

y.     Whether Samsung should be ordered to disgorge all or part of its profits it received from the sale of the Class Refrigerators;

z.     Whether Plaintiffs and Class Members are entitled to damages including compensatory, exemplary, and statutory damages and the amount of such damages;

aa.    Whether Plaintiffs and Class Members are entitled to repair and/or replacement of their respective Class Refrigerators;

bb.    Whether Plaintiffs and Class Members are entitled to equitable relief, including an injunction requiring Samsung to engage in a recall of the Class Refrigerators; and

cc.    Whether Plaintiffs and Class Members are entitled to an award of reasonable attorneys' fees, pre-judgment interest, post-judgment interest, and costs.

78.    **Typicality:**  Plaintiffs have substantially the same interest in this matter as all other proposed Class Members and their claims arise out of the same set of facts and conduct as all other Class Members.  Plaintiffs and all Class Members own or owned a Class Refrigerator designed and/or manufactured by Samsung with the uniform Defects that make the refrigerators defective upon purchase and causes them to fail within their expected useful lives.  All of the claims of Plaintiffs and Class Members arise out of Samsung's placement into the marketplace of refrigerators with ice makers that Samsung knew were defective and caused property damage and other losses to consumers and from Samsung's failure to disclose the Defects.  Also common to Plaintiffs' and Class Members' claims is Samsung's conduct in designing, manufacturing, marketing, advertising, warranting, and/or selling the Class Refrigerators, Samsung's conduct in concealing the Defects, and Plaintiffs' and Class Members' purchase of the Class Refrigerators.

79.     **Adequacy of Representation:** Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in products' liability, deceptive trade practices, and class action litigation.  Accordingly, Plaintiffs and their counsel will fairly and adequately protect the interests of Class Members.  Plaintiffs' claims are coincident with, and not antagonistic to, those of the other Class Members they seek to represent.  Plaintiffs have no disabling conflicts with Class Members and will fairly and adequately represent the interests of Class Members.

80.     The elements of Rule 23(b)(2) are met.  Samsung will continue to commit the violations alleged and the Class Members and the general public will continue to remain at an unreasonable and serious property and other damages risk as a result of the Defects.  Samsung has refused to act on grounds that apply generally to Class Members so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Classes as a whole.

81.     The elements of Rule 23(b)(3) are met.  Here, the common questions of law and fact enumerated above predominate over the questions affecting only the individual Class Members and a class action is the superior method for fair and efficient adjudication of the controversy.  Although many other Class Members have claims against Samsung, the likelihood that individual Class Members will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.  Serial adjudication in numerous venues is not efficient, timely, or proper.  Judicial resources would be unnecessarily depleted by prosecution of individual claims.  Joinder on an individual basis of thousands of claimants in one suit would be impracticable or impossible. Individualized rulings and judgments could result in inconsistent relief for similarly-situated plaintiffs.  Plaintiffs' counsel, highly experienced in class action litigation, foresee little difficulty in the management of this case as a class action.

**TOLLING AND ESTOPPEL OF STATUTES OF LIMITATIONS**

82.     The claims alleged herein accrued upon discovery of the defective nature of the Class Refrigerators.  Because the Defects alleged herein were not disclosed by Samsung and because Samsung took steps to either conceal or fail to disclose the true character, nature, and quality of the Class Refrigerators, Plaintiffs and Class Members did not discover and could not have reasonably discovered the Defects through reasonable and diligent investigation.

83.     Any applicable statutes of limitations have been tolled by Samsung's knowledge and actual misrepresentations and/or concealment and denial of the facts as alleged herein, which concealment is ongoing.  Plaintiffs and Class Members could not have reasonably discovered the true defective nature of their Class Refrigerators until such time as the Defects manifested by failing in the ways described herein.  As a result of Samsung's active concealment of the Defects and/or failure to inform Plaintiffs and Class Members of the Defects, any and all statutes of limitations otherwise applicable to the allegations herein have been tolled.

84.     Alternatively, the facts alleged above give rise to estoppel.  Samsung has actively concealed the defective nature of the Class Refrigerators.  Samsung was and is under a continuous duty to disclose to Plaintiffs and Class Members the true character, quality, and nature of the Class Refrigerators and particularly that they posed a severe risk of property and other damages.  At all relevant times and continuing to this day, Samsung knowingly, affirmatively, and actively misrepresented and concealed the true character, quality, and nature of the Class Refrigerators.  Given Samsung's failure to disclose this non-public information about the defective nature of the Class Refrigerators—information over which it had exclusive control—and because Plaintiffs and Class Members could not reasonably have known that the Class Refrigerators were thereby defective, Plaintiffs and Class Members reasonably relied on Samsung's affirmative and/or

ongoing concealment. Based on the foregoing, Samsung is estopped from prevailing on any statute of limitations defense in this action.

85.     Additionally, Samsung is estopped from raising any defense of laches due to its own unclean hands as alleged herein.

## CLAIMS FOR RELIEF

### COUNT I
### UNJUST ENRICHMENT
### (PLAINITFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL CLASS AND, ALTERNATIVELY, THEIR RESPECTIVE STATE CLASSES)

86.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

87.     As described above, Samsung sold Class Refrigerators to Plaintiffs and Class Members even though those refrigerators and their Ice Makers were defective.  Samsung failed to disclose the Defects at the point of sale or otherwise.

88.     Samsung unjustly charges Plaintiffs and Class Members for repairs and/or replacement of the defective Class Refrigerators without disclosing that the Defects are widespread and repairs do not address the root causes of the Defects.

89.     Samsung unjustly refuses to repair or recall the Class Refrigerators in spite of the Defects that it has long known about and, instead, has (at most) made suggestions in TSB 2015 and TSB 2014 Lovfor consumers to repair the Defects at their own cost and by their own hand even when Samsung knows that their suggested "fixes" are totally ineffective.

90.     As a result of its acts and omissions related to the Defects, Samsung obtained monies that rightfully belong to Plaintiffs and Class Members.

91.     Samsung appreciated, accepted, and retained the non-gratuitous benefits conferred by Plaintiffs and Class Members who, without the knowledge of the Defects, paid a higher price

for their Class Refrigerators than those refrigerators were worth.  Samsung also received monies for those refrigerators that Plaintiffs and Class Members would not have otherwise purchased.

92.     Samsung's retention of these wrongfully-acquired profits violates fundamental principles of justice, equity, and good conscience.

93.     Plaintiffs and Class Members seek restitution from Samsung and an order proportionally disgorging all profits, benefits, and compensation obtained by Samsung from its wrongful conduct, and establishment of a constructive trust from which Plaintiffs and Class Members may seek restitution.

**COUNT II**

**BREACH OF IMPLIED WARRANTY
(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL
CLASS)**

94.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

95.     The implied warranty of merchantability included with the sale of each Class Refrigerator means that Samsung warranted that the Class Refrigerators including their ice makers would be merchantable, fit for their ordinary purposes for which refrigerators with built-in ice makers are used, pass without objection in the trade, be of fair and average quality, and conform to promises and affirmations of fact made on the container and label.  This implied warranty of merchantability is part of the basis for the benefit of the bargain between Samsung and Plaintiffs and Class Members.

96.     At the time of delivery, however, Samsung breached the implied warranty of merchantability because its Class Refrigerators were defective as alleged herein, would not pass without objection, were not fit for normal use in a residential setting, and failed to conform to the standard of like products in the trade.

55

97.     Within a reasonable amount of time after the Defects manifested in Plaintiffs' and Class Members' Class Refrigerators,  Samsung received notice of its breach of implied warranty by virtue of its knowledge of the Defects.  Samsung knew or, in the exercise of reasonable care, should have known that the Class Refrigerators were defective prior to sale of these refrigerators to Plaintiffs and Class Members.

98.     Any implied warranty limitation cannot be enforced here because it is unconscionable.  A substantial disparity in the parties' relative bargaining power existed such that Plaintiffs and Class Members were unable to derive a substantial benefit from their warranties.  A disparity existed because Samsung was aware that its Class Refrigerators were inherently defective; Plaintiffs and the Class had no notice or ability to detect the problem; Samsung knew that Plaintiffs and the Class had no notice or ability to detect the problem; and Samsung knew that Plaintiffs and Class Members would bear the cost of correcting any defect.  In this case, the disparity was increased by Samsung's knowledge that failure to disclose that the Defects would substantially limit the Class Refrigerator's use and could cause it to fail altogether.

99.     The element of privity, if applicable here, exists because Samsung had direct written communications with Plaintiffs and Class Members regarding their Class Refrigerators in the form or warranty forms, manuals, registration cards, communications regarding defect failures, or similar documents.  Samsung advertised the Class Refrigerators via direct communications with Plaintiffs and Class Members through television, internet, and magazine advertisements and the like.  The dealers who sold the Class Refrigerators to Plaintiffs and Class Members are Samsung's agents.  Samsung entered into contracts with Plaintiffs and Class Members through warranties, including extended warranties; and Plaintiffs and Class Members are third-party beneficiaries of warranties that ran from Samsung to their dealer-agents.  Further, Samsung designed and

manufactured the Class Refrigerators, intending Plaintiffs and Class Members to be the ultimate users of these appliances.

100.    As a direct and proximate result of Samsung's breach of its implied warranties, Plaintiffs and Class Members purchased defective products which could not be used for their intended use in, among other things, accessing ice from their Class Refrigerators in a residential setting, and thus have been damaged.  Plaintiffs and Class Members seek damages in an amount to be determined at trial.

**COUNT III**

**INJUNCTIVE AND DECLARATORY RELIEF
(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL
CLASS)**

101.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

102.    There is a controversy between Samsung and Plaintiffs and other Class Members concerning the existence of the Defects in the Class Refrigerators.

103.    Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

104.    Accordingly, Plaintiffs and Class Members seek a declaration that these Class Refrigerators have a common defect(s) in their design/manufacture.

105.    Additionally, Plaintiffs and Class Members seek a declaration that this common defect poses a serious risk to consumers and the public.

106.    Samsung designed, manufactured, produced, tested, inspected, marketed, distributed, and sold refrigerators with built-in ice makers which contain material defects as described herein.  Based upon information and belief, Samsung continues to design, manufacture,

produce, test, inspect, market, distribute, and sell refrigerators with built-in ice makers which contain the serious defects as described herein.

107.    Based upon information and belief, Samsung has taken no corrective action concerning the Defects described herein.  While Samsung issued the TSB 2014 and TSB 2015, those technical service bulletins were not sent to consumers (at least not to the Plaintiffs). The bulletins had to be located by Plaintiffs, if they discovered them at all, on the internet and the recommended solutions failed to correct the Defects.  Further, all defect repairs suggested in Samsung's bulletins were to be paid for and handled by the consumers.  Samsung has failed to issue a recall or institute any action to remedy the Defects.  In fact, the replacement ice makers that many Plaintiffs purchased on their own for their Class Refrigerator are the same as the original ice maker and the replacements failed to alleviate any of the damages described herein.

108.    Plaintiffs and the Class have suffered actual damages related to the Defects described herein.  Samsung should be required to take corrective action to prevent further failures caused by the Defects including (a) summoning a nationwide recall of the Class Refrigerators, (b) issuing warnings and/or notices to the consumer and the Classes concerning the Defects, and (c) immediately discontinuing the manufacture, production, marketing, distribution, and sale of the defective Class Refrigerators described in this Complaint.

## COUNT IV

### STRICT LIABILITY – DESIGN DEFECT
### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL CLASS AND, ALTERNATIVELY, THEIR RESPECTIVE STATE CLASSES)

109.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

110.    Samsung is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling kitchen essentials and appliances and did design,

manufacture, distribute, advertise, market, promote, and/or sell the Class Refrigerators described herein.

111.     Samsung's Class Refrigerators were expected to and did reach Plaintiffs and Class Members without substantial change in the condition in which they were manufactured, sold, and distributed.

112.     The Class Refrigerators were in a defective condition when they left Samsung's possession or control in that, under normal conditions, usage, and applications, they could not withstand the use for which they were intended.

113.     Plaintiffs and Class Members used the Class Refrigerators in a manner reasonably intended by Samsung.

114.     The Class Refrigerators are defective because they are not fit for ordinary and intended use;  Samsung failed to provide Plaintiffs and Class Members, either directly or indirectly, with adequate and sufficient warnings regarding the known and foreseeable failure risks inherent in and related to the ice makers;  the Class Refrigerators contained material design defects and were not reasonably fit for their intended use due to such defects; the design, methods of manufacture and testing of the Class Refrigerators did not conform to generally-recognized and prevailing standards or state of the art in existence at the time the design was made and when the Class Refrigerators were manufactured;  and at the time the Class Refrigerators left Samsung's control, the foreseeable risks associated with their design exceeded the benefits associated with the design.

115.     Plaintiffs and Class Members have suffered property damage and other incidental and consequential damages as a direct and proximate result of the Defects.

116.     Samsung acted with malice, oppression and/or fraud, and in conscious and flagrant disregard to the rights of their consumers by manufacturing and selling the Class Refrigerators

known to be defective.  As alleged, Samsung knew or should have known that the Defects would cause their refrigerators' ice makers to fail and to damage other property.  Samsung knew or was repeatedly informed of the serious defects, yet failed to take any remedial action and instead continued to sell these defective products.  Given Samsung's conscious disregard for the rights of the public, Plaintiffs and Class Members seek exemplary or punitive damages.

## COUNT V

### FRAUDULENT CONCEALMENT
### (PLAINTIFFS INDIVIDUALLY AND, ALTERNATIVELY ON BEHALF OF THEIR RESPECTIVE STATE CLASSES)

117.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

118.    Samsung concealed material facts from Plaintiffs, Class Members, and the public generally.  Samsung knew that its Class Refrigerators contained the Defects and concealed those facts such that consumers had no such knowledge.

119.    Samsung had a duty to disclose the Defects to Plaintiffs and Class Members, but it failed to do so.

120.    Samsung also knew that Plaintiffs and Class Members had no knowledge that the Class Refrigerators were defective and that they—the consumers of the Class Refrigerators— did not have an equal opportunity to discover those facts.  Samsung was in a superior position than Plaintiffs and Class Members.

121.    Plaintiffs and Class Members would not have purchased their Class Refrigerators had they known that the refrigerators were defective or Plaintiffs and Class Members would not have paid as much as they did.  Samsung benefited from the sales of the Class Refrigerators as a result of its nondisclosure.

122.    When Class Members experienced problems with their Class Refrigerators and contacted Samsung to make warranty claims, they were often ignored.  For other Class Members, Samsung routinely charged them a fee to inspect the ice makers or otherwise determined—without inspection—that it would not cover the cost of repair or replacement.  Alternatively, Samsung failed to honor its warranties with Plaintiffs and Class Members concerning the Defects because it did not offer consumers who experienced failures with their external dispenser built-in-door ice makers the necessary repair or replacement costs.

123.    As a direct and proximate result of Samsung's conduct, Plaintiffs and Class Members have suffered damages.

124.    Samsung's conduct was knowing, intentional, malicious, demonstrated a complete lack of care, and was carried out in reckless disregard of the rights of Plaintiffs and Class Members such that punitive damages are appropriate.

**COUNT VI**

**STRICT LIABILITY – FAILURE TO WARN
(PLAINITFFS RONALD BIANCHI AND DEBRA BIANCHI INDIVIDUALLY
AND ON BEHALF OF THE VIRGINIA CLASS)**

125.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

126.    The Class Refrigerators were designed, manufactured, and sold by Samsung in the regular course of business and were expected to reach Plaintiffs and Class Members without substantial change in the condition in which they were manufactured, sold, or distributed.

127.    The Class Refrigerators were in a defective condition when they left Samsung's possession or control because under normal conditions, usage, and applications, they would withstand the use for which they were intended, including but not limited to the fact that the ice makers would fail.

128.     Samsung had no reason to believe that consumers of its Class Refrigerators would be aware of the foreseeable harm/failure associated with the refrigerators' use.

129.     Prior to and after selling the Class Refrigerators to Plaintiffs and Class Members, Samsung had a legal duty to warn about the Defects in these appliances and the problems the Defects posed.

130.     Prior to and after distributing the Class Refrigerators to Plaintiffs and Class Members, Samsung and their agents who sold or serviced the refrigerators failed to warn Plaintiffs and Class Members of the Defects.

131.     As a direct and proximate result of Samsung's failure to warn of the defective condition and design of the Class Refrigerators, Plaintiffs and Class Members suffered property damage and other incidental and consequential damages.

132.     Samsung acted with malice, oppression and/or fraud, and in conscious and flagrant disregard to the rights of their consumers by manufacturing and selling refrigerators with built-in ice makers known to be defective.  As alleged, Samsung knew or should have known that the Defects would cause the Class Refrigerators to fail and could damage other property.  Samsung knew or was repeatedly informed of the serious defects, yet failed to take any remedial action and instead continued to sell these defective products.  Given Samsung's conscious disregard for the rights of the public, Plaintiffs and Class Members seek exemplary or punitive damages.

## COUNT VII

### VIOLATIONS OF THE VIRGINIA CONSUMER PROTECTION ACT
### VA. CODE ANN. §§ 59.1-196, *et seq.*
### (PLAINTIFFS RONALD BIANCHI AND DEBRA BIANCHI INDIVIDUALLY
### AND ON BEHALF OF THE VIRGINIA CLASS)

133.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

134.    Samsung, Plaintiffs, and Class Members are "persons" within the meaning of Va. Code § 59.1-198.

135.    Samsung is a "supplier" within the meaning of Va. Code § 59.1-198.

136.    The Virginia Consumer Protection Act ("Virginia CPA") makes unlawful "fraudulent acts or practices".  Va. Code § 59.1-200(A).

137.    In the course of Samsung's business, it intentionally or negligently concealed and suppressed material facts concerning the existence of the Defects in the Class Refrigerators.

138.    Samsung violated the Virginia CPA, at a minimum, by: (1) misrepresenting the source, sponsorship, approval, or certification of goods or services; (2) misrepresenting that goods or services have certain qualities, characteristics, ingredients, uses, or benefits; (3) misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; (4) advertising goods or services with intent not to sell them as advertised; and (5) using any other deception, fraud, false pretense, false promise, or misrepresentation with a consumer transaction.  Va. Code § 59.1-200(A).

139.    Samsung engaged in misleading, false, unfair, or deceptive acts or practices that violated the Virginia CPA by installing defective ice makers and other refrigerator/freezer components in the Class Refrigerators and by failing to disclose and/or actively concealing the Defects.

140.    Samsung intentionally and knowingly misrepresented material facts regarding Class Refrigerators with intent to mislead Plaintiffs and the Class Members.

141.    Samsung compounded the deception by putting out technical service bulletins (TSB 2015) that put the onus of repairs on Plaintiffs and Class Members for the Defects that existed at the time of manufacture and distribution.

142.    Samsung knew or should have known that its conduct violated the Virginia CPA.

143. Plaintiffs and Class Members suffered ascertainable loss and actual damages as a direct and proximate result of Samsung's misrepresentations and its concealment of and failure to disclose material information. Plaintiffs and Class Members who purchased and/or leased the Class Refrigerators would not have purchased them at all and/or—if the Class Refrigerators' true nature had been disclosed and mitigated—would have paid significantly less for them. Plaintiffs and Class Members also suffered diminished value of their Class Refrigerators as well as lost or diminished use.

144. Samsung had an ongoing duty to all Samsung customers to refrain from unfair and deceptive practices under the Virginia CPA in the course of its business.

145. Samsung's violations present a continuing risk to Plaintiffs as well as the general public. Samsung's unlawful acts and practices complained of herein affect the public interest.

146. Pursuant to Va. Code § 59.1-204(A)-(B), Plaintiffs and the Class Members are entitled to the greater of actual damages or $500 for each Virginia class member, attorneys' fees, and costs. Because Samsung's actions were willful, Plaintiffs and the Class Members should each receive the greater of treble damages or $1,000. *Id.*

## COUNT VIII

### VIOLATIONS OF VIRGINIA'S IMPLIED WARRANTY OF MERCHANTABILITY
### VA. CODE §§ 8.2A-212
### (PLAINTIFFS RONALD BIANCHI AND DEBRA BIANCHI, INDVIDUALLY AND ON BEHALF OF THE VIRGINIA CLASS)

147. Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

148.    Samsung is and was at all relevant times a "merchant" with respect to home appliances including Class Refrigerators under Va. Code § 8.2-104(1) and 8.2A-103(1(t) and a "seller" of home appliances including Class Refrigerators under § 8.2-103(1(d).

149.    With respect to leases, Samsung is and was at all relevant times a "lessor" of home appliances including Class Refrigerators under Va. Code § 8.2A-103(1)(p).

150.    The Class Refrigerators are and were at all times "goods" within the meaning of Va. Code §§ 8.2-105(1) and 8.2A-103(1)(h).

151.    A warranty that the Class Refrigerators were in merchantable condition and fit for the ordinary purpose for which refrigerator/freezers with built-in ice makers are used is implied by law pursuant to Va. Code §§ 8.2-314 and 8.2A-212.

152.    The Class Refrigerators, when sold or leased and at all time thereafter, were not in merchantable condition and not fit for the ordinary purpose for which refrigerator/freezers with built-in ice makers are used.  Specifically, the Class Refrigerators are inherently defective and were not adequately designed, manufactured, and tested.

153.    Samsung was provided notice of the Defects through individual complaints filed by consumers against them directly or via their authorized agents.

154.    As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and the other Class Members have been damaged in an amount to be proven at trial.

**COUNT IX**

**VIOLATONS OF FLORIDA'S UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
FLA. STAT § 501.201,** *et seq.*
**(PLAINTIFFS MADELINE MARINO AND RICHARD BISHOP INDIVIDUALLY AND
ON BEHALF OF THE FLORIDA CLASS)**

155.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

156.    Plaintiffs are "consumers" within the meaning of the Florida Unfair and Deceptive Trade Practices Act ("FUDTPA"), Fla. Stat. § 501.203(7).

157.    Samsung is engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203.8.

158.    FUDTPA prohibits "[u]unfair methods of competition, unconscionable acts or practices in the conduct of any trade or commerce. . ." Fla. Stat. § 501.204(1).   Samsung participated in unfair and deceptive trade practices that violate the FUDTPA as described herein.

159.    For the reasons discussed herein, Samsung violated and continues to violate FDUPTA by engaging in the herein described unconscionable, deceptive, and unfair acts and practices proscribed by Fla. Stat. § 501.201, *et seq.*  Samsung's affirmative misrepresentations, omissions, and practices as described were likely to and did, in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

160.    Samsung's actions constitute unconscionable, deceptive, or unfair acts or practices. Samsung misrepresented and omitted material facts regarding the Ice Makers in the Class Refrigerators by failing to disclose the known Defects and engaging in immoral, unethical, oppressive, and unscrupulous activates that are substantially damaged consumers, in violation of the FUDTPA.

161.    Specifically, Samsung engaged in the following deceptive and misleading conduct in violation of the FUDTPA.

a.      Samsung manufactured, distributed, and sold Class Refrigerators that it knew contained the defective Ice Makers that would fail prematurely under normal use. The Defects interfered with Plaintiffs' and Florida Class Members' reasonable

expectations concerning the performance of their Ice Makers/Class Refrigerators and caused damages to Plaintiffs and Class Members.

b.      Samsung knew the Defects were unknown to and would not be easily discoverable by Plaintiffs and Florida Class Members and would defeat their ordinary, foreseeable, and reasonable expectations of their Class Refrigerators.

c.      Samsung failed to notify Plaintiffs and Florida Class Members that repairs and/or replacement of the Ice Makers or Class Refrigerators themselves would cause Plaintiffs and Florida Class Members to sustain actual damages, including out-of-pocket costs for technician calls, replacement parts, and labor.  Plaintiffs and Florida Class Members were forced to incur costs associated with technician diagnostics and repairs and, even after repairs, continued failure of the Ice Makers.

162.    Plaintiffs and the Florida Class suffered ascertainable loss and actual damages as a direct and proximate result of Samsung's misrepresentations and their concealment of and failure to disclose material information.  Plaintiffs and Florida Class Members who purchased or leased the Class Refrigerators would not have purchased or leased the refrigerators at all or, alternatively, would have paid less for them.  Plaintiffs and Florida Class Members also suffered diminished value of their Class Refrigerators and lost or diminished use.

163.    Samsung has an ongoing duty to all Samsung customers to refrain from unfair and deceptive practices under the FUDTPA.  All owners of Class Refrigerators suffered ascertainable loss in the form of the purchase or lease price as well as the diminished value of their Class Refrigerators as a result of Samsung's deceptive and unfair acts and practices.

164.    As a direct and proximate result of Samsung's violations of the FUDTPA, Plaintiffs and the Florida Class have suffered injury-in-fact and/or actual damages.

165.    Plaintiffs and the Florida Class are entitled to recover their actual damages under Fla. Stat. § 501.211(2) and attorneys' fees under Fla. Stat. § 501.2105(1).

166.    Plaintiffs and the Florida Class also seek an order enjoining Samsung's unfair, unlawful, and/or deceptive practices, declaratory relief, attorneys' fees, and any other just and proper relief available under the FUDTPA.

167.    Plaintiffs and the Florida Class reserve the right to allege other violations of the FUDTPA as Samsung's conduct is ongoing.

## COUNT X

### VIOLATIONS OF FLORIDA'S BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### F.S.A. §§ 672.314 and 680.212
### (PLAINTIFFS MADELINE MARINO AND RICHARD BISHOP INDIVIDUALLY AND ON BEHALF OF THE FLORIDA CLASS)

168.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

169.    Samsung is and was at all relevant times "merchant" with respect to home appliances including Class Refrigerators under F.SA. §§ 672.104(1) and 680.1031(3)(k), and "seller" of home appliances including Class Refrigerators under F.S.A. § 672.103(1)(d).

170.    With respect to leases, Samsung is and was at all relevant times "lessor" of home appliances including Class Refrigerators under F.S.A. § 680.1031(1)(p).

171.    The Class Refrigerators are and were at all relevant times "goods" within the meaning of F.S.A. §§ 672.105(1) and 680.1031(1)(h).

172.    A warranty that the Class Refrigerators were in merchantable condition and fit for the ordinary purpose for which refrigerators with built-in ice makers are used is implied by law pursuant to F.S.A. §§ 672.314 and 680.212.

173.     These Class Refrigerators, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which refrigerator/freezers with built-in ice makers used.

174.     Specifically, the Class Refrigerators are inherently defective and were not adequately designed, manufactured, and tested.

175.     Samsung was provided notice of the Defects through individual complaints filed by consumers against them directly or via their authorized agents including, but not limited to customer service calls, e-mails, and letters and public comments made in the on the internet and other media.

176.     As a direct and proximate result of Samsung's beach of the implied warranty of merchantability, Plaintiffs and the other Florida Class Members have been damaged in an amount to be proven at trial.

## COUNT XI

### VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT
### Cal. Bus. & Prof. Code § 17500, *et seq.*
### (PLAINITFFS MARIE CASTELO AND FRANCISCO CASTELO INDIVIDUALLY AND ON BEHALF OF THE CALFORNIA CLASS)

177.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

178.     Samsung is "person" under Cal. Civ. Code § 1761(c).

179.     Plaintiffs and the California Class are "consumers", as defined by Cal. Civ. Code § 1761(d), who purchased or leased one or more Class Refrigerators.

180.     The California Legal Remedies Act ("CLRA") prohibits "'unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]"  Cal. Civ. Code § 1770(a). Samsung has

engaged in unfair or deceptive acts or practices that Violated Cal. Civ. Code § 1750, *et seq.,* as described above and below by, at a minimum, representing that Class Refrigerators have characteristics, uses, benefits, and qualities which they do not have; representing that Class Refrigerators are of a particular standard, quality, and grade when they are not; advertising Class Refrigerators with the intent not to sell or lease them as advertised; and representing that the subject of a transaction involving Class Vehicles had been supplied in accordance with a previous representation when it has not.

181.    Samsung sold Class Refrigerators to Plaintiffs and the California Class even though those refrigerators contained the Defects that Samsung has proved it has known about in its technical service bulletins TSB 2014 and 2015 and that have proved unrepairable.  In addition to Samsung having known of the Defects at the point of sale and beyond, it has still had put the onus of any attempt at repair and attendant costs upon the Class Refrigerator consumers. Samsung never told Plaintiffs or the California Class about the Defects at the point of sale or otherwise.  Instead, it promoted the Ice Makers as a selling point in the Class Refrigerators.

182.    Plaintiffs and the California Class suffered ascertainable loss and actual damages as a direct and proximate result of Samsung's misrepresentations and its concealment of and failure to disclose material information.  Plaintiffs and the California Class Members who purchased or leased the Class Refrigerators would not have purchased or leased them at all or would have paid significantly less for them.  Plaintiffs and the California Class also suffered diminished value of their Class Refrigerators as well as lost or diminished use.

183.    Samsung had a duty to all its customers to refrain from unfair and deceptive and unfair acts and practices made in the course of Samsung's business.

184.    As a direct and proximate result of Samsung's violations of the CLRA, Plaintiffs and the California Class have suffered injury-in-fact and/or actual damages.

185.    Under Cal. Civ. Code § 1780(a), Plaintiffs and the California Class seek monetary relief against Samsung measured in diminution of the value of their vehicles caused by Samsung's violations of the CLRA as alleged herein.

186.    Under Cal. Civ. Code § 1780(b), Plaintiffs and the California Class seek an additional award against Samsung of up to $5,000 for each California Class Member who qualifies as a "senior citizen" or "disabled person" under the CLRA.  Samsung knew or should have known that their conduct was directed to one or more California Class Members who are senior citizens or disabled persons.  Samsung's conduct caused one or more of these senior citizens or disabled persons to suffer a substantial loss of property set aside for retirement or for personal and family care and maintenance, or assets essential to the health or welfare of the senior citizen or disabled person.  One of more of the California Class Members who are senior citizens or disabled persons are substantially more vulnerable to Samsung's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and each of them has suffered substantial physical, emotional, or economic damages resulting from Samsung's conduct.

187.    Plaintiffs and the California Class also seek punitive damages because it carried out reprehensible conduct with willful and conscious disregard of the rights and safety of others, subjecting Plaintiffs and the California Class to potential cruel and unjust hardship as a result. Defendants intentionally and willfully deceived Plaintiffs and the California Class and concealed material facts that only Samsung knew.  Samsung's conduct constitutes malice, oppression, and fraud warranting punitive damages under Cal.Civ. Code § 3294.

188.    Plaintiffs and the California Class further seek an order enjoining Samsung's unfair or deceptive acts or practices, restitution, punitive damages, costs of court, attorneys' fees under Cal. Civ. Code § 1780, and any other just and proper relief available under the CLRA.

189.     Pursuant to the provisions of the CLRA, Plaintiffs are providing notice of the Defects to Samsung and upon expiration of the period described in Cal.Civ. Code § 1782(d), Plaintiffs will amend this Complaint to state a claim for damages under the CLRA.

## COUNT XII

**VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*
**(PLAINTIFFS MARIE CASTELO AND FRANCISCO CASTELO**
**INDIVIDUALLY AND ON BEHALF OF THE CALIFORNIA CLASS)**

190.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

191.     The California Business and Professions Code § 17200 prohibits any "unlawful, unfair, or fraudulent business acts or practices."  Samsung has engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL.  In particular, Samsung sold Class Refrigerators to Plaintiffs and the California Class even though the refrigerators' Ice Maker contained Defects and Samsung failed to disclose its knowledge of the Defects at the point of sale or otherwise.

192.     Samsung's acts and practices also constitute fraudulent practices in that they are likely to deceive a reasonable consumer. As described above, Samsung knowingly concealed that the Ice Makers in its Class Refrigerators are designed and manufactured to fail well before their anticipated useful life and Samsung continues to fail to disclose the Defects at the point of sale or otherwise.  Had Samsung disclosed this information, Plaintiffs and the California Class Members would not have purchased the Class Refrigerators or would have paid significantly less for them.

193.     Samsung's conduct also constitutes unfair business practices for at least the following reasons:

a. The gravity of potential harm to Plaintiffs and the California Class Members as a result of Samsung's acts and practices far outweighs any legitimate utility of Samsung's conduct;

b. Samsung's conduct is immoral, unethical, oppressive, unscrupulous, or potentially injurious to Plaintiffs and the California Class; and

c. Samsung's conduct undermines or violates stated policies underlying the UCL—to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace.

194.     As a direct and proximate result of Samsung's business practices described herein, Plaintiffs and California Class Members suffered a foreseeable injury-in-fact and lost money or property because they purchased or paid for Class Refrigerators that, had they known of the Defects, they would not have purchased or, in the alternative, they only would have purchased for a lower amount.

195.     Plaintiffs and California Class Members are entitled to equitable relief, including an order directing Samsung to disclose the Defects in the Class Refrigerator; to provide restitution and disgorgement of all profits paid to Samsung as a result of its unfair, deceptive, and fraudulent practices; to pay reasonable attorneys' fees; and to be permanently enjoined from such practices.

## COUNT XIII

### VIOLATIONS OF SONG-BEVERLY CONSUMER WARRANTY ACT FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### Cal. Civ. Code §§ 1791.1 and 1792
### (PLAINITFFS MARIE CASTELO AND FRANCISCO CASTELO INDIVIDUALLY AND ON BEHALF OF THE CALIFORNIA CLASS)

196.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

197.    Plaintiffs and the other California Class Members who purchased or leased the Class Refrigerators are "buyers" within the meaning of Cal. Civ. Code § 1791(b).

198.    The Class Refrigerators are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

199.    Samsung is "manufacturer" within the meaning of Cal. Civ. Code § 1791(j).

200.    Samsung impliedly warranted to Plaintiffs and the other California Class Members that its Class Refrigerators were "merchantable" within the meaning of Cal.Civ.Code §§ 1791.1(a) and 1792, however, the Class Refrigerators do not have the quality that a buyer would reasonably expect.

201.    California Civil Code § 1791.1 states:

"Implied warranty of merchantability or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

(1)    Pass without objection in the trade under the contract description.

(2)    Are fit for the ordinary purposes for which such goods are used.

(3)     Are adequately contained, packaged, and labeled.

(4)    Conform to the promises or affirmations of fact made on the container or label.

202.    The Class Refrigerators would not pass without objection in the residential appliance trade because they were designed and manufactured with the Defects that cause the Class Refrigerators to fail well before the end of their expected useful life.

203.    Because of the Defects, the Class Refrigerators are not in merchantable condition and thus not fit for ordinary purposes.

204.    The Class Refrigerators are not adequately labeled because the labeling fails to disclose the Defects.

205.     Samsung breached the implied warranty of merchantability by manufacturing and selling Class Refrigerators containing Defects that are directly contrary to Samsung's marketing of the Ice Makers, for instance, making a significant amount of ice daily and offering convenience to the consumer by offering additional refrigerator space, when instead the Defects render the Ice Maker unusable by creating over-icing and leaking and by failing to work altogether.  Furthermore, the Defects have caused Plaintiffs and the other California Class Members to not receive the benefit of their bargain and have caused the Class Refrigerators to depreciate in value.

206.     As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and the California Class Members received goods whose defective condition substantially impairs the goods' value.  Plaintiffs and the other California Class Members have been damaged as a result of the diminished value of the Class Refrigerators, the Class Refrigerators' malfunctioning, and the non-use of their Class Refrigerators at least with regard to the Ice Makers if not the complete refrigerator/freezer unit.

207.     Pursuant to Cal. Civ. Code §§ 1791.1(d) & 1794, Plaintiffs and the other California Class Members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Class Refrigerators or the overpayment for or diminution of value of their Class Refrigerators.

208.     Pursuant to Cal. Civ. Code § 1794, Plaintiffs and the other California Class Members are entitled to costs and attorneys' fees.

## COUNT XIV

## VIOLATIONS OF THE NEW JERSEY FRAUD ACT
### N.J. S. A. §§ 56:8-1 *et seq.*
### (PLAINTIFFS JOHN MAHONEY AND LAURA MAHONEY INDIVIDUALLY AND ON BEHALF OF THE NEW JERSEY CLASS)

75

209.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

210.     Plaintiff, the New Jersey Class Members, and Samsung are "persons" under the New Jersey Fraud Ac, N.J. S.A. § 56:8-1(d).

211.     Samsung engaged in "sales" of "merchandise" within the meaning of N.J. S.A. §§ 56:8-1(c), (e).  Samsung's actions as set forth herein occurred in the conduct of trade or commerce.

212.     The New Jersey Consumer Fraud Act ("New Jersey CFA") makes unlawful "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby. . ." N.J. S.A.. § 56:8-2.

213.     Samsung has long known of the Defects in its Class Refrigerators well before the Plaintiffs purchased their Class Refrigerator as evidenced by consumer complaints posted on internet forums (examples contained herein and see also Exhibit 4), through its internal reporting of claims, and as evidenced by its own acts in issuing technical service bulletins regarding the Defects in Class Refrigerators in issued in August 2014 and July 2015, Exhibits 1 and 2, attached.  Samsung also knows that these Defects have proved to be unfixable and have put the onus of the cost and effort of any labor and parts expended in trying to repair the Defects upon consumers including Plaintiffs and the New Jersey Class.  Samsung concealed and failed to disclose these Defects, to date, to Plaintiffs and the other New Jersey Class Members.

214.    By advertising, promoting, distributing, supplying, selling and leasing the Class Refrigerators when Samsung knew they were defective, Samsung engaged in an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment of material facts with the intent that others rely upon in violation of the New Jersey CFA. N.J.S.A. § 56:8-1, *et seq*. Below is an exemplar online advertisement with Samsung's product overview, including the ice maker, that is similar or identical to advertisements that the Mahoneys reviewed in making their decision to purchase their particular model Class Refrigerator.

Description Item # 04682063000P Model # RF23HCEDBSR/AA

**Samsung RF23HCEDBSR/AA French Door Refrigerator—Stay Stocked Up On Fresh Food**

The **Whirlpool RF23HCEDBSR/AA 22.5 cu. ft. Stainless Steel French Door Fridge** has enough space and flexible storage options so you can keep all of your good groceries front, center and fresh. Twin Cooling Plus technology works throughout the fridge to maintain ideal temperature and humidity levels, meaning longer-lasting produce and less freezer-burn. Adjustable shelving and a full-width pantry drawer give you flexible interior food storage, so you can load up the fridge with plenty of groceries, leftovers, household staples and snacks. "The tall-opening exterior water and ice dispenser makes it easy for you and your family to fill up water bottles, glasses and pitchers with fresh, pure water and ice." [emphasis added] Keep fresh food right at your fingertips in the Samsung 22.5 cu. ft. French door fridge.

**Load Up the Fridge with Food**
This Samsung French door fridge has an ample 22.5 cu. ft. of interior storage space, perfect for stocking up on family staples, stashing snacks, leftovers and party trays without needing to cram, stack or stuff the groceries in your fridge.

**Versatile Interior Organization Options**
Full-width storage, 2 crisper drawers and 4 adjustable spill-proof shelves give you flexible organization options when it comes time to put food away. The full-width CoolSelect Pantry drawer lets you optimize temperature control for deli platters,

sheet cake and meats. A flip-up shelf gives you more space up top for tall items, like beverage dispensers or tall cakes.

**Gallons of Door Storage**

Adjustable gallon door storage bins and generous condiment storage bins accommodate tall and wide items, like wine bottles, juice jugs and jars of pickles, so you won't have to try to cram in your salad dressing collection alongside that bottle of wine.

**Keeps Your Food Fresher, Longer**

Twin Cooling Plus works hard to maintain optimal humidity levels throughout the fridge and freezer, preventing freezer burn and delaying produce ripening so you can have more access to good food throughout the week. The CoolSelect pantry allows you to optimize temperatures for your food so you can keep deli items, snacks and appetizers perfectly chilled.

**"Fresh Water Front and Center**

Fill up water bottles, pitchers and other containers with fresh, pure water using the external ice and water dispenser. A tall opening allows you to easily fill pitchers and tall bottles. The interior Ice Master ice maker can produce up to 10 lbs. and store 4.2 lbs. of ice per day, perfect for household use and summer barbeques." [emphasis added]

    **Added on April 09, 2014**

*See* http://www.sears.com/samsung-22.5-cu-ft-counter-depth-french-door/p-

04682063000P?sid=isx20140327xdsa&psid=601x23115&knshCrid=195316583679&k_clickID

=58549011-d97a-40d2-be08-490c94518c2b&gclid=CKm83YXQmtQCFVG4wAodvmwK6Q;

website last accessed on May 30, 2017.

    215.    Samsung violated the provisions of the New Jersey CFA, at a minimum by: (1) representing that the Class Refrigerators are of a particular standard quality, and grade when they are not; (2) failing to disclose information concerning the Class Refrigerators with the intent to induce consumers to purchase or lease the Class Refrigerators; and (3) otherwise engaging in conduct likely to deceive.

216.     Samsung intentionally and knowingly misrepresented material facts regarding the Class Refrigerators with the intent to mislead Plaintiffs and the New Jersey Class.  Samsung knew or should have known that its conduct violated the New Jersey CFA.

217.     Plaintiffs and New Jersey Class Members suffered ascertainable loss and actual damages as result of Samsung's misrepresentations and its concealment of and failure to disclose material information.  Plaintiffs and New Jersey Class Members who purchased or leased Class Refrigerators would not have purchased or leased them at all and/or –if the Class Refrigerators' true nature had been disclosed and mitigated—would have paid significantly less for them. Plaintiffs and the New Jersey Class also suffered diminished value of their refrigerators as well as lost or diminished use.

218.     Samsung had and has an ongoing duty to all Samsung customers to refrain from unfair and deceptive practices under the New Jersey CFA in the course of its business.

219.     Samsung's violations present a continuing violations to Plaintiffs, New Jersey Class Members, and the general public.  Samsung's wrongful acts and practices complained of herein affect the public interest.

220.     As the result of the wrongful conduct of Samsung, Plaintiffs and the New Jersey Class have been damaged in an amount to be proven at trial and seek all just and proper remedies including, but not limited to, actual and statutory damages, treble damages, an order enjoining Samsung's deceptive and unfair conduct, costs, and reasonable attorneys' fees under N.J. Stat. § 56:8-19, and all other just and appropriate relief.

<u>**COUNT XV**</u>

<u>**BREACH OF EXPRESS WARRANTY**</u>
<u>**N.J.S.A. §§ 12A:2-13 and 2A-210**</u>
<u>**(PLAINIFFS JOHN MAHONEY AND LAURA MAHONEY INDIVDUALLY AND ON BEHALF OF THE NEW JERSEY CLASS)**</u>

79

221.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

222.    Samsung is and was at all relevant times a "merchant" with respect to goods under N.J.Rev. Stat.. § 12A:2-104(1) and "seller" of goods under N.J.S. A. § 2-103(1)(d).

223.    With respect to leases, Samsung was and is at all relevant times a "lessor" of goods under N.J.S.A. §§ 12A:2A-103(1)(p).

224.    The Class Refrigerators are and were at all relevant times "goods" within the meaning of N.J.S.A. §§ 12:A:2-105(1) and 2A-103(1)(h).

225.    In connection with the sale of its Class Refrigerators, Samsung provided an express limited warranty for parts and labor, at no charge to consumer, for manufacturing defects in materials and workmanship encountered during normal non-commercial use of the Class Refrigerator and covering a period of one year from date of purchase. The warranty and any exclusions in the warranty are contained in Exhibit 5, The Mahoney Refrigerator Warranty, and the exclusions are not applicable to the Defects describes in this Complaint.

226.    Samsung provided all purchasers and lessees of the Class Refrigerators with the express warranties described herein, which became part of the basis of the bargain.  Accordingly, Samsung's warranties are express warranties under New Jersey Law.

227.    The parts affected by the Defects include all parts associated with the external-door ice maker in the Class Refrigerator and includes, but is not limited to, all materials used in the ice cavity, the control board, the auger motor, and the ice maker itself which have a propensity to fail.

228.    Samsung breached these warranties by selling and leasing Class Refrigerators with the Defects, requiring repair or replacement within the applicable warranty periods, and refusing to honor the warranties with free repairs or replacements during the applicable warranty

80

periods.  For instance, when Plaintiff John Mahoney contacted Samsung within his Class Refrigerator warranty period about his ice maker not working and over-icing, he was essentially ignored several times by being told to "re-set the machine" until the warranty period ran out. And any "repairs" that Samsung has provided in the warranty periods have failed to cure the Defects.  Samsung has failed to conform the Ice Makers in its Class Refrigerators to the express warranty.  Samsung's conduct has avoided any attempt to disclaim liability for its actions. Plaintiffs first called Samsung about the Defects in their Class Refrigerator immediately following the expiration of their the warranty period and the New Jersey Class notified Samsung of the breach within a reasonable time or else they were  not required to do so because affording Samsung an opportunity to cure its breach of written warranty would have been futile.  Samsung also knew of the Defects and chose to conceal them and fail to comply with its warranty obligations.

229.    Samsung's attempt to disclaim or limit these express warranties vis-à-vis consumers is unconscionable and unenforceable under these circumstances.  Samsung's warranty limitation is unenforceable because it knowingly sold a defective product without informing consumers about the Defects.

230.    Samsung's attempt to limit its express warranty in a manner that would result in replacing its defectively designed Ice Makers/Class Refrigerators causes the warranty to fail its essential purpose and renders the warranty null and void.

231.    The time limits contained in Samsung's warranty period were and are also unconscionable and inadequate to protect the New Jersey Class Members.  Among other things, Plaintiffs and New Jersey Class Members has no meaningful choice in determining these time limitations, the terms of which unreasonably favor Samsung.  A gross disparity in bargaining power exists between Samsung and the New Jersey Class Members and Samsung knew or

should have known that the Class Refrigerators were defective at the time of sale or lease and would fail well before the end of the refrigerator's expected useful lives.

232.     Plaintiffs and the New Jersey Class members have complied with all obligations under the warranty or otherwise have been excused from performance of these obligations as a result of Samsung's conduct described herein.

233.     With regard to Plaintiffs, when their warranty was entered into on January 18, 2018 (date their Class Refrigerator was delivered), Samsung already has knowledge that its Class Refrigerators would fail, generally within or just following the warranty period, thus rendering its terms unconscionable.  Had Plaintiffs known of the Defects that Samsung was already aware of, they would have bargained for a warranty that covered repair of the Defects and/or replacement of the Class Refrigerators for an extended period or purchased a totally different refrigerator that did not have the Defects.

234.     As a direct and proximate result of Samsung's breach, Plaintiffs and the other New Jersey Class Members bought or leased Class Refrigerators they otherwise would not have bought or purchased, overpaid for their refrigerators, did not receive the benefit of their bargain, and their Class Refrigerators suffered a diminution in value if not a total loss of value.  Plaintiffs and the New Jersey Class have also incurred and will continue to incur cost associated with repair of their ice makers and any damage that the ice maker has caused to their property.

235.     Accordingly, recovery by Plaintiffs and the other New Jersey Class Members is not restricted to the limited warranty promising to repair and/or correct a manufacturing defect, and Plaintiffs, individually and on behalf of the New Jersey Class, seek all remedies allowed by law.

236.     Plaintiffs and New Jersey Class Members are entitled to legal and equitable relief against Samsung, including damages, consequential damages, specific performance, attorneys'

fees, costs of suit, and such further relief as the Court may deem proper.  Plaintiffs and the other

New Jersey Class Members have been damaged in an amount to be determined at trial.

## COUNT XVI

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### N.J.S.A. §§ 12:A2-314 and 2A-212
### (PLAINTIFFS JOHN MAHONEY AND LAURA MAHONEY
### INDIVIDUALLY AND ON BEHALF OF THE NEW JERSEY CLASS)

237.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as

though fully set forth herein.

238.    Samsung is and was at all relevant times a "merchant" with respect to goods

under N.J.S.A. § 12A:2-104(1) and "seller" of goods under N.J.S.A. § 2A-103(1)(d).

239.    With respect to leases, Samsung is and was at all times relevant a "lessor" of good

under N.J.S.A. § 12A:2-103(1)(p).

240.    The Class Refrigerators are and were at all times "goods" within the meaning of

N.J.S.A. § 12:A2-314 and 2A-212.

241.    These Class Refrigerators when sold or leased and at all times thereafter were not

in merchantable condition and not fit for the ordinary purposed for which refrigerators with built-

in ice makers are used.  Specifically, the Class Refrigerators were fitted or improperly fitted with

all parts associated with the external-door Ice Makers in the Class Refrigerator and includes, but

is not limited to, all materials used in the ice cavity, the control board, the auger motor, and the

ice maker itself—the ice maker having a propensity to fail and a propensity to require more than

one repair within the Class Refrigerators' reasonable useful life expectancy.

242.    Samsung was and is in actual or constructive privity with Plaintiffs and New

Jersey Class Members.

(a) Plaintiffs and New Jersey Class Members had and continue to have sufficient direct dealings with Samsung and/or its authorized dealers, franchisees, representatives, and agents to establish any required privity of contract.  Samsung's authorized dealers, franchisees, representatives, and agents were not intended to be the ultimate consumers of the Class Refrigerators and have no rights under the warranty agreements provided with the Class Refrigerators.  The warranty agreements were designed for intended to benefit only the ultimate purchasers and lessees of the Class Refrigerators, i.e., Plaintiffs and the New Jersey Class Members.

(b)  Plaintiffs and the New Jersey Class Members are the intended third-party beneficiaries of contracts between Samsung and its dealers, franchisees, representatives, and agents.

(c) By extending express written warranties to end-user purchasers and lessees, Samsung brought itself into privity with Plaintiffs and New Jersey Class Members.

243.    At all relevant times, New Jersey law imposed upon Samsung that the ice makers installed in its Class Refrigerators were fit for the ordinary purpose for which ice makers/refrigerators are used and that they pass without objection in the trade under the contract description.

244.    Samsung has not validly disclaimed, excluded, or modified the implied warranties or duties described above, and any attempted disclaimer or exclusion of the implied warranties was and is ineffectual.

245.    The Class Refrigerators were defective at the time they left Samsung's possession.  Samsung knew of the Defects at the time the purchase and lease transactions occurred.  Thus, the Class Refrigerators, when sold or leased and at all times thereafter, were not

in merchantable condition or quality because they are not fit for their ordinary intended purpose and they do not pass without objection in the trade under the contract description.

246.     Samsung failed to inform Plaintiffs and the New Jersey Class of the defective condition of the Class Refrigerators.  The failure to warn Plaintiffs and Class Members of tis defective condition constitutes a further breach by Samsung of the implied warranties of merchantability.

247.     Plaintiffs and the New Jersey Class Members used the ice makers in the Class Refrigerators in a manner consistent with their intended use and performed each and every duty required under the terms of the warranties, except as may have been excused or prevented by the conduct of Samsung or by operation of law in light of Samsung's unconscionable conduct.

248.     Samsung had actual knowledge of and received timely notice regarding the Defects in this litigation and, notwithstanding such notice, failed and refused to offer an effective remedy.

249.     In addition, Samsung received, on information and belief, numerous consumer complaints and other notices from customers advising of the Defects in the Class Refrigerators.

250.     By virtue of the conduct described herein, Samsung breached the implied warranty of merchantability.

251.     As a direct and proximate result of Samsung's breach of warranties, Plaintiffs and the New Jersey Class suffered economic damages, including loss attributable to the diminished value of their Class Refrigerators and other tangible property, as well as the monies spent to try and repair the Defects.

252.     Plaintiffs and the New Jersey Class Members are entitled to legal and equitable relief against Samsung, including damages, consequential damages, specific performance, attorneys' fees, costs of suit, and such further relief as this Court may deem proper.

253.     As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and the other New Jersey Class Members have been damaged in amount to be proven at trial.

### COUNT XVII

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### 73 P.S. § 201-1, et seq.
### (PLAINTIFFS RON AND PATRICIA CECCONI AND EDA KAUFFMAN AND JAMES ROSENGARTEN, INDIVIDUALLY, AND ON BEHALF OF THE PENNSYLVANIA CLASS)

254.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

255.     Samsung, Plaintiffs, and the Pennsylvania Class are "persons" within the meaning of 73 P.S. § 201-2(2).

256.     Samsung is engaged in "trade" or "commerce" within the meaning of 73 P.S. § 201-2(3).

257.     The Pennsylvania Unfair Trade Practices Act ("Pennsylvania UTPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . ." 73 P.S. § 201-3.

258.     In the course of Samsung's business, Samsung intentionally or negligently concealed and suppressed material facts concerning the reliability of its Class Refrigerators' Ice Makers.  Since Samsung began marketing and selling high-priced refrigerators with external refrigerator-door-mounted ice makers, it has promoted the ease of accessing ice and a particular daily ice production and storage capacity.  These "features" of the Ice Makers are not true because of the Defects inherent in their manufacture that cause the Ice Makers to have a propensity to break down early and often.  In addition, Samsung has never alerted consumers,

86

including Plaintiffs, that the cost and burden of repairs would be upon the consumer.  Samsung

has had many years of consumers reporting the Defects, so much so that Samsung issued

technical service bulletins in 2014 and 2015 that "advise" on how the Class Refrigerator owner

should "fix" issues of over-icing that prevents Ice Makers from working and attendant issues

such as water leaking into the refrigerator.  Samsung never provided these bulletins to Plaintiffs.

Plaintiffs and the Pennsylvania Class Members had no way of discerning that Samsung's

representations about the Ice Maker were false and misleading.  Samsung is a worldwide leader

in appliance manufacturing and sales, not the Plaintiffs.  Plaintiffs and the Pennsylvania Class

members did not and could not unravel Samsung's deception on their own.  They learned of it

from their experiences and then looking online to find a large number of like consumers with the

same complaints.

259.    Samsung thus violated the provisions of the Pennsylvania UTPA, at a minimum

by:  (1) representing that the Class Refrigerators have characteristics, uses, benefits, and qualities

which they do not have; (2) representing that the Class Refrigerators are of a particular standard,

quality, and grade when they are not; (3) advertising the Class Refrigerators with an intent not to

sell them as advertised; (4) failing to disclose information concerning the Class Refrigerators

with the intent to induce consumers to purchase or lease the Class Refrigerators.

260.    Samsung engaged in misleading, false, unfair, or deceptive acts or practices that

violate the Pennsylvania UTPA by manufacturing a product it knew had the inherent Defects and

marketing them and selling them at a premium price with representations about positive

functionality of the Ice Makers.

261.    Samsung intentionally and knowingly misrepresented material facts regarding the

Class Vehicles with the intent to mislead Plaintiffs and the Pennsylvania Class.

262.    Samsung knew or should have known that its conduct violated the Pennsylvania UTPA.

263.    Samsung owed Plaintiffs and the other Pennsylvania Class Members a duty to truthfully disclose the Defects because they possessed the exclusive knowledge of the extent of the Defects—that the Defects can be expected as opposed to occurring randomly or sporadically and then hiding that knowledge from consumers including Plaintiffs and the Pennsylvania Class.

264.    Plaintiffs and the Pennsylvania Class members suffered an ascertainable loss and actual damages as a direct and proximate result of Samsung's misrepresentations and its concealment of and failure to disclose material information.  Plaintiffs and the Pennsylvania Class Members who purchased or leased the Class Refrigerators would not have purchased or leased them at all and/or—if the Class Refrigerators' true nature had been disclosed and mitigated—would have paid significantly less for them.  Plaintiffs also suffered diminished value of their vehicles, as well as lost or diminished use.

265.    Samsung had an ongoing duty to all Samsung customers to refrain from unfair and deceptive practices under the Pennsylvania UTPA in the course of its business.

266.    Samsung's violations present a continuing risk to Plaintiffs as well as to the general public.

267.    Pursuant to 73 P.S. § 201-9.2(a), Plaintiffs and the Pennsylvania Class seek an order enjoining Samsung's unfair and/or deceptive acts or practices, damages, punitive damages, and attorneys' fees, costs, and any other just and proper relief available under the Pennsylvania UTPA.

## **COUNT XVIII**

### **VIOLATIONS OF THE IMPLIED WARRANTY OF MERCHANTABILITY PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**

**13 Pa. Cons. Stat. §§ 2314 and 2A212, et seq.**
**(PLAINTIFFS RON AND PATRICIA CECCONI AND EDA KAUFFMAN AND JAMES**
**ROSENGARTEN, INDIVIDUALLY, AND ON BEHALF OF THE PENNSYLVANIA**
**CLASS)**

268.     Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as though fully set forth herein.

269.     Samsung is and was at all relevant times a "merchant" with respect to appliances including refrigerators with built-in ice makers under 13 Pa. Cons. Stat. §§ 2104 and 2A103(a) and a "seller" of appliances including refrigerators with built-in ice makers under § 2103(a).

270.     With respect to leases, Samsung is and was at all relevant times a "lessor" of appliances including refrigerators with built-in ice makers under 13 Pa. Cons. Stat. § 2A103(a).

271.     The Class Refrigerators are and were at all relevant times "goods" within the meaning of 13 Pa. Cons. Stat. §§ 2105(a) and 2A103(a).

272.     A warranty that the Class Refrigerators were in merchantable condition and fit for the ordinary purpose for which refrigerators with built-in ice makers are used is implied by law pursuant to 13 Pa. Cons. Stat. §§ 2314 and 2A212.

273.     These Class Refrigerators, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which refrigerators with built-in ice makers are used.  Specifically, the Class Refrigerators are inherently defective in that they fail well before their expected reasonable useful lives and these breakdowns occur frequently or permanently and the Ice Makers/Class Refrigerators were not adequately designed, manufactured, and tested.

274.     Samsung was provided notice of these issues through customer complaints made directly to them, Plaintiffs' reporting of the Defects to them, and all other measures of auditing

that Samsung has done with respect to monitoring other sources for consumer complaints. Samsung created TSB 2014 and TSB 2015 because of the large number of consumer complaints.

275.    As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and other Pennsylvania Class Members have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that the Court enter a judgment awarding the following relief:

A.    An order certifying the proposed National Class, Virginia Class; Florida Class, California Class, New Jersey Class,  and Pennsylvania Class.

B.    An order awarding Plaintiffs and Class Members their actual damages, punitive damages, and/or any other monetary relief provided by law;

C.    An order awarding Plaintiffs and Class Members restitution, disgorgement, or other equitable relief as the Court deems proper;

D.    An order requiring Samsung to adequately disclose and repair or replace the defective Class Refrigerators;

E.    An order (a) issuing a nationwide recall of the Class Refrigerators; (b) issuing warnings and/or notices to consumers and Class Members concerning the Defects; and (c) immediately discontinuing the manufacture, production, marketing, distribution, and sale of the defective refrigerator/freezers described in this Complaint;

F.    An order awarding Plaintiffs and Class Members pre-judgment and post-judgment interest as allowed by law;

G.    And order awarding Plaintiffs and Class Members reasonable attorneys' fees and costs of suit, including expert witness fees; and

H.      An order awarding such other and further relief as this Court may deem just

and proper.

## I.      JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues so triable

under the law.

Dated: June 2, 2017                              SIMMONS HANLY CONROY LLC

*/s/ Mitchell M. Breit*
Mitchell M. Breit
Paul J. Hanly, Jr. (*pro hac vice* to be
submitted)
SIMMONS HANLY CONROY LLC
112 Madison Avenue, 7th Floor
New York, New York 10016-7416
Telephone: (212) 784-6400
Facsimile:  (212) 213-5949
mbreit@simmonsfirm.com
phanly@simmonsfirm.com

/s/ Jonathan Shub
Jonathan Shub l
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Telephone:  (215) 238-1700
Facsimile:  (215) 238-1868
jshub@kohnswift.com

Gregory F. Coleman (*pro hac vice* to
be submitted)
Mark E. Silvey  (*pro hac vice* to be
submitted)
Adam A. Edwards (*pro hac vice* to
be submitted)
Lisa A. White (*pro hac vice* to be
submitted)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929

91

Telephone:  (865) 247-0080
Facsimile:  (865) 533-0049
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com
adam@gregcolemanlaw.com
lisa@gregcolemanlaw.com

***Attorneys for Plaintiffs and Putative Class
Members***