**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD BIANCHI, *et al.*, on behalf of themselves and all others similarly situated, | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No. 17-cv-1263 (CCC) (MF) |
| | : |
| *v.* | : <u>Motion Return Date</u>: May 21, 2018 |
| | : |
| SAMSUNG ELECTRONICS AMERICA, INC., | : <u>Oral Argument Requested</u> |
| | : |
| Defendant. | : |
| | : |

**REPLY IN SUPPORT OF DEFENDANT SAMSUNG ELECTRONICS**
**AMERICA, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST**
**AMENDED CLASS ACTION COMPLAINT**

**TOMPKINS, MCGUIRE, WACHENFELD & BARRY LLP**

James J. O'Hara
3 Becker Farm Road
Fourth Floor
Roseland, New Jersey 07068
Tel. 973-623-7041
Fax 973-623-7780
johara@tompkinsmcguire.com

**SQUIRE PATTON BOGGS (US) LLP**

Sean P. Neafsey
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel. 973-848-5600
Fax 973-848-5601
sean.neafsey@squirepb.com

Philip M. Oliss (admitted *pro hac vice*)
Bruce Khula (admitted *pro hac vice*)
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Tel. 216-479-8500
Fax 216-479-8780
philip.oliss@squirepb.com
bruce.khula@squirepb.com

Attorneys for Defendant SAMSUNG
ELECTRONICS AMERICA, INC.

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................ iv

I.      PRELIMINARY STATEMENT ...............................................................1

II.     ARGUMENT..............................................................................................2

    A.   The Laws of Plaintiffs' Home States Apply to Their Claims for
         Breach of the Implied Warranty of Merchantability, Unjust
         Enrichment and Strict Liability...................................................2

    B.   The Mahoneys' Express Warranty Claim Fails Since SEA Never
         Denied Any Timely Claim, and Also for Lack of Pre-Suit Notice
         By the Mahoneys ..........................................................................2

        1.   The Mahoneys Never Made a Timely Warranty Claim, Nor
             Did SEA Deny One..............................................................2

        2.   The Mahoneys Owed Pre-suit Notice to SEA, But Never
             Provided Any .......................................................................4

        3.   The Limited Warranty Is Not Unconscionable, and Must
             Be Enforced .........................................................................5

    C.   The Opposition Does Not Save Plaintiffs' Implied Warranty
         Claims From Dismissal.................................................................7

        1.   The Limited Warranty's One-Year Limitation on the
             Implied Warranty of Merchantability Is Conspicuous and
             Must Be Enforced ................................................................7

        2.   Because Plaintiffs' Refrigerators Satisfied Their Ordinary
             Purpose at the Time of Delivery, Plaintiffs State No Claim
             for Breach of the Implied Warranty...................................10

        3.   The Castelos' Song-Beverly Consumer Warranty Act
             Claim Fails With Their Implied Warranty Claim, and Is
             Also Untimely.....................................................................11

        4.   The Castelos, Cecconis, Kauffman Plaintiffs and Mahoneys
             Failed to Give SEA Pre-Suit Notice of Its Alleged
             Warranty Breach ................................................................12

        5.   The California, Florida and Pennsylvania Plaintiffs' Claims
             Must Be Dismissed For Failing to Allege Privity.........................13

        6.   Any Express or Implied Warranty Claims Based Upon
             UCC Lease Provisions Are Inapplicable and Must Be
             Dismissed...........................................................................15

    D.   Plaintiffs Refute None of the Independently Dispositive Reasons
         Requiring Dismissal of their Unjust Enrichment Claim .........................15

i

E.  Plaintiffs' Strict Liability Claims Fail Under the Laws of Their Respective States ..............................................................................20

  1.  The Bianchis Concede That Their Strict Liability Claims Are Fatally Deficient..............................................................20

  2.  Plaintiffs' Claims Are Barred by the Economic Loss Doctrine.......................................................................................20

  3.  Plaintiffs Fail to Sufficiently Allege a Design Defect ...................21

  4.  Plaintiffs Do Not Plead an "Unreasonably Dangerous" Product Defect Under Florida and Pennsylvania Law...................22

  5.  The New Jersey and Pennsylvania Plaintiffs Allege No Alternative Design ..........................................................................24

  6.  Because They Allege Only Economic Injuries, the NJPLA Precludes the Mahoneys' Claim .....................................................25

  7.  The Castelos Fail to Plead Design Defect Under the Two Theories Recognized Under California Law ................................25

F.  Each of Plaintiffs' State Statutory Consumer Protection Claims Must Be Dismissed For Failure to Satisfy Rules 9(b) and 12(b)(6) ..........26

  1.  Plaintiffs' Statutory Consumer Protection Claims Fall Short of Rule 9(b)'s Heightened Pleading Requirements ......................26

  2.  The Bianchis' VCPA Claim Fails for Lack of a Misrepresentation or Omission, Reliance, or a Deliberate and Knowing Act by SEA..............................................................27

  3.  The Marino Plaintiffs' FDUTPA Claim Fails Under Either a Misrepresentation Theory or Omission Theory .........................28

  4.  The Mahoneys' NJCFA Claim Fails Because They Do Not Allege an Ascertainable Loss or Unlawful Practice .....................30

  5.  The Cecconis and Kauffman Plaintiffs' UTPCPL Claims Fail For Lack of Damages, Reliance, Causation or Deceptive Conduct....................................................................31

  6.  The Opposition Does Not Salvage the Castelos' CLRA and UCL Claims ...............................................................................33

G.  Plaintiffs' Fraudulent Concealment Claim Relies Solely on Conclusory Allegations and Fails Both Rule 9(b) and Rule 12(b)(6) ..............................................................................................35

  1.  Plaintiffs' Conclusory Allegations Do Not Plead Knowledge, Intent or Reliance .......................................................35

  2.  Plaintiffs' Conclusory Allegations Fail Rule 9(b) .........................37

  3.  SEA Owed Plaintiffs No Duty to Disclose ....................................38

H.    Plaintiffs' Declaratory and Injunctive Relief Claim Fails Since They Lack Standing and Their Claim Is Not an Independent Cause of Action ................................................................................39

III.    CONCLUSION................................................................................................40

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Abraham v. Volkswagen of Am., Inc.*,
  795 F.2d 238 (2d Cir. 1986)................................................................................3, 7

*Adams v. Peter Tramontin Motor Sales, Inc.*,
  126 A.2d 358 (N.J. App. 1956)................................................................................10

*AFSCME v. Ortho-Mcneil-Janssen Pharms., Inc.*,
  No. 08-5904, 2010 U.S. Dist. LEXIS 23181 (E.D. Pa. Mar. 11, 2010)............................ 12-13

*Alban v. BMW of N. Am., LLC*,
  No. 09-5398, 2010 U.S. Dist. LEXIS 94038 (D.N.J. Sept. 8, 2010) ............................ 7, 16-17

*Alban v. BMW of N. Am., LLC*,
  No. 09-5398, 2011 U.S. Dist. LEXIS 26754 (D.N.J. Mar. 15, 2011)................................. 5-6

*Alvarez v. Royal Caribbean Cruises, Ltd.*,
  905 F. Supp. 2d 1334 (S.D. Fla. 2012) .................................................................18

*Argabright v. Rheem Mfg. Co.*,
  201 F. Supp. 3d 578 (D.N.J. 2016) .......................................................................5-6

*ASAH v. N.J. Dep't of Educ.*,
  No. 16-3935, 2017 U.S. Dist. LEXIS 101736 (D.N.J. June 30, 2017)...................................39

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................................................................6

*AutoNation, Inc. v. GAINSystems, Inc.*,
  No. 08-61632, 2009 U.S. Dist. LEXIS 57260 (S.D. Fla. July 7, 2009)..................................17

*Baynes v. George Mason Funeral Home, Inc.*,
  No. 09-153, 2011 U.S. Dist. LEXIS 59220 (W.D. Pa. June 2, 2011) ..................................31

*Beacon Wireless Sol., Inc. v. Garmin Int'l, Inc.*,
  894 F. Supp. 2d 727 (W.D. Va. 2012) ...................................................................17

*Berkery v. Verizon Communs. Inc.*,
  658 F. App'x 172 (3d. Cir. 2016) ........................................................................32

*Brown v. Skechers, U.S.A., Inc.*,
  No. 09-746, 2009 U.S. Dist. LEXIS 88944 (M.D. Fla. Sep. 28, 2009)..................................22

*Catalano v. BMW of N. Am., LLC*,
  167 F. Supp. 3d 540 (S.D.N.Y. 2016)...................................................................29

iv

*In re Chinese Drywall Cases*,
    80 Va. Cir. 69 (Va. Cir. Ct. 2010) ........................................................................19

*Chiarelli v. Nissan North Am., Inc.*,
    No. 14-4327, 2015 U.S. Dist. LEXIS 129416 (E.D.N.Y. Sept. 25, 2015) .............29

*Clark v. LG Elecs. U.S.A., Inc.*,
    No. 13-485, 2013 U.S. Dist. LEXIS 155179 (S.D. Cal. Oct. 29, 2013) .................33

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ........................................................................7, 14

*Coast Law Grp. v. Panagiotou*,
    No. 12-1446, 2013 U.S. Dist. LEXIS 199773 (S.D. Cal. Mar. 28, 2013) ..............20

*Coates v. Ill. State Bd. of Educ.*,
    559 F.2d 445 (7th Cir. 1977) ................................................................................21

*Coba v. Ford Motor Co.*,
    No. 12-1622, 2016 U.S. Dist. LEXIS 136283 (D.N.J. Sept. 30, 2016) ..................39

*Coleman-Anacleto v. Samsung Elecs. Am., Inc.*,
    No. 16-2941, 2016 U.S. Dist. LEXIS 123455 (N.D. Cal. Sept. 12, 2016) ...... 11-12

*Cooper v. Samsung Elecs. Am., Inc.*,
    374 F. App'x 250 (3d Cir. 2010) .......................................................................2, 5

*Crozier v. Johnson & Johnson Consumer Cos.*,
    901 F. Supp. 2d 494 (D.N.J. 2012) ................................................................30, 40

*David v. Am. Suzuki Motor Corp.*,
    629 F. Supp. 2d 1309 (S.D. Fla. 2009) .................................................................15

*Dickey v. Advanced Micro Devices, Inc.*,
    No. 15-4922, 2016 U.S. Dist. LEXIS 47383 (N.D. Cal. Apr. 7, 2016) .................15

*Dicuio v. Brother Int'l Corp.*,
    No. 11-1447, 2012 U.S. Dist. LEXIS 112047 (D.N.J. Aug. 9, 2012) .........4-5, 39-40

*Doll v. Ford Motor Co.*,
    814 F. Supp. 2d 526 (D. Md. 2011) ......................................................................29

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
    66 F.3d 604 (3d Cir. 1995) ...............................................................................3, 7

*Fastax, Inc. v. Jackson Hewitt, Inc.*,
    No. 13-3078, 2014 U.S. Dist. LEXIS 36422 (D.N.J. Mar. 20, 2014) ....................20

*Feldman v. Mercedes-Benz U.S., LLC*,
No. 11-984, 2012 U.S. Dist. LEXIS 178924 (D.N.J. Dec. 18, 2012)........................................2

*First Nationwide Savings v. Perry*,
11 Cal. App. 4th 1657 (Cal. App. 1992) ...............................................................20

*Fishman v. GE Co.*,
No. 12-585, 2013 U.S. Dist. LEXIS 61389 (D.N.J. Apr. 30, 2013)........................................19

*In re Ford Tailgate Litig.*,
No. 11-2953, 2014 U.S. Dist. LEXIS 119769 (N.D. Cal. Aug. 8, 2014) ...............................35

*In re Franklin Mut. Funds Fee Litig.*,
388 F. Supp. 2d 451 (D.N.J. 2005) .............................................................................1

*Frederico v. Home Depot*,
507 F.3d 188 (3d Cir. 2007)........................................................................................30

*Gavron v. Weather Shield Mfg.*,
819 F. Supp. 2d 1297 (S.D. Fla. 2011) .....................................................................29

*In re Gerber Probiotic Sales Prac. Litig.*,
No. 12-835, 2014 U.S. Dist. LEXIS 44810 (D.N.J. Mar. 31, 2014) ..................................1, 40

*Glenn v. Hyundai Motor Am., Inc.*,
No. 15-2052, 2016 WL 7507766 (C.D. Cal. Nov. 21, 2016) ..................................................18

*Green v. Green Mt. Coffee Roasters, Inc.*,
279 F.R.D. 275 (D.N.J. 2011) ......................................................................................10

*Grudkowski v. Foremost Ins. Co.*,
556 F. App'x 165 (3d Cir. 2014) ................................................................................16

*Hagen v. McAlpine & Co.*,
No. 14-1095, 2015 U.S. Dist. LEXIS 8524 (D. Minn. Jan. 26, 2015)....................................23

*Hall v. SeaWorld Entm't, Inc.*,
No. 15-660, 2015 U.S. Dist. LEXIS 174294 (S.D. Cal. Dec. 23, 2015) ..........................33, 35

*Hamilton v. Boddie-Noell Enters.*,
88 F. Supp. 3d 588 (W.D. Va. 2015) ..........................................................................27

*Hammer v. Vital Pharms., Inc.*,
No. 11-4124, 2012 U.S. Dist. LEXIS 40632 (D.N.J. Mar. 26, 2012)........................................4

*Hardt v. Chrysler Grp. LLC*,
No. 14-1375, 2015 U.S. Dist. LEXIS 182077 (C.D. Cal. Mar. 16, 2015)...............................12

*Hartford Fire Ins. Co. v. Roadtec, Inc.*,
 No. 09-6747, 2010 U.S. Dist. LEXIS 125443 (S.D.N.Y. Nov. 29, 2010)............................8, 9

*Herremans v. BMW of N. Am., LLC*,
 No. 14-02363, 2014 U.S. Dist. LEXIS 145957 (C.D. Cal. Oct. 3, 2014)................................34

*Hofman v. Time Warner Cable, Inc.*,
 No. 12-978, 2013 U.S. Dist. LEXIS 79833 (D.N.J. June 6, 2013)..........................................26

*Hughes v. Panasonic Cons. Elecs. Co.*,
 No. 10-846, 2011 U.S. Dist. LEXIS 79504 (D.N.J. July 21, 2011) ............................10, 19, 30

*Hughes v. UPS, Inc.*,
 639 F. App'x 99 (3d Cir. 2016) ....................................................................................8, 19

*In re iPhone Application Litig.*,
 6 F. Supp. 3d 1004 (N.D. Cal. 2013) ....................................................................................33

*Johnson v. Draeger Safety Diagnostics, Inc.*,
 No. 13-2439, 2013 U.S. Dist. LEXIS 101188 (D.N.J. July 19, 2013)....................................24

*Johnson v. U.S. Steel Corp.*,
 240 Cal. App. 4th 22 (Cal. App. 2015)..................................................................................25

*Jones v. Bank of Am. Corp.*,
 No. 09-162, 2010 U.S. Dist. LEXIS 142918 (E.D. Va. Aug. 24, 2010)..................................15

*Katsiavrias v. Cendant Corp.*,
 No. 06-4465, 2009 U.S. Dist. LEXIS 25744 (D.N.J. Mar. 30, 2009)......................................38

*Kee v. Zimmer, Inc.*,
 871 F. Supp. 2d 405 (E.D. Pa. 2012) ............................................................................... 12-13

*Kennedy v. Samsung Elecs. Am., Inc.*,
 No. 14-4987, 2015 U.S. Dist. LEXIS 58554 (D.N.J. May 5, 2015)..................................... 5-6

*Kisner v. Bank of Am., N.A.*,
 No. 11-4264, 2012 U.S. Dist. LEXIS 22878 (W.D. Mo. Feb. 23, 2012) ...............................22

*Klemka v. Dillon Cos.*,
 No. 95-4548, 1996 U.S. Dist. LEXIS 15395  (E.D. Pa. Oct. 3, 1996) ...................................24

*Kowalski v. YellowPages.com, LLC*,
 No. 09-2382, 2010 U.S. Dist. LEXIS 85039 (D.N.J. Aug. 9, 2010) ........................................9

*Kowalsky v. Deutsche Bank Nat'l Trust Co.*,
 No. 14-7856, 2015 U.S. Dist. LEXIS 133284 (D.N.J. Sept. 30, 2015)...................................38

*Kuzian v. Electrolux Home Prods., Inc.*,
   937 F. Supp. 3d 599 (D.N.J. 2013) ................................................................4, 37

*Lambert v. Downtown Garage, Inc.*,
   553 S.E.2d 714 (Va. 2001) ......................................................................................28

*Lance v. Wyeth*,
   85 A.3d 434 (Pa. 2014) .............................................................................................24

*Lauder v. Teaneck Volunteer Ambulance Corps*,
   845 A.2d 1271 (N.J. App. 2004) ..............................................................................22

*Lectrodryer v. SeoulBank*,
   77 Cal. App. 4th 723 (Cal. App. 2000) ....................................................................20

*Licul v. Volkswagen Group of Am., Inc.*,
   No. 13-61686, 2013 U.S. Dist. LEXIS 171627 (S.D. Fla. Dec. 5, 2013) .............. 5-6

*Llado-Carreno v. Guidant Corp.*,
   No. 09-20971, 2011 U.S. Dist. LEXIS 17088 (S.D. Fla. Feb. 22, 2011) ................26

*In re Lumber Liquidators Chinese-Manufactured Flooring Durability Mktg. & Sales
   Prac. Litig.*,
   No. 16-2743, 2017 U.S. Dist. LEXIS 105335 (E.D. Va. July 17, 2017) ........... 27-28

*Mackowick v. Westinghouse Elec. Corp.*,
   575 A.2d 100 (Pa. 1990) ...........................................................................................23

*Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*,
   823 F.3d 184 (3d Cir. 2016) .....................................................................................30

*Mango v. Pierce-Coombs*,
   851 A.2d 62 (N.J. App. 2004) ...................................................................................38

*Mann v. Brenner*,
   375 F. App'x 232 (3d Cir. 2010) ........................................................... 21, 25, 27-28, 30

*Matthews v. Am. Honda Motor Co.*,
   No. 12-60630, 2012 U.S. Dist. LEXIS 90802 (S.D. Fla. June 6, 2012) ..................29

*McCalley v. Samsung Elecs. Am., Inc.*,
   No. 07-2141, 2008 U.S. Dist. LEXIS 28076 (D.N.J. Mar. 31, 2008) ..................3, 19

*McCracken v. Ford Motor Co.*,
   392 F. App'x 1 (3d Cir. 2010) ..................................................................................22

*McNair v. Synapse Grp., Inc.*,
   672 F.3d 213 (3d Cir. 2012) .....................................................................................40

*Melville v. Spark Energy, Inc.*,
   No. 15-8706, 2016 U.S. Dist. LEXIS 157920 (D.N.J. Nov. 15, 2016) ................................16

*Mexia v. Rinker Boat Co.*,
   174 Cal. App. 4th 1297 (Cal. App. 2009) .............................................................................12

*MK Strategies, LLC v. Ann Taylor Stores Corp.*,
   567 F. Supp. 2d 729 (D.N.J. 2008) .......................................................................................17

*Monogram Credit Card Bank of Ga. v. Tennesen*,
   914 A.2d 847 (N.J. App. 2007)..............................................................................................38

*Morgan v. AT&T Wireless Servs., Inc.*,
   177 Cal. App. 4th 1235 (Cal. App. 2009)..............................................................................24

*Moulton v. LG Elecs. USA, Inc.*,
   No. 11-4073, 2012 U.S. Dist. LEXIS 117931 (D.N.J. Aug. 21, 2012) ..................................10

*Mt. Club Owner's Ass'n v. Graybar Elec. Co.*,
   No. 13-1835, 2014 U.S. Dist. LEXIS 4783 (E.D. Cal. Jan. 14, 2014) ....................................22

*Murphy v. State Farm Mut. Auto Ins. Co.*,
   No. 16-2922, 2016 U.S. Dist. LEXIS 125841 (E.D. Pa. Sept. 15, 2016) ...............................32

*Myers v. BMW of N. Am., LLC*,
   No. 16-412, 2016 U.S. Dist. LEXIS 140768 (N.D. Cal. Oct. 11, 2016) ................................34

*In re Nelson*,
   No. 12-7317, 2013 U.S. Dist. LEXIS 57920 (D.N.J. Apr. 17, 2013)......................................24

*Neuss v. Rubi Rose, LLC*,
   No. 16-2339, 2017 U.S. Dist. LEXIS 83444 (D.N.J. May 31, 2017)......................................39

*Oddi v. Ford Motor Co.*,
   234 F.3d 136 (3d Cir. 2000)...................................................................................................22

*Oddo v. Arcoaire Air Conditioning & Heating*,
   No. 15-1985, 2017 U.S. Dist. LEXIS 10507 (C.D. Cal. Jan. 24, 2017) ........................... 16-17

*Oliver v. Funai Corp.*,
   No. 14-4532, 2015 U.S. Dist. LEXIS 169998 (D.N.J. Dec. 21, 2015).....................................7

*Oswell v. Morgan Stanley Dean Witter & Co.*,
   No. 06-5814, 2007 U.S. Dist. LEXIS 44315 (D.N.J. June 18, 2007)......................................16

*Park-Kim v. Daikin Indus.*,
   No. 15-9523, 2016 U.S. Dist. LEXIS 158056 (C.D. Cal. Nov. 14, 2016)...............................35

*Peterpaul v. Roger*,
    No. 07-1312, 2007 U.S. Dist. LEXIS 94059 (D.N.J. Dec. 26, 2007).....................................39

*In re Philips/Magnavox TV Litig.*,
    No. 09-3072, 2010 U.S. Dist. LEXIS 91343 (D.N.J. Sept. 1, 2010) .......................................15

*In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litig.*,
    880 F. Supp. 2d 801 (S.D. Ohio 2012) ...........................................................................20, 29

*Pridgen v. RAB Commc'ns, Inc.*,
    No. 11-2255, 2011 U.S. Dist. LEXIS 136031 (D.N.J. Nov. 28, 2011) ..................................28

*Prohias v. Pfizer, Inc.*,
    485 F. Supp. 2d 1329 (S.D. Fla. 2007) .................................................................................18

*Rait v. Sears*,
    No. 08-2461, 2009 U.S. Dist. LEXIS 70217 (D.N.J. Aug. 10, 2009) ..............................23, 31

*Rapid Models & Prototypes, Inc. v. Innovated Sols.*,
    No. 14-277, 2015 U.S. Dist. LEXIS 108634 (D.N.J. Aug. 18, 2015) .......................................8

*RCI Contractors & Eng'rs, Inc. v. Joe Rainero Tile Co.*,
    677 F. Supp. 2d 914 (W.D. Va. 2010) ..................................................................................10

*Realmuto v. Straub Motors, Inc.*,
    332 A.2d 440 (N.J. 1974)........................................................................................................4

*Rice v. Electrolux Home Prods., Inc.*,
    No. 15-371, 2015 U.S. Dist. LEXIS 97902 (M.D. Pa. July 28, 2015) ...................................16

*Robinson v. Kia Motors Am., Inc.*,
    No. 13-6, 2015 U.S. Dist. LEXIS 121755 (D.N.J. Sept. 11, 2015)...........................................3

*Rue v. Kohler Corp.*,
    No. A-4610-04T1, 2006 N.J. Super. Unpub. LEXIS 1988 (N.J. App. July 25, 2006).............9

*In re Samsung Elecs. Am., Inc. Blu-ray Class Action Litig.*,
    No. 08-663, 2008 U.S. Dist. LEXIS 105199 (D.N.J. Dec. 31, 2008).......................................9

*Sanchez-Knutson v. Ford Motor Co.*,
    52 F. Supp. 3d 1223 (S.D. Fla. 2014) ...................................................................................14

*In re Seagate Tech. LLC Litig.*,
    No. 16-523, 2017 U.S. Dist. LEXIS 137270 (N.D. Cal. Aug. 25, 2017) ...............................14

*Semeran v. Blackberry Corp.*,
    No. 15-750, 2016 U.S. Dist. LEXIS 11864 (D.N.J. Feb. 2, 2016) .........................................30

*Short v. WCI Outdoor Prods., Inc.*,
　No. 99-3526, 2000 U.S. Dist. LEXIS 16009 (E.D. Pa. Nov. 2, 2000) ...................................24

*Silipena v. Am. Pulverizer Co.*,
　No. 16-711, 2017 U.S. Dist. LEXIS 44212 (D.N.J. Mar. 27, 2017) ................................ 36-37

*Skeer v. EMK Motors, Inc.*,
　455 A.2d 508 (N.J. App. 1982) ..............................................................................................38

*Slinko-Shevchuk v. Ocwen Fin. Corp.*,
　No. 13-5633, 2015 U.S. Dist. LEXIS 33382 (D.N.J. Mar. 18, 2015) ...................................31

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*,
　758 F. Supp. 2d 1077 (S.D. Cal. 2010) ................................................................................11

*Stewart v. Beam Global Spirits & Wine, Inc.*,
　877 F. Supp. 2d 192 (D.N.J. 2012) ........................................................................................19

*T.J. McDermott Transp. Co. v. Cummins, Inc.*,
　No. 14-4209, 2015 U.S. Dist. LEXIS 29678 (D.N.J. Mar. 11, 2015) ....................................19

*Tempo Networks LLC v. NIA*,
　No. 14-6334, 2016 U.S. Dist. LEXIS 60766 (D.N.J. May 9, 2016) .......................................17

*Truchan v. Nissan Motor Corp. in U.S.A.*,
　720 A.2d 981 (N.J. App. 1998) ......................................................................................... 24-25

*Valencia v. Volkswagen Grp. of Am. Inc.*,
　119 F. Supp. 3d 1130 (N.D. Cal. 2015) ................................................................................12

*Vanalt Elec. Constr., Inc. v. Selco Mfg. Corp.*,
　233 F. App'x 105 (3d Cir. 2007) ...................................................................................... 12-13

*Vantage Learning (USA), LLC v. Edgenuity, Inc.*,
　No. 16-4983, 2017 U.S. Dist. LEXIS 48836 (E.D. Pa. Mar. 30, 2017)..................................15

*Velasco v. Chrysler Grp. LLC*,
　No. 13-8080, 2014 U.S. Dist. LEXIS 117620 (C.D. Cal. Aug. 22, 2014)..............................29

*Viking Yacht Co. v. Composites One LLC*,
　496 F. Supp. 2d 462 (D.N.J. 2007) .......................................................................................38

*Virgilio v. Ryland Grp., Inc.*,
　680 F.3d 1329 (11th Cir. 2012) .............................................................................................29

*In re Volkswagen Timing Chain Prods. Liab. Litig.*,
　No 16-2765, 2017 U.S. Dist. LEXIS 70299 (D.N.J. May 8, 2017)........................................14

*Weinstat v. Dentsply, Int'l, Inc.*,
  180 Cal. App. 4th 1213 (1st Dist. 2010) ..................................................9

*Werwinski v. Ford Motor Co.*,
  286 F.3d 661 (3d Cir. 2002)...................................................................32

*Weske v. Samsung Elecs, Am., Inc.*,
  42 F. Supp. 3d 599 (D.N.J. 2014) ..........................................................36

*Weske v. Samsung Elecs, Am., Inc.*,
  934 F. Supp. 2d 698 (D.N.J. 2013) .........................................................37

*Williams v. Spencer*,
  883 F. Supp. 2d 165 (D.D.C. 2012) ........................................................26

*Witt v. Howmedica Osteonics Corp.*,
  No. 13-20742, 2013 U.S. Dist. LEXIS 181203 (S.D. Fla. Dec. 30, 2013) ...........21

*Yates v. Clifford Motors, Inc.*,
  423 A.2d 1262 (Pa. Super 1980)....................................................... 12-13

*Zabriskie Chevrolet, Inc. v. Smith*,
  240 A.2d 195 (N.J. Super. 1968) ..............................................................8

## STATUTES & RULES

Fed. R. Civ. P. 9(b) ..................................................................... 1, 26-27, 37

Fed. R. Civ. P. 12(b)(6)......................................................27-28, 30-32

Cal. Civ. Code. § 1782(a) .................................................................34

Cal. Civ. Code. § 1791.1(c) ......................................................... 11-12

N.J.S.A. § 12A:2A-212(1) ...............................................................15

N.J.S.A. § 12A:2-607(3)(a) ...............................................................5

N.J.S.A. § 56:8-2..............................................................................31

## I.    <u>PRELIMINARY STATEMENT</u>

Plaintiffs' Opposition exposes the very deficiency underscored in Defendant Samsung Electronics America, Inc.'s ("SEA") Motion to Dismiss (the "Motion").   Plaintiffs fail to allege personalized facts demonstrating that the elements of their claims are "satisfied by at least one named plaintiff."   *In re Gerber Probiotic Sales Prac. Litig.*, No. 12-835, 2014 U.S. Dist. LEXIS 44810, at *20 (D.N.J. Mar. 31, 2014).   Instead, they speculate that putative class members "were exposed to Defendant's marketing," "have suffered property damage," and may "experience the [Refrigerators' purported] Defects," or point to alleged Samsung representations that have nothing to do with their alleged defect.  Pltfs.' Resp. in Opp. to Mot. to Dismiss (ECF 49) ("Opp.") at 3, 29, 60.  But Plaintiffs cannot state a claim "through the back door of a class action."   *In re Franklin Mut. Funds Fee Litig.*, 388 F. Supp. 2d 451, 461 (D.N.J. 2005).

Plaintiffs do not satisfy basic pleading requirements for any of their purported claims. Plaintiffs have no viable warranty claims because they never made (or had denied) a timely warranty claim to SEA, and their Refrigerators served the ordinary purpose of keeping food cold or frozen at the time of delivery.  Nor have Plaintiffs stated claims for unjust enrichment, strict liability or fraud.  Their unjust enrichment claim fails because it is precluded by the Limited Warranty, and because Plaintiffs conferred no direct benefit to, nor had expectation of remuneration from, SEA. They have quietly withdrawn their Virginia strict liability claim, and their remaining strict liability claims are barred by the economic loss doctrine and Plaintiffs' failure to plead either a design defect or an alternative design.  Their common-law and statutory fraud claims lack the specificity required by Rule 9(b), and also fail since Plaintiffs allege exposure to no pre-purchase representation by SEA, much less to a deceptive one.   Plaintiffs have already once substantially amended their original complaint to add numerous plaintiffs, claims and conclusory allegations.   Another opportunity is unwarranted.  This Court should instead dismiss their FAC in full and with prejudice.

## II.  ARGUMENT

**A.    The Laws of Plaintiffs' Home States Apply to Their Claims for Breach of the Implied Warranty of Merchantability, Unjust Enrichment and Strict Liability.**

Under New Jersey's choice-of-law rules, Plaintiffs' claims for unjust enrichment, the implied warranty of merchantability and strict liability must be decided under the laws of their home states.  SEA's Memo. in Support of Mot. to Dismiss First Am. Compl. (ECF 47-1) ("Mot.") at 9 & n.7; *id.*, Ex. 1 (ECF 47-2) (chart outlining differences in law).  Plaintiffs neither refute SEA's argument nor engage in any choice-of-law analysis at all.  Opp. at 8.  Instead, they seek to avoid Rule 12 dismissal by claiming – falsely – that it is "premature" for this Court to make a choice-of-law determination.  *Id.*  Plaintiffs are wrong: "[C]ourts, including the Third Circuit, frequently determine that choice of law analysis in a putative class action can be done at the motion to dismiss stage." *Feldman v. Mercedes-Benz U.S., LLC*, No. 11-984, 2012 U.S. Dist. LEXIS 178924, at *13-20 (D.N.J. Dec. 18, 2012) (finding choice-of-law analysis not "premature" at Rule 12 stage, applying plaintiffs' home states' law, and dismissing unjust enrichment, warranty and NJCFA claims); *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 255 (3d Cir. 2010) (affirming Rule 12 choice-of-law analysis, application of home-state law and dismissal of warranty, fraudulent concealment and consumer fraud claims).  This case does not differ from *Cooper* or *Feldman*, and choice-of-law determination is not premature.  This Court should therefore apply California law to the Castelos, Florida law to the Marino Plaintiffs, New Jersey law to the Mahoneys, Pennsylvania law to the Cecconis and Kauffman Plaintiffs, and Virginia law to the Bianchis.

**B.    The Mahoneys' Express Warranty Claim Fails Since SEA Never Denied Any Timely Claim, and Also for Lack of Pre-Suit Notice By the Mahoneys.**

**1.    The Mahoneys Never Made a Timely Warranty Claim, Nor Did SEA Deny One.**

The Mahoneys plead no facts showing that they ever made – or that SEA ever denied – any warranty claim regarding their Refrigerator.  Mot. at 12-13.  In fact, the Mahoneys affirmatively

2

pleaded that: (1) they bought their Refrigerator "[o]n December 27, 2015"; (2) their Refrigerator is governed by a "express limited warranty … covering a period of one year from date of purchase"; and (3) they did not contact SEA to advise of any issue with their Refrigerator until "the first week of January, 2017, *after the refrigerator warranty had expired*." FAC ¶¶48, 51, 225 (emphasis added). Because "'an express warranty does not cover repairs made after the applicable time has elapsed,'" the Mahoneys' own allegations dispose of their claim. Mot. at 12 (quoting *Robinson v. Kia Motors Am., Inc.*, No. 13-6, 2015 U.S. Dist. LEXIS 121755, at *27 (D.N.J. Sept. 11, 2015)).

Moreover, the Third Circuit long ago rejected the Mahoneys' argument that their express warranty claim is not time-barred because they allege a latent defect in their Refrigerator, holding that "'latent defects' discovered after the term of the warranty are not actionable." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995) (citing *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986)). This Court has ruled likewise. *McCalley v. Samsung Elecs. Am., Inc.*, No. 07-2141, 2008 U.S. Dist. LEXIS 28076, at *19 (D.N.J. Mar. 31, 2008) ("The case law almost uniformly holds that time-limited warranties do not protect buyers against hidden defects which are typically not discovered until after the expiration of the warranty period.").

The Mahoneys next argue that their express warranty claim is not limited to the Limited Warranty, and that "Defendant warranted their Ice Maker would perform in accordance with Samsung's affirmation and description for at least one year and it did not." Opp. at 20. This argument fails for numerous reasons. First, it is belied by the FAC itself, which not only affirmatively pleads that the Mahoneys' express warranty claim is governed by the Limited Warranty, but even includes the Limited Warranty as an exhibit. FAC ¶225; *id.*, Ex. 5 (ECF 16-5). Second, as permitted by longstanding New Jersey law, the Limited Warranty expressly provides that "THERE ARE <u>NO</u> EXPRESS WARRANTIES <u>OTHER THAN</u> THOSE LISTED AND DESCRIBED ABOVE." Ltd. Warranty at 45 (all-caps in original, underlining added); *see*

3

*Realmuto v. Straub Motors, Inc.*, 332 A.2d 440, 445 (N.J. 1974) (New Jersey accords warrantors "the right to disclaim or limit warranties"); *Dicuio v. Brother Int'l Corp.*, No. 11-1447, 2012 U.S. Dist. LEXIS 112047, at *30-31 (D.N.J. Aug. 9, 2012) (same).  Plaintiffs therefore cannot conjure another express warranty from beyond the Limited Warranty.  Third, other than their vague and conclusory assertion, the Mahoneys do not identify any actual "affirmation of fact or promise" that SEA purportedly made to them.  Opp. at 20.  This also requires dismissal of the Mahoneys' claim.

Finally, their express warranty claim is also not saved by the readily distinguishable *Kuzian v. Electrolux Home Products, Inc.*, 937 F. Supp. 3d 599 (D.N.J. 2013).  Opp. at 19-20.  The *Kuzian* plaintiffs alleged that their refrigerators had been repaired by Electrolux during the 1-year warranty period, and that Electrolux "knew that the repairs would be temporary and only last long enough to get past the one-year mark."  937 F. Supp. 2d at 605.  The Mahoneys, by contrast, allege neither a temporary repair nor failure of an attempted repair.  The *Kuzian* court also credited its plaintiffs' assertion that "[w]hen the ice makers began to fail during that first year … Electrolux breached its warranty that the ice makers would perform as promised."  *Id.* at 612.  But, here, SEA warranted only that "Samsung will repair or replace any part found to be defective … during the [1-year] limited warranty period specified above."  Oliss Decl., Ex. A (ECF 47-5) ("Ltd. Warranty") at 45.  Thus, unlike in *Kuzian*, SEA's Limited Warranty did <u>not</u> guarantee that the Refrigerator would operate error-free or that none of its parts would require replacement in the first year; rather, it guaranteed that SEA would "repair or replace" any faulty part during the first year – and the Mahoneys plead no facts showing that SEA failed to honor that warranty.  *See* FAC ¶¶48-53.

### 2.    The Mahoneys Owed Pre-suit Notice to SEA, But Never Provided Any.

Dismissal is also required because the Mahoneys had to provide pre-suit notice to SEA as a statutory "condition precedent" for their express and implied warranty claims, but did not do so.  Mot. at 13-14 (quoting *Hammer v. Vital Pharms., Inc.*, No. 11-4124, 2012 U.S. Dist. LEXIS 40632,

4

at *30 (D.N.J. Mar. 26, 2012)); *see Dicuio*, 2012 U.S. Dist. LEXIS 112047, at *34-35 (condition precedent required by N.J.S.A. § 12A:2-607(3)(a)).   The Mahoneys make no attempt to address, much less distinguish, *Hammer*, nor do they dispute that they never gave pre-suit notice to SEA. Opp. at 20-21.   Such notice, moreover, is not only required by statute but also expressly by the Limited Warranty itself: "To receive warranty service, the purchaser must contact Samsung for problem determination and service procedures."   Ltd. Warranty at 45.   The Third Circuit has ruled that identical language in another Samsung warranty was itself a sufficient basis for requiring pre-suit notice – and for affirming dismissal where plaintiffs failed to provide it.   *Cooper*, 374 F. App'x at 253-54; *Dicuio*, 2012 U.S. Dist. LEXIS 112047, at *35 (same).   The Mahoneys' failure to provide pre-suit notice thus violates both New Jersey warranty law and the Limited Warranty, requiring dismissal.

### 3.     The Limited Warranty Is Not Unconscionable, and Must Be Enforced.

Under the overwhelming weight of authorities, the Limited Warranty is neither procedurally nor substantively unconscionable, and its terms must therefore be enforced.   Mot. at 14-16 (citing, e.g., *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578 (D.N.J. 2016), *Kennedy v. Samsung Elecs. Am., Inc.*, No. 14-4987, 2015 U.S. Dist. LEXIS 58554 (D.N.J. May 5, 2015), *Alban v. BMW of N. Am., LLC*, No. 09-5398, 2011 U.S. Dist. LEXIS 26754 (D.N.J. Mar. 15, 2011), *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686, 2013 U.S. Dist. LEXIS 171627 (S.D. Fla. Dec. 5, 2013)).

Plaintiffs address none of the authorities in SEA's Motion.   Instead, they argue that the Limited Warranty is procedurally unconscionable, reciting boilerplate from the FAC that they "had no meaningful choice in determining [the Limited Warranty's] time limitations" and that "a gross disparity in bargaining power" favored SEA.   Opp. at 22; FAC ¶231 (same).   But this Court routinely rejects such formulaic arguments: "bare-bones allegations that [plaintiff] 'had no meaningful choice in determining' the time … limitation, and that 'a gross disparity in bargaining

power existed between' him and [defendant] are 'no more than conclusions [that] are not entitled to the assumption of truth.'" *Alban*, 2011 U.S. Dist. LEXIS 26754, at *27 (internal citation omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). As this Court has explained, "there is a disparity in bargaining power in nearly all consumer contracts executed between a purchaser and a manufacturer, and Plaintiffs' conclusory assertion is by itself insufficient to render a contract unconscionable." *Argabright*, 201 F. Supp. 3d at 596. Indeed, since Plaintiffs had a choice between appliances, "the procedural aspects of unconscionability are nil." *Kennedy*, 2015 U.S. Dist. LEXIS 58554, at *16.

This Court also rejects assertions that 1-year consumer product warranties are substantively unconscionable: "[o]ne-year warranties on home appliances are common." *Id.* (citing refrigerator warranty and rejecting claim of substantive unconscionability). But Plaintiffs argue that the Limited Warranty is substantively unconscionable for two reasons: (1) "the time limits contained in Samsung's warranty period were and are … unconscionable since the life expectancy of a refrigerator is 13 years yet the Ice Makers generally fail within or right after the first year of use" and (2) "[SEA] was aware of the [Refrigerators'] defect at the time of sale." Opp. at 21-22 (internal punctuation omitted). This Court rejects such arguments: "[Plaintiff's] allegations that BMW knew that the sound insulation in his vehicle would fail after the expiration of the warranty agreement do not indicate that the time … limitation clause was unconscionable." *Alban*, 2011 U.S. Dist. LEXIS 26754, at *27; *see also Licul*, 2013 U.S. Dist. LEXIS 171627, at *9 ("[U]nconscionability of an express warranty requires more than a defendant's mere knowledge of a defect at the time of sale.").

Nor does Plaintiffs' bald assertion that the Refrigerators' life expectancy is 13 years render the Limited Warranty unconscionable. Courts recognize that "[a]ll parts will wear out sooner or later and thus have a limited effective life" and that "[m]anufacturers always have knowledge regarding the effective life of particular parts" and fashion warranty time limits accordingly.

6

*Abraham*, 795 F.2d at 250.  Which is why the Third Circuit rejects attempts to expand a warranty's coverage period to match a product's purported life expectancy.  *Duquesne Light*, 66 F.3d at 613-16 (following *Abraham* and rejecting attempt to engraft product's alleged "design life" into warranty); *see Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) ("If a manufacturer determines that useful life and warrants the product for a lesser period of time, we can hardly say that the warranty is implicated when the item fails after the warranty period expires.  The product has performed as expressly warranted.").  Plaintiffs admit that they had their choice of competing products – yet chose to buy their Refrigerators.  FAC ¶¶24-25, 49, 59 (acknowledging competing products).  They cannot now unilaterally extend their Refrigerators' Limited Warranty to 13 years.

In addition, as SEA has explained, Plaintiffs have alleged no facts showing that SEA had knowledge of the Refrigerators' purported defects at the time of sale.  Mot. at 40.  Plaintiffs' citation to alleged consumer complaints do not suffice, since this Court has specifically "rejected the proposition that 'a plaintiff can plead knowledge of a defect based upon anonymous internet postings.'"  *Id.* (quoting *Oliver v. Funai Corp.*, No. 14-4532, 2015 U.S. Dist. LEXIS 169998, at *12 (D.N.J. Dec. 21, 2015)).  Nor can the TSBs be used to show knowledge, since they provide no "information as to when … [defendant] learned of the defect, how it gained that knowledge, [or] who at the company possessed such knowledge."  *Alban v. BMW of N. Am., LLC*, No. 09-5398, 2010 U.S. Dist. LEXIS 94038, at *36 (D.N.J. Sept. 8, 2010).  Plaintiffs' arguments thus fall flat, the Limited Warranty's terms must be enforced, and the express and implied warranty claims here fail.

**C.      The Opposition Does Not Save Plaintiffs' Implied Warranty Claims From Dismissal.**

**1.      The Limited Warranty's One-Year Limitation on the Implied Warranty of Merchantability Is Conspicuous and Must Be Enforced.**

The Limited Warranty expressly limits the implied warranty of merchantability to one year after purchase, which defeats the claims of the Bianchis, Castelos, Cecconis and Marino Plaintiffs.  Mot. at 17-19.  Plaintiffs do not dispute that the Limited Warranty and its disclaimer are brought to

7

consumers' attention using "bold-face, all-capitalized font," or that such "clear, conspicuous and unambiguous" disclaimers "*emphasized by capital letters*" are enforceable.  Opp. at 23; *Rapid Models & Prototypes, Inc. v. Innovated Sols.*, No. 14-277, 2015 U.S. Dist. LEXIS 108634, at *22-23 (D.N.J. Aug. 18, 2015) (emphasis added) (dismissing implied warranty claim with prejudice based upon disclaimer); *see* Ltd. Warranty at 45 (drawing attention to warranty with large, boldface font and emphasizing disclaimer with all-capitalized font).

Instead, Plaintiffs argue that the Limited Warranty is unenforceable – apparently forgetting that they have sued SEA for allegedly breaching it.  Opp. at 23.  Citing to inapposite caselaw, Plaintiffs wrongly assert that the Limited Warranty is inconspicuous because it was in the Refrigerators' "owner's manual" and because Plaintiffs purportedly were "not able to read and review" it before purchase.  *Id.* (citing *Zabriskie Chevrolet, Inc. v. Smith*, 240 A.2d 195 (N.J. Super. 1968), and *Hartford Fire Ins. Co. v. Roadtec, Inc.*, No. 09-6747, 2010 U.S. Dist. LEXIS 125443 (S.D.N.Y. Nov. 29, 2010)).  But Plaintiffs do <u>not</u> allege they could not locate the Limited Warranty or found any of its terms to be inconspicuous.  And they cannot do so now.  *Hughes v. UPS, Inc.*, 639 F. App'x 99, 104 (3d Cir. 2016) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  That alone disposes of their argument.

Nor do *Zabriskie* or *Hartford* direct otherwise.  Contrary to Plaintiffs' suggestion, *Zabriskie* did not hold that a warranty disclaimer is inconspicuous if not given to consumers prior to purchase.  Instead, *Zabriskie* found a disclaimer inconspicuous because it had been written in "fine print" and was located "on the back of the order form."  240 A.2d at 198-99.  The disclaimer was further inconspicuous since the order form containing it did not also include the warranty itself, which was placed in a "manual which was not received … until the delivery of the car, long after the contract was signed."  *Id.* at 199.  Plaintiffs here allege no such facts.  And, regardless, the Limited Warranty's disclaimer is clearly enforceable, since "a purchaser is bound by the terms located inside

8

a product packaging which are accessible after the sale has been consummated." *Kowalski v. YellowPages.com, LLC*, No. 09-2382, 2010 U.S. Dist. LEXIS 85039, at *11 (D.N.J. Aug. 9, 2010); *In re Samsung Elecs. Am., Inc. Blu-ray Class Action Litig.*, No. 08-663, 2008 U.S. Dist. LEXIS 105199, at *12-19 (D.N.J. Dec. 31, 2008) (enforcing warranty since "the law of New Jersey tolerates warranty information included inside product packaging.  The law does not require warranties or disclaimers to be printed on packaging … so that customers can 'readily' see and consider the terms before purchasing the product.  Thus, Defendant's decision to include warranty information on the inside of the [product] packaging comports with established law"); *Rue v. Kohler Corp.*, No. A-4610-04T1, 2006 N.J. Super. Unpub. LEXIS 1988, at *7 (N.J. App. July 25, 2006) ("It was error to hold that the disclaimers and limitations had not adequately been brought to the attention of the plaintiff because they were recited on a document inside the box with the product, had not been given directly to plaintiff, and had not been specifically accepted by her.").

*Hartford* likewise turns on inapposite facts: the sale of a $475,000 milling machine between two businesses, based on an "Equipment Proposal" that referred to a warranty placed on the "last page" of a manual "hundreds of pages long."  2010 U.S. Dist. LEXIS 125443, at *1-3.  Applying New York law, the *Hartford* Court ruled that the disclaimer in that warranty was inconspicuous since the parties "expected to read" such terms in the purchase contract.  *Id.* at *9, 18-19.  Unlike here, *Hartford* involved the contract documents governing a commercial transaction, not a consumer good where warranties are routinely found in product packaging.  *Blu-ray*, 2008 U.S. Dist. LEXIS 105199, at *12-13; *Rue*, 2006 N.J. Super. Unpub. LEXIS 1988, at *7; *Weinstat v. Dentsply, Int'l, Inc.*, 180 Cal. App. 4th 1213, 1230 (Cal. App. 2010) ("[T]he … argument that … the warranty must actually be handed over during the negotiation process … ignore[s] the practical realities of consumer transactions wherein the warranty card generally comes with the goods, packed in the box of boxed items ….   [S]uch interpretation would, in effect, render almost all

9

consumer warranties an absolute nullity.").

Because the Limited Warranty conspicuously limited the duration of the implied warranty to one year, the claims of the Bianchis, Castelos, Cecconis and Marino Plaintiffs must be dismissed.

### 2. Because Plaintiffs' Refrigerators Satisfied Their Ordinary Purpose at the Time of Delivery, Plaintiffs State No Claim for Breach of the Implied Warranty.

Plaintiffs' implied warranty claim also fails because any such claim "*accrue[d] when delivery of the product [was] made*" and because Plaintiffs do not allege that their Refrigerators failed to perform their ordinary purpose at the time of purchase. Mot. at 19-20 (quoting *Moulton v. LG Elecs. USA, Inc.*, No. 11-4073, 2012 U.S. Dist. LEXIS 117931, at *6 (D.N.J. Aug. 21, 2012) (emphasis added)). Plaintiffs do not dispute that their Refrigerators satisfied their ordinary purpose of keeping food cold or frozen at the time of purchase. Opp. at 24. Nor do their Refrigerators need to be "perfect in every detail" in order to be merchantable. *Adams v. Peter Tramontin Motor Sales, Inc.*, 126 A.2d 358, 364 (N.J. App. 1956); *see* Mot. at 19 (same, citing additional caselaw).

Plaintiffs instead urge this Court to ignore the *Moulton* case because it is "unpublished" and purportedly "unsupported (and unsupportable) by the laws of any state at issue."[1] Opp. at 24. Plaintiffs are flat out wrong. *Moulton* is good law, and Plaintiffs cite no authority showing otherwise. More importantly, contrary to Plaintiffs' position, this Court consistently holds that a product's ordinary purpose is evaluated "at the time of purchase." *Green v. Green Mt. Coffee Roasters, Inc.*, 279 F.R.D. 275, 283 & n.7 (D.N.J. 2011); *Hughes v. Panasonic Consumer Elecs. Co.*, No. 10-846, 2011 U.S. Dist. LEXIS 79504, at *66 (D.N.J. July 21, 2011) (same). So do other courts. *See, e.g.*, *RCI Contractors & Eng'rs, Inc. v. Joe Rainero Tile Co.*, 677 F. Supp. 2d 914, 917

---

[1] Plaintiffs argue that their allegations satisfy the implied warranty of "fitness for a particular purpose" – even though the FAC never alleges any such claim but, instead, repeatedly references the Refrigerators' "ordinary purpose." Opp. at 24; *see* FAC ¶¶95, 151-52, 172-73, 201, 203, 241, 243, 245 (underlining added).

10

(W.D. Va. 2010) (Virginia) ("A breach of warranty claim accrues **when goods are delivered**, regardless of whether the plaintiff knows of the breach." (emphasis added)).  Plaintiffs cannot sidestep *Moulton* or ignore the other concurring cases that SEA has cited.  Mot. at 19-20 (citing *Green*, *RCI Contractors* and *Moulton*).[2]  The Refrigerators satisfied their ordinary purpose at the time of purchase, and Plaintiffs' implied warranty claims must be dismissed.

### 3.   The Castelos' Song-Beverly Consumer Warranty Act Claim Fails With Their Implied Warranty Claim, and Is Also Untimely.

As SEA has explained, the Castelos' Song-Beverly Consumer Warranty Act ("SBCWA") claim fails for the same reasons as their implied warranty claim: (1) the Limited Warranty limited claims for breach of the implied warranty of merchantability to one year after purchase; and (2) the Castelos do not allege that their Refrigerator failed to satisfy its ordinary purpose at the time of delivery.  Mot. at 20-22; Part II.C.1-2; FAC ¶¶44-46.  This disposes of their SBCWA claim.

Their claim also independently fails because Section 1791.1(c) of the California Civil Code directs that an SBCWA/implied warranty "'shall be coextensive in duration with an express warranty which accompanies the consumer goods … but in no event … have a duration of … more than one year following the sale of new consumer goods to a retail buyer.'"  Mot. at 21 (quoting *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*, 758 F. Supp. 2d 1077, 1100-01 (S.D. Cal. 2010) (quoting Cal. Civ. Code § 1791.1(c))).  The Castelos allege no problems with their Refrigerator until more than a year after purchase.  *See* FAC ¶¶44-46.

The Castelos wrongly argue – with minimal elaboration, and ignoring the law cited by SEA – that their SBCWA claim survives based upon *Coleman-Anacleto v. Samsung Electronics America, Inc.*, No. 16-2941, 2016 U.S. Dist. LEXIS 123455 (N.D. Cal. Sept. 12, 2016).  Opp. at 25.

---

[2] Nor is it relevant that *Moulton* is an unpublished case.  This Court's Local Civil Rules do not prohibit the citation of unpublished cases – indeed, Plaintiffs' Opposition is replete with them.

*Coleman-Anacleto* is not good law.   In ruling on an SBCWA claim, *Coleman-Anacleto* relied exclusively on a California appeals court ruling, *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297 (Cal. App. 2009), which had declined to dismiss an SBCWA claim even though its plaintiff brought it after the statutory deadline had expired.   *Coleman-Anacleto*, 2016 U.S. Dist. LEXIS 123455, at *44-47.   But *Mexia* has been rejected as "contrary to established California case law" since it would "render meaningless any durational limits on implied warranties because [e]very defect that arises could conceivably be tied to an imperfection existing during the implied warranty period." *Valencia v. Volkswagen Grp. of Am. Inc.*, 119 F. Supp. 3d 1130, 1139 (N.D. Cal. 2015) (internal punctuation omitted); *see also Hardt v. Chrysler Grp. LLC*, No. 14-1375, 2015 U.S. Dist. LEXIS 182077, at *33-35 (C.D. Cal. Mar. 16, 2015) (declining to follow *Mexia*).   Instead, "[t]he majority of cases" do not follow *Mexia* and enforce the statutory limitation of Section 1791.1(c).   *Valencia*, 119 F. Supp. 3d at 1139 (dismissing plaintiffs' SBCWA claim).

Since the Castelos do not dispute that they filed their SBCWA claim more than a year after California's statutory deadline expired, their SBCWA claim fails for this additional reason as well.

### 4.    The Castelos, Cecconis, Kauffman Plaintiffs and Mahoneys Failed to Give SEA Pre-Suit Notice of Its Alleged Warranty Breach.

In Pennsylvania, pre-suit notice is a "condition precedent" for breach of express and implied warranty claims.   *Vanalt Elec. Constr., Inc. v. Selco Mfg. Corp.*, 233 F. App'x 105, 111 (3d Cir. 2007); *Kee v. Zimmer, Inc.*, 871 F. Supp. 2d 405, 410-11 (E.D. Pa. 2012) (dismissing express and implied warranty claims for lack of pre-suit notice); *AFSCME v. Ortho-Mcneil-Janssen Pharms., Inc.*, No. 08-5904, 2010 U.S. Dist. LEXIS 23181, at *18-22 (E.D. Pa. Mar. 11, 2010) (same).   The Cecconis and Kauffman Plaintiffs do not dispute that they failed to allege this condition precedent.

Instead, they cite a 37-year-old case for the proposition that the filing of a complaint constitutes adequate notice.   Opp. at 26 (citing *Yates v. Clifford Motors, Inc.*, 423 A.2d 1262, 1270 (Pa. Super 1980)).   *Yates* is readily distinguishable, however, since, in addition to filing his lawsuit,

its plaintiff "made [defendant] aware of every defect of which he complained" and also "made no payment on the purchase of [defendant's] truck and advised the Jermyn Bank that none would be forthcoming unless the problems were corrected." 423 A.2d at 1269-70. *Yates* therefore concluded that, "given the circumstances of this case," plaintiff's complaint constituted adequate notice "that the truck was then being rejected." *Id.* at 1270. But the Cecconis and Kauffman Plaintiffs allege no such circumstances here, and, in all events, the argument that Pennsylvania permits a complaint to serve as notice is refuted by modern caselaw, including from the Third Circuit. *See Vanalt Elec.*, 233 F. App'x at 111 (pre-suit "notice is a precondition" for Pennsylvania warranty claims); *Kee*, 871 F. Supp. 2d at 410-11 (same, dismissing warranty claims); *AFSCME*, 2010 U.S. Dist. LEXIS 23181, at *18-22 (dismissing Pennsylvania warranty claims because plaintiff did not provide notice "before the buyer initiates a lawsuit"). Their claims thus fail for lack of pre-suit notice.

The Castelos and Mahoneys concede that "California and New Jersey do not accept civil lawsuits as pre-suit notice." Opp. at 25-26. But, citing five paragraphs from the FAC, they argue that they "did give Samsung pre-suit notice." *Id.* In fact, none of those paragraphs alleges that the Castelos or Mahoneys told SEA that they considered it to be in breach of its warranty obligations; instead, they allege contacting "Samsung" only to inquire about the Refrigerators or to schedule service visits. *See* FAC ¶¶47, 51, 57, 61-62. And they provide no authority for the proposition that, any time a consumer calls a distributor/manufacturer to inquire about a product's performance, such a call constitutes notice that the warranty has been breached. The implied warranty claims of the Castelos and Mahoneys therefore must also be dismissed.

### 5. The California, Florida and Pennsylvania Plaintiffs' Claims Must Be Dismissed For Failing to Allege Privity.

Under California, Florida and Pennsylvania law, implied warranty claims fail where plaintiffs do not allege privity with the defendant. Mot. at 22-23 (citing caselaw). The Castelos, Cecconis, Kauffman Plaintiffs and Marino Plaintiffs do not dispute they have not alleged privity

with SEA.  Opp. at 26-27.  Since they also do not dispute that Pennsylvania requires plaintiffs to allege privity, the Cecconis' and Kauffman Plaintiffs' implied warranty claims fail.  *See id.* at 27.

The Castelos and Marino Plaintiffs argue that "[p]laintiffs from California … [and] Florida" need not allege privity.  *Id.*  They are wrong.  The Ninth Circuit has ruled that the <u>only</u> exception to the privity requirement in California is "when the plaintiff relies on written labels or advertisements of a manufacturer" or in "special cases involving foodstuffs, pesticides, and pharmaceuticals, and where the end user is an employee of the purchaser" – which the Castelos do not allege, requiring dismissal of their claim.[3]  *Clemens*, 534 F.3d at 1023-24 ("California courts have painstakingly established the scope of the privity requirement … and a federal court sitting in diversity is not free to create new exceptions to it.").  Last, the Marino Plaintiffs argue that privity need not be alleged in Florida because of the third-party beneficiary exception stated in *In re Volkswagen Timing Chain Product Liability Litigation*, No. 16-2765, 2017 U.S. Dist. LEXIS 70299 (D.N.J. May 8, 2017).  Opp. at 27.  But *Volkswagen* based its understanding of Florida law solely on a case whose holding has been discredited.  2017 U.S. Dist. LEXIS 70299, at *49 (citing *Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223 (S.D. Fla. 2014)).  In fact, *Sanchez-Knutson* cites <u>no</u> "Florida authority holding the third-party beneficiary exception [is] applicable in a consumer products context."  *In re Seagate Tech. LLC Litig.*, No. 16-523, 2017 U.S. Dist. LEXIS 137270, at *25 (N.D. Cal. Aug. 25, 2017).  Accordingly, courts applying Florida law "decline[] to create what would appear, with the exception of a single decision [*i.e.*, *Sanchez-Knutson*] by another federal district court, to be a 'new exception[]' to the privity rule established by the Florida courts."  *Id.*  This Court too should follow Florida law, and dismiss the Marino Plaintiffs' claim.

---

[3] Not only do the Castelos allege no reliance on "written labels and advertisements" by SEA, *see* Mot. at 3; FAC ¶¶44-47, but SEA is a <u>distributor</u>, not a manufacturer, of the Refrigerators. *Clemens*, 534 F.3d at 1023 (exception for "labels or advertisements ***of a manufacturer***" (emphasis added)).

**6.      Any Express or Implied Warranty Claims Based Upon UCC Lease Provisions Are Inapplicable and Must Be Dismissed.**

Plaintiffs admit that they did not lease their Refrigerators.  Opp. at 27-28.  But they argue that they can "represent" Refrigerator lessors, citing to irrelevant caselaw regarding the composition of classes under Rule 23.  *Id.* at 21, 27-28.  That argument is frivolous.  All agree that the UCC provisions at issue apply <u>exclusively</u> to "lessor[s]," and Plaintiffs unambiguously pleaded that they bought their Refrigerators.  Mot. at 23 (quoting N.J.S.A. § 12A:2A-212(1)); FAC ¶¶22, 40, 44, 48, 55, 58.  Accordingly, any express or implied warranty claims based on UCC lease provisions fail.

**D.      Plaintiffs Refute None of the Independently Dispositive Reasons Requiring Dismissal of their Unjust Enrichment Claim.**

Plaintiffs' unjust enrichment claim must be dismissed for several independent and dispositive reasons.  Mot. at 10-12.  The Opposition fails to refute any of them.

<u>First</u>, because the Limited Warranty governs the complete relationship between SEA and Plaintiffs, their unjust enrichment claim is barred as a matter of law.  *In re Philips/Magnavox TV Litig.*, No. 09-3072, 2010 U.S. Dist. LEXIS 91343, at *29 (D.N.J. Sept. 1, 2010) (dismissing unjust enrichment claim because it "cannot succeed where an express contract governs the parties relationship").[4]  Plaintiffs do not contest that California, Florida, New Jersey, Pennsylvania and Virginia preclude an unjust enrichment claim when a contract governs the parties' relationship. Opp. at 9-12.  Nor do they dispute that the Limited Warranty is a contract in those states.  *Id.* at 9-10.  And while Plaintiffs argue that they "may plead alternative, and even inconsistent claims," they

---

[4] *See Dickey v. Advanced Micro Devices, Inc.*, No. 15-4922, 2016 U.S. Dist. LEXIS 47383, at *24 (N.D. Cal. Apr. 7, 2016) (dismissing California unjust enrichment claim since product warranty governed complete relationship between parties); *Vantage Learning (USA), LLC v. Edgenuity, Inc.*, No. 16-4983, 2017 U.S. Dist. LEXIS 48836, at *4-5 (E.D. Pa. Mar. 30, 2017) (same, under Pennsylvania law); *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1324 (S.D. Fla. 2009) (same, under Florida law); *Jones v. Bank of Am. Corp.*, No. 09-162, 2010 U.S. Dist. LEXIS 142918, at *23 (E.D. Va. Aug. 24, 2010) (same, involving contract under Virginia law); *see also* Mot. at 10.

have not properly done so.  *Id.* at 9.  For one, although an unjust enrichment claim can be pled in the alternative to contract-based claims, it must be dismissed where, as here, it incorporates by reference preceding allegations in the complaint showing a contractual relationship.  *See, e.g., Oddo v. Arcoaire Air Conditioning & Heating*, No. 15-1985, 2017 U.S. Dist. LEXIS 10507, at *67 (C.D. Cal. Jan. 24, 2017) (dismissing unjust enrichment claims under California and Florida law for allegedly defective product when complaint incorporated by reference contract allegations); *Oswell v. Morgan Stanley Dean Witter & Co.*, No. 06-5814, 2007 U.S. Dist. LEXIS 44315, at *29-30 (D.N.J. June 18, 2007) (dismissing New Jersey unjust enrichment claim for incorporating contract allegations by reference); *see* FAC ¶86 (incorporating allegations from the FAC).  More critically, "'pleading both breach of contract and unjust enrichment [in the alternative] is plausible only when the validity of the contract itself is actually disputed, making unjust enrichment a potentially available remedy.'"  *Melville v. Spark Energy, Inc.*, No. 15-8706, 2016 U.S. Dist. LEXIS 157920, at *15 (D.N.J. Nov. 15, 2016) (quoting *Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 170 (3d Cir. 2014)) (dismissing New Jersey unjust enrichment claim).  But Plaintiffs do not question the Limited Warranty's validity; indeed, they affirmatively plead coverage under it. FAC ¶¶50, 60, 225; *id.*, Ex. 5 (ECF 16-5).  Thus, the other allegations in the FAC doom their unjust enrichment claim.

Where, as here, a consumer seeks damages for a defective product, his claim is governed by the terms of the express warranty, not the law of unjust enrichment.  *Oddo*, 2017 U.S. Dist. LEXIS 10507, at *67 (dismissing California and Florida unjust enrichment claims as precluded by product warranty); *Rice v. Electrolux Home Prods., Inc.*, No. 15-371, 2015 U.S. Dist. LEXIS 97902, at *19-20 (M.D. Pa. July 28, 2015) (same, under Pennsylvania law); *Alban*, 2010 U.S. Dist. LEXIS 94038, at *39 (same, under New Jersey law).  Plaintiffs argue that their unjust enrichment claim somehow lies "outside the scope of the [L]imited [W]arranty provided."  Opp. at 10.  But it is firmly settled that a plaintiff cannot use an unjust enrichment claim to alter or expand the terms of an express

warranty that covers the product that is the subject of his claim. *See, e.g., Oddo*, 2017 U.S. Dist. LEXIS 10507, at *67 (C.D. Cal. Jan. 24, 2017) (dismissing unjust enrichment claims asserted under California and Florida law); *Alban*, 2010 U.S. Dist. LEXIS 94038, at *39 (dismissing New Jersey unjust enrichment claim because allegedly defective vehicle did not need repairs until after warranty expired). Therefore, Plaintiffs cannot assert unjust enrichment claims for alleged injuries occurring after the Limited Warranty expired or for supposed concealment of purported defects.

Nor is it "inappropriate" for the Court to "interpret the Limited Warranty … on this motion to dismiss." Opp. at 10 n.9. This District dismisses with prejudice unjust enrichment claims when, as here, they are "directly contradicted by the terms of the [a]greement" between the parties. *Tempo Networks LLC v. NIA*, No. 14-6334, 2016 U.S. Dist. LEXIS 60766, at *8-9 (D.N.J. May 9, 2016) (dismissing New Jersey unjust enrichment with prejudice). Here, the Limited Warranty provides exclusive, time-limited remedies for consumers, and disclaims any other claims for the "USE, MISUSE OR INABILITY TO USE THIS PRODUCT, REGARDLESS OF THE LEGAL THEORY ON WHICH THE CLAIM IS BASED" – thus precluding Plaintiffs' unjust enrichment claim. Ltd. Warranty at 45 (all-caps in original). Plaintiffs' claim for unjust enrichment expressly contradicts the limitations of the express warranty and must be dismissed.

The cases upon which Plaintiffs rely[5] do not aid them since none involves an unjust enrichment claim arising from a transaction subject to an express warranty or contract's terms. Nor

_____

[5] Opp. at 11-12 (citing *Beacon Wireless Sol., Inc. v. Garmin Int'l, Inc.*, 894 F. Supp. 2d 727, 736 (W.D. Va. 2012) (permitting unjust enrichment claim where nondisclosure agreement regarding use and disclosure of plaintiff's confidential information for proprietary application did not cover defendants' alleged appropriation and sale of commercial product integrating same), *AutoNation, Inc. v. GAINSystems, Inc.*, No. 08-61632, 2009 U.S. Dist. LEXIS 57260, at *4-5 (S.D. Fla. July 7, 2009) (permitting unjust enrichment claim where defendant allegedly incurred additional costs to assist plaintiff in fulfilling duties under commercial contract beyond what the parties' agreement contemplated), and *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 735-36 (D.N.J. 2008) (permitting unjust enrichment claim where subcontractor provided services to retailer defendant and where no contract existed between subcontractor and retailer).

is this case akin to *Glenn v. Hyundai Motor America, Inc.*, No. 15-2052, 2016 WL 7507766, at *1 (C.D. Cal. Nov. 21, 2016).  The plaintiffs in *Glenn* did not attempt to allege a combination of state-law breach of express warranty and unjust enrichment claims, whereas Plaintiffs here have improperly attempted to allege both and have ultimately succeeded at neither.  *Id.* at *2, 5-6.  The Limited Warranty thus precludes Plaintiffs' claim.

Second, because the Mahoneys and Marino Plaintiffs have continued to use their Refrigerators, they have derived a substantial benefit under Florida and New Jersey law, and their unjust enrichment claims therefore fail.  Mot. at 10-11.  They assert without authority that using a product does not constitute "substantial benefit" if the product requires periodic servicing.  Opp. at 12-14.  To the contrary, courts reject unjust enrichment claims where, as here, plaintiffs continued using a product or service even after learning of its alleged defects or shortcomings.  *See, e.g.*, *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012) (dismissing Florida unjust enrichment claim since, even after alleged incident, plaintiffs remained on cruise ship and thus benefitted from their ticket purchase); *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1335 (S.D. Fla. 2007) (dismissing Florida and New Jersey unjust enrichment claims since plaintiffs continued using product despite knowing its alleged defects).  The unjust enrichment claims of the Mahoneys and Marino Plaintiffs thus fail in light of their ongoing use of the Refrigerators.

Third, the Bianchis' and Mahoneys' claims also fail because they pleaded no expectation of remuneration from SEA, which is an essential element of unjust enrichment in New Jersey and Virginia.  Mot. at 11.  They do not dispute that expectation of remuneration is a fundamental element of their claims, but argue that "unjust enrichment is a proper remedy for a plaintiff who did not actually expect remuneration at purchase, but *would have* if Defendant had provided the necessary information."  Opp. at 14 (emphasis in original).  Their argument is unavailing.  For one, "[t]he bare allegation that a defendant should be expected to repay whatever profits it realized from

a sale to an unhappy customer does not state a claim for unjust enrichment." *In re Chinese Drywall Cases,* 80 Va. Cir. 69, 84 (Va. Cir. Ct. 2010) (sustaining demurrer of Virginia unjust enrichment claim).   Moreover, the Bianchis and Mahoneys did <u>not</u> allege in the FAC that they 'would have' expected remuneration from SEA had they known of their Refrigerators' purported defects.   FAC ¶¶86-93; *McCalley*, 2008 U.S. Dist. LEXIS 28076, at *29 (dismissing New Jersey unjust enrichment claim for alleged undisclosed latent defect where plaintiff did not allege "any facts" that he expected remuneration).   Nor can they make such allegations in their Opposition brief.   *Hughes*, 639 F. App'x at 104 (opposition brief cannot amend complaint).   Plaintiffs' claims therefore fail.

<u>Fourth</u>, in New Jersey, "when an individual purchases a consumer product from a third-party store …, the purchaser has not conferred a benefit directly to the manufacturer." *Fishman v. GE Co.*, No. 12-585, 2013 U.S. Dist. LEXIS 61389, at *16 (D.N.J. Apr. 30, 2013).   Thus, "the majority of courts in this District … find[] that a manufacturer is not liable for unjust enrichment if plaintiffs purchased the goods in question from a third-party." *Id.* at *16-17 (dismissing New Jersey unjust enrichment claim); *T.J. McDermott Transp. Co. v. Cummins, Inc.*, No. 14-4209, 2015 U.S. Dist. LEXIS 29678, at *38 (D.N.J. Mar. 11, 2015) (same); *Hughes*, 2011 U.S. Dist. LEXIS 79504, at *78-79 (same).   Having bought their Refrigerator from Best Buy, the Mahoneys' claim thus fails.[6]

<u>Fifth</u>, because the Castelos' unjust enrichment claim merely duplicates other relief sought in the FAC, it is not an independent claim under California law and must be dismissed.   Mot. at 12. Plaintiffs concede that "California courts have said unjust enrichment is not an independent cause of

---

[6] The Mahoneys admit that they must have "some direct relationship" with SEA to allege unjust enrichment, yet rely on *Stewart v. Beam Global Spirits & Wine, Inc.*, 877 F. Supp. 2d 192 (D.N.J. 2012), for the proposition that such relationship exists since their Refrigerator bore the Samsung brand.   Opp. at 15-18.   To the extent *Stewart* can be read to support that position, it was wrongly decided.   *See Fishman*, 2013 U.S. Dist. LEXIS 61389, at *16-17.   Indeed, even the Court in *Stewart* acknowledged that the "weight of … authority is certainly in … favor" of dismissal where, as here, defendant's product is bought from third-party retailers.   *Stewart*, 877 F. Supp. 2d at 197.

action," yet argue that some cases have held otherwise.  Opp. at 18.  But, as other courts have recognized, the cases on which Plaintiffs rely, *see id.* (citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723 (Cal. App. 2000), and *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657 (Cal. App. 1992)), came out differently because they involved "a restitution theory as the sole claim."  *In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litig.*, 880 F. Supp. 2d 801, 832 (S.D. Ohio 2012) (dismissing California unjust enrichment claim since it "does not enlarge the range of remedies that a plaintiff may seek and thus adds nothing to the complaint"); *Coast Law Grp. v. Panagiotou*, No. 12-1446, 2013 U.S. Dist. LEXIS 199773, at \*16-17 (S.D. Cal. Mar. 28, 2013) (dismissing California unjust enrichment claim as "duplicative of relief already available under various legal doctrines").  Because the Castelos do not rest solely upon a restitution theory, those cases are likewise inapt here, and do not salvage the claim.

**E.    Plaintiffs' Strict Liability Claims Fail Under the Laws of Their Respective States.**

**1.    The Bianchis Concede That Their Strict Liability Claims Are Fatally Deficient.**

Since Virginia "does not permit tort recovery on a strict-liability theory in product-liability cases," the Bianchis "withdraw" their strict liability claims, requiring their dismissal.  Mot. at 30; Opp. at 28 n.12; *Fastax, Inc. v. Jackson Hewitt, Inc.*, No. 13-3078, 2014 U.S. Dist. LEXIS 36422, at \*16 (D.N.J. Mar. 20, 2014) (dismissing claim withdrawn in opposition brief to Rule 12 motion).

**2.    Plaintiffs' Claims Are Barred by the Economic Loss Doctrine.**

The economic loss doctrine, construed under the laws of Plaintiffs' home states, bars their strict liability claims.  Mot. at 24-25.  Plaintiffs argue, however, that the doctrine does not apply because they allege facts showing "damage to property other than [their Refrigerators], or personal injury."  Opp. at 28-29.  Even cursory review of the FAC disposes of that argument.

Plaintiffs rely on boilerplate allegations that "Plaintiffs and Class Members have suffered property damage and other incidental and consequential damages as a direct and proximate result of

the Defects," but fail to allege any specific harm to persons or property suffered by *any* of the Plaintiffs. *Id.* at 29; *see* FAC ¶¶22-61; *Mann v. Brenner*, 375 F. App'x 232, 236 (3d Cir. 2010) (courts are "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation"). Even Plaintiffs' allegations of "water leakage" plainly refer to purported leakage *inside* the Refrigerators. FAC ¶¶2 (alleging "water leakage from the ice house to below the refrigerator crisper trays"), 34 ("[T]he Bianchis' refrigerator experienced water dripping into the area below the refrigerator deli trays/crispers."), 42 (alleging "ice maker began producing and leaking water"); *Coates v. Ill. State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977) (courts should "not strain to find inferences favorable to the plaintiffs which are not apparent on the face of [the] complaint"). Because they do not allege their Refrigerators caused harm to persons or other property, the economic loss doctrine bars Plaintiffs' strict liability claims.

### 3. Plaintiffs Fail to Sufficiently Allege a Design Defect.

Plaintiffs do not adequately plead a defect with their Refrigerators' icemakers. Mot. at 25-27. They concede that, to plead a design defect claim, they are "required to provide sufficient allegations about the defects alleged and the general mechanism of failure." Opp. at 29. But the FAC identifies no defect, alleging only symptoms purportedly exhibited by the icemakers, such as "ic[ing] over and ceas[ing] to function, "producing and leaking water rather than producing ice … and slushy ice" and "freezing up." FAC ¶¶6, 42, 46, 50. Plaintiffs' vague contention that the icemakers themselves are "the component claimed to be defective" is likewise insufficient, as it fails to put SEA on notice as to what component in the icemakers is allegedly defective. Opp. at 30; *Witt v. Howmedica Osteonics Corp.*, No. 13-20742, 2013 U.S. Dist. LEXIS 181203, at *6 (S.D. Fla. Dec. 30, 3013) ("[W]ithout specific allegations as to the components which Plaintiff alleges are defective and how those components are defective, Defendant cannot answer.").

Nor do the TSBs support Plaintiffs' claim. SEA has shown that certain Plaintiffs'

21

Refrigerators either are not models included in the TSBs or were bought after certain changes listed in TSB 2014 were implemented, and thus have no bearing on Plaintiffs' claims.  Mot. at 26-27. And to the extent Plaintiffs try to rely on the "root cause" language of TSB 2015 by asserting that it "describ[ed] the Defects," they are incorrect.  The term "root cause" as used in TSB 2015 did not refer to a design defect but instead to "customer complaints" regarding "symptoms" exhibited by the Refrigerators.  Opp. at 30; Oliss Dec., Ex. H (ECF 47-12) ("TSB 2015") at 2.  For these reasons and those set forth in SEA's Motion, pointing to the TSBs does not suffice to plead a design defect.

Moreover, the caselaw on which Plaintiffs rely is inapposite.  Opp. at 30.  Three of their cases focus on when expert testimony is needed to prove a design defect and thus are irrelevant as to whether Plaintiffs' claim is adequately pleaded.  *McCracken v. Ford Motor Co.*, 392 F. App'x 1, 3 (3d Cir. 2010) (concerning failure to retain expert in product liability case); *Oddi v. Ford Motor Co.,* 234 F.3d 136, 159 (3d Cir. 2000) (concerning when expert testimony is needed for summary judgment on Pennsylvania product liability claims); *Lauder v. Teaneck Volunteer Ambulance Corps*, 845 A.2d 1271, 1277 (N.J. App. 2004) (addressing trial use of expert testimony to show defect). And *Mountain Club Owner's Association v. Graybar Electric Co*. is also irrelevant because, as discussed below, the FAC pleads no design defect claim under California law.  No. 13-1835, 2014 U.S. Dist. LEXIS 4783, at *1 (E.D. Cal. Jan. 14, 2014); *see* Part II.E.7.  Finally, unlike here, where Plaintiffs identify no icemaker component that is purportedly defective, the plaintiff in *Brown v. Skechers, U.S.A., Inc.* did allege "the specific part of the product that broke during normal operation."  No. 09-746, 2009 U.S. Dist. LEXIS 88944, at *5-6 (M.D. Fla. Sep. 28, 2009).  Thus, none of these cases salvage Plaintiffs' fatally flawed design defect allegations.

### 4. Plaintiffs Do Not Plead an "Unreasonably Dangerous" Product Defect Under Florida and Pennsylvania Law.

The strict liability claims of the Cecconis, Kauffman and Marino Plaintiffs fail because they do not "adequately plead that the product was unreasonably dangerous."  *Kisner v. Bank of Am.,*

*N.A.*, No. 11-4264, 2012 U.S. Dist. LEXIS 22878, at *14 (W.D. Mo. Feb. 23, 2012) (dismissing strict liability claim); Mot. at 27-28. Citing to a single case – *Mackowick v. Westinghouse Electric Corp.*, 575 A.2d 100 (Pa. 1990) – Plaintiffs argue that they were not required to use the phrase "unreasonably dangerous." Opp. at 31. But *Mackowick* involved an electrician who was severely burned by defendant's high-voltage capacitor but whose strict liability claims "failed as a matter of law." 575 A.2d at 102-03 (affirming trial judgment against plaintiff on strict liability). *Mackowick* is thus irrelevant here: it does not involve facts remotely akin to those pleaded by the Cecconis, Kauffman Plaintiffs and Marino Plaintiffs, nor does it address whether plaintiffs bringing strict product liability claims must plead that the consumer product at issue is "unreasonably dangerous."

Plaintiffs also argue that their water leakage allegations mean that the Refrigerators were "unreasonably dangerous." Opp. at 31. This too is incorrect. First, neither the Cecconis nor the Kauffman Plaintiffs allege water leakage. FAC ¶¶57, 60-61. And, while the Marino Plaintiffs allege that water leaked inside their Refrigerator, they do not allege that this posed *any* danger, much less "unreasonable danger." *Id.* ¶42 (alleging, without any elaboration, that "the ice maker began producing and leaking water"); *see, e.g.*, *Hagen v. McAlpine & Co.*, No. 14-1095, 2015 U.S. Dist. LEXIS 8524, at *14 (D. Minn. Jan. 26, 2015) (allegations of water leakage, even when combined with speculative assertions that water leakage could cause mold or electric shock, are insufficient to plead product was "unreasonably dangerous"). For several reasons, Plaintiffs also cannot rely on an unverified online posting stating that a refrigerator caused "'one big dangerous mess.'" Opp. at 31-32 (quoting FAC ¶72). For one, that posting is not alleged to have been made by the Cecconis, Kauffman Plaintiffs or Marino Plaintiffs, and, indeed, does not even concern any of their Refrigerators models. *Compare* FAC ¶72 (online complaint), *with id.* ¶¶40, 55, 58 (allegations of Cecconis, Kauffman Plaintiffs and Marino Plaintiffs). This Court, moreover, rejects reliance on anonymous internet postings. *Rait v. Sears, Roebuck & Co.*, No. 08-2461, 2009 U.S. Dist. LEXIS

23

70217, at *13 (D.N.J. Aug. 10, 2009). Further, even if the posting had concerned a named plaintiff (it does not), it remains conclusory, since it never explains *how* the refrigerator is dangerous. As such, the Cecconis, Kauffman Plaintiffs and Marino Plaintiffs' design defect claims are unsupported by factual allegations showing that their Refrigerators are somehow "unreasonably dangerous."

     **5.**     **The New Jersey and Pennsylvania Plaintiffs Allege No Alternative Design.**

The Cecconis, Kauffman Plaintiffs and Mahoney Plaintiffs fail to plead a reasonable alternative design for their Refrigerators' allegedly defective icemakers, as required under New Jersey and Pennsylvania law. *See* Mot. at 28-29; *Johnson v. Draeger Safety Diagnostics, Inc.*, No. 13-2439, 2013 U.S. Dist. LEXIS 101188, at *14 (D.N.J. July 19, 2013) (dismissing New Jersey design defect claim for failure to plead alternative design); *In re Nelson*, No. 12-7317, 2013 U.S. Dist. LEXIS 57920, at *3-5 (D.N.J. Apr. 17, 2013) (same); *Short v. WCI Outdoor Prods., Inc.*, No. 99-3526, 2000 U.S. Dist. LEXIS 16009, at *11 (E.D. Pa. Nov. 2, 2000) (granting summary judgment where plaintiff failed to show alternative design).

Plaintiffs argue that they are not "required to allege or prove an alternative design in order to move forward with and prevail on their strict liability claim" in New Jersey and Pennsylvania. Opp. at 32. For support, Plaintiffs cite to dicta in a footnote of *Lance v. Wyeth*, 85 A.3d 434, 459 n.36 (Pa. 2014). Opp. at 32. But *Lance* involved a design defect negligence claim, whose elements differ materially from those of strict liability. *Klemka v. Dillon Cos.*, No. 95-4548, 1996 U.S. Dist. LEXIS 15395, at *4 (E.D. Pa. Oct. 3, 1996) (noting that, in Pennsylvania, "strict liability is different from negligence" and allowing negligence claim to proceed notwithstanding that strict liability claim failed). Plaintiffs also cite *Truchan v. Nissan Motor Corp. in U.S.A.*, 720 A.2d 981, 986 (N.J. App. 1998), but that decision supports SEA, not Plaintiffs. Opp. at 32. The *Truchan* court in observed that, under New Jersey law, "[a] plaintiff must generally prove that the product could have been designed in an alternative manner so as to minimize or eliminate the risk of harm,"

which includes "the existence of an alternative design that is both practicable and feasible." 720 A.2d at 986 (quotations omitted). For all of these reasons, the Cecconis, Kauffman Plaintiffs and Mahoney Plaintiffs fail to allege an alternative design, requiring dismissal of their claims.

6. **Because They Allege Only Economic Injuries, the NJPLA Precludes the Mahoneys' Claim.**

The Mahoneys' strict liability design defect claim must be dismissed because it is precluded by the NJPLA. Mot. at 29. The Mahoneys do not dispute that the NJPLA precludes common-law strict liability claims when the harm alleged concerns only the purportedly defective product. Opp. at 32-33. But they argue that the NJPLA does not preclude their claims here since it is "predicated on the same erroneous assertions as the economic loss rule" and since the Mahoneys purportedly "have asserted harm, other than to the product itself." *Id.* In fact, the Mahoneys allege <u>no</u> damage to <u>any</u> other property. FAC ¶¶48-54. Nor can they base a strict liability claim on the assertion that the alleged defects "cause[d] [Plaintiffs'] refrigerators' ice makers to fail and damage other property." *Id.* ¶116. Such conclusory assertions do not suffice at the Rule 12 stage. *Mann*, 375 F. App'x at 236. Having alleged harm to nothing but their Refrigerator, the Mahoneys' claim fails.

7. **The Castelos Fail to Plead Design Defect Under the Two Theories Recognized Under California Law.**

The Castelos' design defect claim must be dismissed for failure to plead either of the two theories recognized in California. Mot. at 29-30. And the only case that the Castelos cite is in accord, applying the same test that SEA set forth in its Motion. Opp. at 33 (citing *Johnson v. U.S. Steel Corp.*, 240 Cal. App. 4th 22, 32-33 (Cal. App. 2015)). Moreover, the Castelos' argument is unavailing that they "sufficiently alleged a 'warning defect,' for Defendant's *failure to warn* the consumers who purchase the [Refrigerators]." *Id.* (emphasis added). Only the Bianchis made – and in the Opposition then withdrew – a failure-to-warn claim, and "[w]here the amended complaint does not make a claim, [the Castelos] cannot add a new claim through an opposition brief." *Id.* at

25

28 n.12; FAC ¶¶125-32; *Williams v. Spencer*, 883 F. Supp. 2d 165, 181 (D.D.C. 2012).

Accordingly, the Castelos' strict liability claim for design defect must be dismissed.

**F.      Each of Plaintiffs' State Statutory Consumer Protection Claims Must Be Dismissed For Failure to Satisfy Rules 9(b) and 12(b)(6).**

> **1.      Plaintiffs' Statutory Consumer Protection Claims Fall Short of Rule 9(b)'s Heightened Pleading Requirements.**

Plaintiffs' statutory consumer protection claims must be dismissed under Rule 9(b).  Mot. at 32-34, 48-49.  Although Rule 9(b)'s heightened pleading standards govern Plaintiffs' FDUTPA, NJCFA, UTPCPL, VCPA, CLRA and UCL claims, the FAC pleads none of them with sufficient specificity but relies upon conclusory assertions instead.  *Id.* at 32-34 (collecting cases)

<u>First</u>, Rule 9(b) applies to all of Plaintiffs' statutory consumer claims arising under state law. *Id.*  Plaintiffs do not dispute that Rule 9(b) applies to their VCPA, UTPCPL, CLRA and UCL claims.  Opp. at 36, 44-55.  And they agree that, to the extent their NJCFA claim is based on alleged misrepresentation or omission, it too must satisfy Rule 9(b).  *Id.* at 40.  They argue that Rule 9(b) does not apply to their FDUTPA claim or to their NJCFA claim for allegedly unconscionable commercial practices.  *Id.* at 39.  That is wrong.  Where, as here, a FDUTPA claim is based upon allegations of "fraud," "decepti[on]" and "induc[ement]," it "sound[s] in fraud" and must satisfy Rule 9(b).  *Llado-Carreno v. Guidant Corp.*, No. 09-20971, 2011 U.S. Dist. LEXIS 17088, at *14-15 (S.D. Fla. Feb. 22, 2011) (dismissing FDUTPA claim for failing to satisfy Rule 9(b)); *see* FAC ¶162 (for FDUTPA claim, alleging that consumers bought refrigerators because of SEA's concealment and failure to disclose defects).  And Rule 9(b) also applies to NJCFA claims for allegedly unconscionable commercial practices.  *Hofman v. Time Warner Cable, Inc.*, No. 12-978, 2013 U.S. Dist. LEXIS 79833, at *15 (D.N.J. June 6, 2013) (ruling that "[t]he heightened pleading standard [of Rule 9(b)] applies to ***all three prongs of the NJCFA claim***," and dismissing NJCFA claim under Rule 9(b) (emphasis added) (internal citations omitted)).

Second, Plaintiffs acknowledge that Rule 9(b) requires "the who, what, when, where, and how" of their claims or that they "otherwise inject[] precision or some measure of substantiation" into their allegations.  Opp. at 35 (quotations omitted).  But conclusory declarations that "Plaintiffs have done [so]" do not address the FAC's pleading deficiencies, such as Plaintiffs' failure to allege pre-purchase communications with SEA or to provide essential details regarding the circumstances of their purchases.  *Id.*; *see* Mot. at 32-34, 48-49 (constituting SEA's Rule 9(b) arguments).

Because Plaintiffs' statutory consumer claims do not satisfy Rule 9(b), they must be dismissed.  For reasons set forth in greater detail in SEA's Motion and also below, all of these claims likewise fail to state a cognizable claim under the lower pleading standard of Rule 12(b)(6).

## 2. The Bianchis' VCPA Claim Fails for Lack of a Misrepresentation or Omission, Reliance, or a Deliberate and Knowing Act by SEA.

The Bianchis fail to plead any of the three essential elements of their VCPA claim: (1) a misrepresentation or omission by SEA, (2) reliance, or (3) a deliberate, knowing act by SEA.  Mot. at 34-36; *Hamilton v. Boddie-Noell Enters.*, 88 F. Supp. 3d 588, 591 (W.D. Va. 2015) (holding plaintiff failed to plead cognizable VCPA claim).

First, the Bianchis do not plead a misrepresentation or omission since they did not allege any communication with SEA, or that the RF23HC PDF – the online document which the Bianchis attribute to SEA and to which they allege pre-purchase exposure – contains any representations that are false.  Mot. at 35; FAC ¶¶23-24.  Because they identify no misrepresentation, the Bianchis also necessarily have not pleaded the necessary element of reliance.  Mot. at 35.  The Bianchis concede that reliance is an element of a VCPA claim premised on a misrepresentation, but wrongly argue that they "adequately allege that they relied upon Samsung's misrepresentations."  Opp. at 37 (citing FAC ¶¶71, 84).  In fact, Paragraphs 71 and 84 constitute unsupported legal conclusions, which do not suffice at the Rule 12 stage.  *Mann*, 375 F. App'x at 236.  Nor does the Bianchis' citation to *In re Lumber Liquidators Chinese-Manufactured Flooring Durability Marketing & Sales*

27

*Practice Litigation*, No. 16-2743, 2017 U.S. Dist. LEXIS 105335 (E.D. Va. July 17, 2017), compel a contrary conclusion.  Opp. at 37.  Unlike the Bianchis, the *Lumber Liquidators* plaintiffs identified specific misrepresentations made by the defendant (including on defendant's website) upon which they relied in making their purchases.  2017 U.S. Dist. LEXIS 105335, at \*25-26.

The Bianchis also fail to plead a knowing omission, which requires plaintiffs to allege facts showing a "'knowing and a deliberate decision not to disclose.'"  Mot. at 35 (quoting *Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 718 (Va. 2001)).  The Bianchis do not dispute that they must meet this standard, *see* Opp. at 35-37, yet the FAC contains only conclusory assertions of concealment that are insufficient here.   *Mann*, 375 F. App'x at 236 (conclusory statements insufficient at Rule 12 stage); *see* FAC ¶¶66, 82, 137, 139.  Nor do the Bianchis plead facts showing SEA's knowledge of purported defects.  Mot. at 35-36   Although Paragraph 66 in the FAC tries to attribute knowledge of purported defects to SEA based on the TSBs and "repeated consumer complaints," as SEA has already explained the TSBs show no such knowledge and the online complaints that Plaintiffs have collected are inapt and insufficient.  *See* Mot. at 35, 40; Part II.E.3.

For all of these reasons, the Bianchis' VCPA claim is not cognizable under Rule 12(b)(6).

### 3.     The Marino Plaintiffs' FDUTPA Claim Fails Under Either a Misrepresentation Theory or Omission Theory.

The Marino Plaintiffs do not dispute that they fail to plead a misrepresentation-based FDUTPA claim.  Opp. at 37-40.  Therefore, to the extent their claim relies on such a theory, it must be dismissed.  *Pridgen v. RAB Commc'ns, Inc.*, No. 11-2255, 2011 U.S. Dist. LEXIS 136031, at \*9-10 (D.N.J. Nov. 28, 2011) (unopposed arguments are conceded).

As explained in SEA's Motion and further below, the Marino Plaintiffs also fail to plead an FDUTPA claim based upon omission because the FAC does not sufficiently allege a defect in the icemaker of the Marino Plaintiffs' Refrigerator, because SEA had no duty to disclose any purported defect, and because the Marino Plaintiffs do not plead how SEA's omission was reasonably likely

28

to mislead them.  Mot. at 36-38.  First, SEA's purported omission of the alleged defects in the

Marino Plaintiffs' Refrigerator cannot support a FDUTPA claim.  For reasons already explained

above, the Marino Plaintiffs have failed to allege facts sufficient to show a design defect.  *See* Part

II.E.3.  Any FDUTPA claim based on SEA's alleged omission of defects in the icemakers must fail.

Second, courts applying Florida law reject FDUTPA claims based on a breach of an

"affirmative duty of disclosure," which Plaintiffs argue here.  Opp. at 38; *see, e.g.*, *Virgilio v.

Ryland Grp., Inc.*, 680 F.3d 1329, 1338 (11th Cir. 2012) (affirming Rule 12(b)(6) dismissal of

FDUTPA claim when defendant allegedly "knowingly omitted any disclosure" that plaintiffs'

homes were adjacent to bombing range).  The same result should be reached here.  And while the

Marino Plaintiffs argue that SEA committed a deceptive act under FDUTPA for failing "to disclose

a known, latent defect," that argument fails.  Opp. at 38.  The cases they cite are distinguishable, as

the plaintiffs in each – unlike the Marino Plaintiffs – sufficiently alleged defects in the product.[7]

Third, the Marino Plaintiffs fail to allege how SEA's purported omissions were "likely to

mislead [them] acting reasonably in the circumstances, to [their] detriment," which is necessary for

an omission to be actionable under FDUTPA.  *Gavron v. Weather Shield Mfg.*, 819 F. Supp. 2d

1297, 1302 (S.D. Fla. 2011) (declining to dismiss omission-based FDUTPA claim because

---

[7] Where a court found an alleged duty to disclose supported an omission-based FDUTPA claim, the
allegations were far more detailed than either Plaintiffs' conclusory allegations here or even what
was alleged in *Virgilio*.  *Chiarelli v. Nissan North Am., Inc.*, No. 14-4327, 2015 U.S. Dist. LEXIS
129416, at *5 (E.D.N.Y. Sept. 25, 2015) (alleging knowledge based on testing conducted in
response to consumer complaints); *Velasco v. Chrysler Grp. LLC*, No. 13-8080, 2014 U.S. Dist.
LEXIS 117620, at *4-5 (C.D. Cal. Aug. 22, 2014) (alleging knowledge based on prior recalls with
NHTSA and complaints made to NHTSA and given to defendant); *Porsche*, 880 F. Supp. 2d at 813
(alleging knowledge based on information from dealers and repair shops, and complaints made to
NHTSA and given to defendant); *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 534-35 (D. Md.
2011) (alleging knowledge based on submission of hundreds of complaints to NHTSA).  In
addition, *Matthews v. American Honda Motor Co.*, does not support the Marino Plaintiffs, since it
dismissed the plaintiff's FDUTPA claim as untimely.  No. 12-60630, 2012 U.S. Dist. LEXIS 90802,
at *13 (S.D. Fla. June 6, 2012).  Finally, *Catalano v. BMW of North America, LLC*, 167 F. Supp. 3d
540, 544 (S.D.N.Y. 2016), does not address FDUTPA at all, and is therefore irrelevant.

defendant did not dispute alleged conduct was "likely to mislead a consumer acting reasonably in the circumstances"). Instead, once again, the Marino Plaintiffs offer only conclusory allegations that do not suffice for Rule 12(b)(6). *See* FAC ¶159; *Mann*, 375 F. App'x at 236.

For the foregoing reasons together with those set forth in SEA's Motion, the Marino Plaintiffs' FDUTPA claim must be dismissed pursuant to Rule 12(b)(6).

### 4. The Mahoneys' NJCFA Claim Fails Because They Do Not Allege an Ascertainable Loss or Unlawful Practice.

The Mahoneys fail to plead two fundamental elements of their NJCFA claim: ascertainable loss or unlawful practice. Either failure requires dismissal of their claim.

First, the Mahoneys fail to allege the essential element of ascertainable loss for their NJCFA claim. Mot. at 38-39. Tacitly conceding this failing, they attach an exhibit setting forth additional 'allegations' absent from the FAC. Opp. at 43-44 & n.18 (attaching Exhibit A to support unpled assertion that, "[s]ince the filing of the FAC, the Mahoneys have had to have their ice maker replaced"); Ex. A to Opp. (ECF 49-1). Because at the Rule 12 stage this Court can "consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record," such 'allegations' by the Mahoneys "must [be] disregard[ed]." *Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016); *Crozier v. Johnson & Johnson Consumer Cos.*, 901 F. Supp. 2d 494, 501 (D.N.J. 2012) (granting Rule 12 dismissal); *see Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (rejecting plaintiff's "after-the-fact allegations" in her opposition to motion to dismiss, and affirming Rule 12 dismissal of complaint).[8]

Second, the Mahoneys also fail to plead facts showing an unlawful practice by SEA. Mot. at

---

[8] *Hughes* shows why Plaintiffs have failed to plead ascertainable loss, and this Court has cited it favorably in the NJCFA context. Mot. at 38-39 (citing *Hughes*, 2011 U.S. Dist. LEXIS 79504, at *45-46); *see, e.g.*, *Semeran v. Blackberry Corp.*, No. 15-750, 2016 U.S. Dist. LEXIS 11864, at *10-12 (D.N.J. Feb. 1, 2016) (dismissing NJCFA claim).

39-41.  The NJCFA defines "unlawful practice" as "[t]he act, use or employment by any person of

any unconscionable commercial practice, deception, fraud, false pretense, false promise,

misrepresentation, or the knowing concealment, suppression, or omission of any material fact …."

*Slinko-Shevchuk v. Ocwen Fin. Corp.*, No. 13-5633, 2015 U.S. Dist. LEXIS 33382, at *15 (D.N.J.

Mar. 18, 2015) (quoting N.J.S.A. § 56:8-2) (dismissing NJCFA claim for failure to plead

unconscionable commercial practice).  The Mahoneys do not dispute that they fail to state a NJCFA

claim based upon misrepresentation or omission, but argue that their claim should survive because

SEA engaged in unlawful conduct "in the form of unconscionable commercial practice."  Opp. at

42.  That is incorrect.  Under the NJCFA, "conduct that is merely unfair or that causes consumer

dissatisfaction is not necessarily an unconscionable commercial practice."  *Slinko-Shevchuk*, 2015

U.S. Dist. LEXIS 33382, at *16.  Instead, Plaintiffs must plead "substantial aggravating

circumstances," which requires more than allegations that Plaintiffs bought a product that

malfunctioned, that Plaintiffs had to pay for the product to be serviced, and that online complaints

about the product existed.  *Rait*, 2009 U.S. Dist. LEXIS 70217, at *13 (dismissing NJCFA claim for

failure to allege substantial aggravating circumstances).  The Mahoneys allege no factual allegations

apart from those, however.  FAC ¶¶51-52.  This also compels dismissal of their claim.

     **5.**     **The Cecconis and Kauffman Plaintiffs' UTPCPL Claims Fail For Lack of Damages, Reliance, Causation or Deceptive Conduct.**

The Cecconis and Kauffman Plaintiffs do not plead a cognizable claim under the UTPCPL

as they fail to allege damages, reliance, causation, and deceptive conduct, which are all essential

elements of their claim.  Mot. at 41-43; *see Baynes v. George Mason Funeral Home, Inc.*, No. 09-

153, 2011 U.S. Dist. LEXIS 59220, at *10-11 (W.D. Pa. June 2, 2011) (setting forth elements of

UTPCPL claim for evaluation under Rule 12(b)(6)).

<u>First</u>, since they allege only damage to their Refrigerators, the Cecconis and Kauffman

Plaintiffs' UTPCPL claim is barred under the economic loss doctrine.  Mot. at 41-42 (citing

caselaw, including *Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002)).  The Cecconis and Kauffman Plaintiffs argue that their claim is not precluded because *Werwinski* purportedly "no longer has any vitality."  Opp. at 45.  That is wrong.  In fact, the Third Circuit has continued to dismiss UTPCPL claims for failure to allege non-economic damages, and the same result should be reached here.  *Berkery v. Verizon Communs. Inc.*, 658 F. App'x 172, 175 (3d. Cir. 2016) (affirming dismissal of UTPCPL claim pursuant to economic loss doctrine).  "[T]he *Werwinski* decision is binding on the district courts in the Third Circuit until either the Pennsylvania Supreme Court or Third Circuit rules otherwise."  *Murphy v. State Farm Mut. Auto Ins. Co.*, No. 16-2922, 2016 U.S. Dist. LEXIS 125841, at *13 (E.D. Pa. Sept. 15, 2016) (applying *Werwinski* and dismissing UTPCPL claim under the economic loss doctrine).  This disposes of Plaintiffs' UTPCPL claim.

Second, the Cecconis and Kauffman Plaintiffs fail to allege reliance.  Mot. at 42-43.  They argue that they pleaded reliance because SEA's statements purportedly "constitute[d] fraudulent or deceptive practices … upon which Plaintiffs *relied* when purchasing their [Refrigerators]."  Opp. at 46 (emphasis in original).  That is wrong: neither the Cecconis nor the Kauffman Plaintiffs alleged exposure to *any* pre-purchase representation by SEA, and also cannot plead reliance on the TSBs.  Mot. at 42-43.  Making no response to either of those deficiencies, Plaintiffs thus concede them.

Third, the Cecconis and Kauffman Plaintiffs fail to plead deceptive conduct under the UTPCPL.  *Id.* at 44.  They argue that they pleaded deceptive conduct, asserting that they "saw and reviewed marketing materials and/or pamphlets attributed to [SEA]" before buying their Refrigerators.  Opp. at 46 (citing FAC ¶¶56, 59).  But, in fact, neither the Cecconis nor the Kauffman Plaintiffs have made such allegations.  Mot. at 3.  Paragraphs 56 and 59 of the FAC only address so-called "exemplar online advertisements" that were not made by SEA, and that no Plaintiff alleges actually viewing prior to purchase.  *Id.* at 33.  For all these reasons, the Cecconis' and Kauffman Plaintiffs' UTPCPL claim must be dismissed under Rule 12(b)(6).

6.      **The Opposition Does Not Salvage the Castelos' CLRA and UCL Claims.**

As a threshold matter, because the Castelos lack standing to bring claims under the CLRA and UCL, both of those claims must be dismissed.  "[T]o have standing to bring a UCL … or CLRA claim, Plaintiffs must plead that they relied on the misleading materials."  *Hall v. SeaWorld Entm't, Inc.*, No. 15-660, 2015 U.S. Dist. LEXIS 174294, at *9 (S.D. Cal. Dec. 23, 2015).  Tellingly, the Castelos do not argue that they ever had personal, pre-purchase exposure to any materials from SEA, alleging only vaguely that "Defendant promoted the Ice Makers as a selling point in the Refrigerators."  Opp. at 50.  And, in fact, review of the FAC makes clear that the Castelos have never alleged pre-purchase exposure to any SEA materials, much less any reliance upon them.  Mot. at 3, 44; FAC ¶¶44-47 (Castelos' personal allegations); *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1022 (N.D. Cal. 2013) (disposing of CLRA and UCL claims because "[t]he Court questions how one can act in reliance on a statement one does not see, read, or hear").  Because the Castelos lack standing to bring CLRA and UCL claims, each of those claims must be dismissed.

In addition, because the Castelos did not plead an actionable misrepresentation or omission under the CLRA, their claim must be dismissed for this reason too.  Mot. at 44.  The Castelos argue that *Clark v. LG Electronics U.S.A., Inc.,* No. 13-485, 2013 U.S. Dist. LEXIS 155179 (S.D. Cal. Oct. 29, 2013), leads to a different conclusion.  Opp. at 48-49.  But, in fact, *Clark* is readily distinguishable.  The *Clark* court found that its plaintiff "pled specific facts suggesting LG had knowledge of the problems alleged by [p]laintiff," based on allegations that her refrigerator experienced problems one month after purchase, that LG declined to repair it, and that LG had knowledge of the refrigerator's defect based on consumer complaints posted to LG's website.  2013 U.S. Dist. LEXIS 155179, at *3, 15.  The Castelos allege no such facts.  Instead, they allege that issues with their Refrigerator did not arise until "after the one-year [L]imited [W]arranty expired," and they do not plead that SEA ever declined to service their Refrigerator while it was under

33

warranty, or that SEA had knowledge of their Refrigerator's purported defect based on postings to SEA's website.  FAC ¶46.  Thus, *Clark* is inapposite, and the Castelos' CLRA claim fails for lack of actionable misrepresentation or omission.

The Castelos' CLRA claim also independently fails for lack of reliance.  Mot. at 44-45 (citing *Myers v. BMW of N. Am., LLC*, No. 16-412, 2016 U.S. Dist. LEXIS 140768 (N.D. Cal. Oct. 11, 2016), and *Herremans v. BMW of N. Am., LLC*, No. 14-2363, 2014 U.S. Dist. LEXIS 145957 (C.D. Cal. Oct. 3, 2014)).  The Castelos argue that *Myers* is "inapplicable" because "the plaintiff did not view or rely on the misrepresentations like the Castelos did in this case."  Opp. at 50 n.21.  To the contrary, the Castelos are identically situated with the *Myers* plaintiff in this regard, since they also never viewed or relied on <u>any</u> misrepresentation by SEA.  *See* Mot. at 3, 44-45.  And while the Castelos call *Herremans* "inapposite," it underscores that Rule 9(b) applies to their CLRA and UCL claims, and also emphasizes that reliance – which the Castelos fail to adequately allege – is an essential element of a CLRA claim.  2014 U.S. Dist. LEXIS 145957, at *24, 61.

Yet another reason that the Castelos' CLRA damages claim must be dismissed is that they never provided SEA with pre-suit notice.  Mot. at 45.  The Castelos do not dispute that they never provided such notice.  Opp. at 50-51.  Nor do they dispute that Section 1782(a) of the California Civil Code expressly precludes them from seeking damages under the CLRA unless they had provided pre-suit notice to SEA.  *Id.*; Mot. at 45-46 (citing Cal. Civ. Code. § 1782(a) and interpretive law).  Instead, the Castelos argue that their "CLRA [claim] cannot be dismissed for lack of notice" based on a California appeals court ruling in *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235 (Cal. App. 2009).  Opp. at 51.  But *Morgan* is inapplicable here.  The *Morgan* plaintiffs alleged "that they sent the required notice to [defendant] more than 30 days **before** they filed the third amended complaint and that [defendant] failed to correct the alleged wrongs."  177 Cal. App. 4th at 1261 (emphasis added).  But, here, the Castelos do not dispute that

"they did not notify SEA until more than three weeks *after* the FAC was filed."  Mot. at 45 (emphasis in original).  Under similar circumstances, courts have not hesitated to dismiss CLRA damages claims.  *See, e.g., In re Ford Tailgate Litig.*, No. 11-2953, 2014 U.S. Dist. LEXIS 119769, at *19-20 (N.D. Cal. Aug. 8, 2014) ("[P]laintiffs' claims for restitution under the CLRA must be dismissed for failure to allege that pre-suit notice was provided to Ford.").  This Court should likewise dismiss the Castelos' CLRA damages claim.

Finally, the Castelos have no UCL claim.  California courts analyze CLRA and UCL "claims – for violations of California consumer protection statutes – together because they share similar attributes."  *Hall*, 2015 U.S. Dist. LEXIS 174294, at *7; *see* Mot. at 46.  This is particularly true where, as here, those "claims are premised on the same course of allegedly fraudulent conduct and based on the same alleged misrepresentations and omissions."  *Hall*, 2015 U.S. Dist. LEXIS 174294, at *8.  Accordingly, to the extent the Castelos' CLRA claim fails, their UCL claim does as well.  Mot. at 46-47.  Moreover, UCL claims also cannot be predicated on conclusory allegations.  *Id.* at 47 (citing *Park-Kim v. Daiken Indus.*, No. 15-9523, 2016 U.S. Dist. LEXIS 158056, at *42 (C.D. Cal. Nov. 14, 2016)); *see id.* at 3, 32-33 (analyzing the Castelos' allegations).  Since conclusory allegations are all that the Castelos offer, this likewise disposes of their UCL claim.

## G.    Plaintiffs' Fraudulent Concealment Claim Relies Solely on Conclusory Allegations and Fails Both Rule 9(b) and Rule 12(b)(6).

### 1.    Plaintiffs' Conclusory Allegations Do Not Plead Knowledge, Intent or Reliance.

Plaintiffs' fraudulent concealment claim must be dismissed since they allege no facts showing that SEA had knowledge of the Refrigerators' purported defects prior to Plaintiffs' purchases, that SEA intended to conceal such purported defects, or that Plaintiffs relied upon any misrepresentation by SEA.  Mot. at 49-53.  Arguing that SEA acted with knowledge and intent to defraud, Plaintiffs invoke the conclusory refrain that SEA made false representations "with the intention of inducing the Plaintiffs to purchase" the Refrigerators.  Opp. at 56; *see, e.g.,* FAC ¶¶215,

35

259 (same).  But SEA has already explained at length that Plaintiffs cannot rely upon anonymous internet postings and the TSBs to show knowledge.  Mot. at 50-51.  Nor does this Court credit the mere recitation of talismanic language; instead, it dismisses fraudulent concealment claims where, as here, plaintiffs merely "state[] in general terms that Defendants 'intentionally, willfully, and maliciously' concealed material defects from the Plaintiffs."  *Silipena v. Am. Pulverizer Co.*, No. 16-711, 2017 U.S. Dist. LEXIS 44212, at *7 (D.N.J. Mar. 27, 2017).

That also dooms Plaintiffs' allegations of reliance, which are equally conclusory.  Mot. at 52-53.  Their Opposition likewise parrots conclusory assertions from the FAC that they "reasonably relied" on SEA's representations regarding the Refrigerators.  Opp. at 56; *see, e.g.*, FAC ¶¶71, 84 (conclusorily alleging reliance).  Plaintiffs then try to distinguish this Court's dispositive *Oliver* and *Stevenson* cases cited by SEA (*see* Mot. at 51, 54-55), by asserting that "they read and relied [on]" and "were exposed to Samsung's misrepresentations" – but the FAC clearly pleads no such facts.  Opp. at 57 n.24; *see* FAC ¶¶22-61 (Plaintiffs' personalized allegations).  Indeed, apart from the Bianchis' inadequate assertions regarding the RF23HC PDF, Plaintiffs allege no personal, pre-purchase exposure to **any** of the third-party, so-called "exemplar" ads they include in the FAC.  FAC ¶¶45, 49, 56, 59 (including, but alleging no actual pre-purchase exposure to, third-party "exemplar online advertisement"); Mot. at 3.  That dooms Plaintiffs' claims since "a plaintiff must allege that he or she actually received and considered the misstatement or omission, however indirectly uttered, before he or she completed the transaction."  *Weske v. Samsung Elecs. Am., Inc.*, 42 F. Supp. 3d 599, 608-09 (D.N.J. 2014) (dismissing fraudulent concealment with prejudice).  As for the Bianchis, they allege no reliance on the RF23HC PDF, but instead affirmatively plead that their purchasing decision was driven by other factors, such as the fact that their Refrigerator was "on sale at Home Depot" and "fit properly" in their kitchen.  Mot. at 52 (quoting FAC ¶¶24, 26).  Because none of the Plaintiffs plead facts showing either intent or reliance, dismissal is required.

36

2.      **Plaintiffs' Conclusory Allegations Fail Rule 9(b).**

As explained above and in SEA's Motion, Plaintiffs' fraudulent concealment claim also fails Rule 9(b) because it relies on conclusory assertions and alleges no facts showing pre-purchase exposure to any misrepresentation by SEA.  *See* Mot. at 32-34, 48-49; Part II.F.1.  Plaintiffs argue that *Kuzian v. Electrolux Home Products, Inc.*, 937 F. Supp. 2d 599 (D.N.J. 2013), shows that they have satisfied Rule 9(b).  Opp. at 55-57.  In fact, *Kuzian* does not help Plaintiffs.

The *Kuzian* defendant did not dispute that plaintiffs had been exposed to its representations, arguing only that they were "puffery."  937 F. Supp. 3d at 615.  Here, no Plaintiff save the Bianchis alleges pre-purchase exposure to any statement by SEA.  *See* Part II.G.1.  And the Bianchis allege no falsity in the RF23HC PDF, the sole representation that they attribute to SEA and to which they allege exposure.  Mot. at 49-50.  Moreover, although the *Kuzian* plaintiffs charged a single defendant with fraudulent concealment, Plaintiffs improperly allege fraud against SEA and SEC, never distinguishing between them.  *Weske v. Samsung Elecs, Am., Inc.*, 934 F. Supp. 2d 698, 703 (D.N.J. 2013) ("[C]ollectivized allegations that generally allege fraud as against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed, do not satisfy Rule 9(b).").  Thus, unlike *Kuzian*, "Plaintiffs' lack of specificity as to which Defendants the alleged actions, or inactions, are attributable is fatal to this claim." *Silipena*, 2017 U.S. Dist. LEXIS 44212, at *8.  Finally, *Kuzian* also differs because its plaintiffs pleaded that the defendant had actual knowledge of the alleged defects since it had ***responded to*** online consumer complaints about the same products the plaintiffs purchased.  937 F. Supp. 2d at 613 n.12, 615.  By contrast, Plaintiffs do not plead that SEA ever responded to any of the alleged consumer complaints they cite in the FAC.  Indeed, the FAC contains no factual allegation that SEA was *aware* of such complaints, *none* of which even addresses the Refrigerator models that Plaintiffs bought.  Mot. at 51.  Plaintiffs' allegations thus fall well short of both *Kuzian* and Rule 9(b).

### 3.     SEA Owed Plaintiffs No Duty to Disclose.

Because SEA owed Plaintiffs no duty to disclose, "'there can be no fraud.'"  Mot. at 53

(quoting *Kowalsky v. Deutsche Bank Nat'l Trust Co.*, No. 14-7856, 2015 U.S. Dist. LEXIS 133284,

at *27-28 (D.N.J. Sept. 30, 2015) (Cecchi, J.)).  And "where a claim for fraud is based on silence or

concealment, New Jersey courts will not imply a duty to disclose, unless such disclosure is

necessary to make a previous statement true or the parties share a 'special relationship.'"  *Viking*

*Yacht Co. v. Composites One LLC*, 496 F. Supp. 2d 462, 471 (D.N.J. 2007).

In their Opposition, Plaintiffs point to no duty to disclose sufficient to support a common-

law fraudulent concealment claim.  Opp. at 57-58.  For one, their FAC alleges no facts showing that

SEA must disclose "to make a previous statement true."  *Viking Yacht*, 496 F. Supp. 2d at 471.

Plaintiffs also have not alleged a "special relationship" with SEA, nor could they since parties

engaged in arm's-length transactions have no duty to disclose.  *Katsiavrias v. Cendant Corp.*, No.

06-4465, 2009 U.S. Dist. LEXIS 25744, at *13 (D.N.J. Mar. 30, 2009).  Indeed, Plaintiffs' arm's-

length Refrigerator purchases were not even made with SEA, but with third-party retailers instead.

FAC ¶¶22, 40, 44, 48, 55, 58 (Plaintiffs' purchases).  Plaintiffs therefore try to rely on caselaw

specific to the NJCFA.  Opp. at 58 (citing *Monogram Credit Card Bank of Ga. v. Tennesen*, 914

A.2d 847 (N.J. App. 2007); *Mango v. Pierce-Coombs*, 851 A.2d 62 (N.J. App. 2004); *Skeer v. EMK*

*Motors, Inc.*, 455 A.2d 508 (N.J. App. 1982)).  But that does not save them.  Not only are fraudulent

concealment and the NJCFA distinct claims requiring plaintiffs to plead distinct elements, but

courts also treat them differently.  *See, e.g.*, *Mango*, 851 A.2d at 71 (dismissing plaintiff's

fraudulent concealment claim while remanding NJCFA claim for trial).[9]  Adjudicating NJCFA and

---

[9] Plaintiffs, for instance, cite to purported "[u]nconscionable commercial practices" in support of their claim, but that phrase does not apply to fraudulent concealment, but instead applies to the circumstances under which NJCFA claims can be brought.  Opp. at 58; *see Mango*, 851 A.2d at 69.

fraudulent concealment claims, this Court observed that "[c]ommon law fraud involves a more onerous standard than a claim for fraud under the CFA because under the CFA a plaintiff does not have to prove that he was actually misled or deceived." *Coba v. Ford Motor Co.*, No. 12-1622, 2016 U.S. Dist. LEXIS 136283, at *37 (D.N.J. Sept. 30, 2016). That is why, for example, in *Coba* this Court found no fraudulent concealment duty to disclose existed in the context of a consumer automobile purchase, but permitted plaintiffs an opportunity to argue that such a duty might nonetheless exist under the NJCFA. *Id.* at *35-38. Plaintiffs' cases thus also do not demonstrate that SEA owed them a duty to disclose. And since "[t]here can be no fraudulent concealment absent a duty to disclose," Plaintiffs' fraudulent concealment claim fails. *Peterpaul v. Roger*, No. 07-1312, 2007 U.S. Dist. LEXIS 94059, at *16 n.16 (D.N.J. Dec. 26, 2007).

**H.     Plaintiffs' Declaratory and Injunctive Relief Claim Fails Since They Lack Standing and Their Claim Is Not an Independent Cause of Action.**

Plaintiffs admit that "declaratory and injunctive relief are not recognized as independent causes of action," yet, remarkably, still argue that the Court nonetheless should not dismiss them. Opp. at 62. Not only is such a request baseless, but it flies in the face of this Court's law holding that declaratory and injunctive relief "are not independent, substantive claims, but rather, mere requests for remedies." *ASAH v. N.J. Dep't of Educ.*, No. 16-3935, 2017 U.S. Dist. LEXIS 101736, at *36 (D.N.J. June 30, 2017). Indeed, this Court "routinely dismiss[es] stand alone counts for declaratory and injunctive relief, since such claims are requests for remedies, and not independent causes of action." *Id.* at 35; *Neuss v. Rubi Rose, LLC*, No. 16-2339, 2017 U.S. Dist. LEXIS 83444, at *24-25 (D.N.J. May 31, 2017) (dismissing injunctive and declaratory relief with prejudice since they "are remedies – not independent causes of action"). Dismissal should follow here, as well.

Dismissal is also required because Plaintiffs did not allege a likelihood of future injury. Mot. at 55-57. "[T]he mere chance that Plaintiffs may choose at some later date to [repurchase the product] and thereby suffer more harm is not sufficient to confer Article III standing." *Dicuio*, 2012

39

U.S. Dist. LEXIS 112047, at \*49.  Plaintiffs also cannot show future injury by alleging that "he or she will be harmed by the operation of the [Refrigerator] itself."  *Id.* at \*49-50 (rejecting argument that "current owners" of allegedly defective product would be "periodically repeatedly damaged").

Plaintiffs therefore speculate on future injuries that putative class members may experience.  Opp. at 60.  But Plaintiffs state *no* claim unless they plead facts showing that its requirements are "satisfied by at least one named plaintiff."  *Gerber*, 2014 U.S. Dist. LEXIS 44810, at \*19; *see McNair v. Synapse Grp., Inc.*, 672 F.3d 213, 223 (3d Cir. 2012) (same); *Dicuio*, 2012 U.S. Dist. LEXIS 112047, at \*50 (dismissing injunctive relief since plaintiffs alleged no future injury and since "it is not enough that other, non-named members of the class may intend to purchase [defendant's product] in the future").  Nor can they show future injury by attaching an exhibit to their Opposition that they did not attach to the FAC and then arguing that the exhibit shows the "Mahoneys experiencing post-FAC repairs."  Opp. at 61; Ex. A to Opp. (ECF 49-1); *Crozier*, 901 F. Supp. 2d at 501 (courts "must disregard" plaintiffs' exhibits not included with operative complaint).

### III.   CONCLUSION

Plaintiffs have sued SEA to obtain out-of-warranty service and maintenance costs relating to their Samsung-brand Refrigerators, attempting vainly to substitute a variety of disparate legal theories for warranty claims that are defective, untimely or both.  In fact, even after amending their complaint, each of Plaintiffs' claims still lacks a factual basis and improperly attempts to rest on conclusory statements or speculation about the experiences of unnamed, putative class members – and, thus, none states a claim under any jurisdiction implicated by the FAC.  Because any further attempt at amendment would be both unwarranted and futile, the FAC should be dismissed in full and with prejudice.

Dated: May 14, 2018

Respectfully submitted,

**TOMPKINS, MCGUIRE, WACHENFELD & BARRY LLP**

**SQUIRE PATTON BOGGS (US) LLP**

*s/ Sean P. Neafsey*

James J. O'Hara
3 Becker Farm Road
Fourth Floor
Roseland, New Jersey 07068
Tel. 973-623-7041
Fax 973-623-7780
johara@tompkinsmcguire.com

Sean P. Neafsey
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel. 973-848-5600
Fax 973-848-5601
sean.neafsey@squirepb.com

Philip M. Oliss (admitted *pro hac vice*)
Bruce Khula (admitted *pro hac vice*)
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Tel. 216-479-8500
Fax 216-479-8780
philip.oliss@squirepb.com
bruce.khula@squirepb.com

Attorneys for Defendant SAMSUNG ELECTRONICS AMERICA, INC.