James J. O'Hara
TOMPKINS, MCGUIRE, WACHENFELD &
BARRY LLP
3 Becker Farm Road
Fourth Floor
Roseland, New Jersey 07068
Tel. 973-623-7041
Fax 973-623-7780
johara@tompkinsmcguire.com
Attorneys for Defendant SAMSUNG
ELECTRONICS AMERICA, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD BIANCHI AND DEBRA BIANCHI, MADELINE MARINO AND RICHARD BISHOP, MARIE CASTELO AND FRANCISCO CASTELO, JOHN MAHONEY AND LAURA MAHONEY, RON CECCONI AND PATRICIA CECCONI AND EDA KAUFFMAN AND ROGER ROSENGARTEN, On behalf of themselves and all others similarly situated | ) ) ) ) ) ) ) ) ) | Case No.: 2:17-cv-01263-CCC-MF |
| | ) ) ) ) ) | **SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER AND SEPARATE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD. | ) ) ) | |
| Defendants | ) | |

Defendant Samsung Electronics America, Inc. ("SEA" or "Defendant"), by way of

Answer to the First Amended Complaint of Plaintiffs Ronald Bianchi and Debra Bianchi,

Madeline Marino and Richard Bishop, Marie Castelo and Francisco Castelo, John Mahoney and

1

/1/AMERICAS

Laura Mahoney, Ron Cecconi and Patricia Cecconi, and Eda Kauffman and Roger Rosengarten (together, "Plaintiffs") hereby states as follows:

**IDENTIFICATION OF PARTIES**

1.      As to the allegations in Paragraph 1 of the First Amended Complaint ("FAC"), Defendant admits it is a corporation of the State of New York, with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 but denies that Samsung Electronics Co., Ltd has its principal place of business at the same address.  Otherwise, Defendant does not have sufficient knowledge or information to form a belief regarding the truth of the other allegations.

2.      As to the allegations of Paragraph 2 of the FAC, Defendant makes no response to Plaintiffs' characterization of their "proposed class," denies that the refrigerators referenced in Paragraph 2 are designed and manufactured by Defendant, denies that the refrigerators are defective, denies that the technical service bulletins referenced in Paragraph 2 identify defects, and is otherwise without sufficient information to form a belief as to the remaining allegations.

3.      As to the allegations of Paragraph 3 of the FAC, Defendant denies allegations insofar as they attempt to characterize the content of the TSBs.  Defendant admits the existence of the TSBs attached as Exhibits 1 and 2, which documents speak for themselves.

4.      As to the allegations of Paragraph 4 of the FAC, Defendant denies allegations insofar as they attempt to characterize the content of the TSBs.  Defendant admits the existence of the TSBs attached as Exhibits 1 and 2, which documents speak for

/1/AMERICAS

themselves. Otherwise, Defendant is without sufficient information to form a belief as to the remaining allegations.

5.      As to the allegations of Paragraph 5 of the FAC, Defendant denies allegations insofar as they attempt to characterize the content of the TSBs.  Defendant admits the existence of the TSBs attached as Exhibits 1 and 2, which documents speak for themselves.

6.      As to the allegations of Paragraph 6 of the FAC, Defendant denies allegations insofar as they purport to describe Defects in the Ice Makers or otherwise attempt to characterize the content of the TSBs.  Defendant admits the existence of the TSBs attached as Exhibits 1 and 2, which documents speak for themselves.

7.      Defendant denies the allegations of Paragraph 7 of the FAC.

8.      Defendant denies the allegations of Paragraph 8 of the FAC.

9.      As to the allegations of Paragraph 9 of the FAC, Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 9 of the FAC to the extent they purport describe Plaintiffs' lawsuit, but denies Plaintiffs and similarly situated consumers are entitled to damages or equitable relief arising out of the allegations.

## PARTIES

10.      Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 10 of the FAC.

11.      Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 11 of the FAC.

3

12.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 12 of the FAC.

13.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 13 of the FAC.

14.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 14 of the FAC.

15.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 15 of the FAC.

16.     Defendant admits the allegations of Paragraph 16 of the FAC except to state that the correct zip code for its principal place of business in Ridgefield Park, New Jersey is 07660, not 07669.

17.     Defendant makes no response to the allegations of Paragraph 17 of the FAC inasmuch as the allegations are not directed against it.  To the extent a response is required, Defendant believes Samsung Electronics Co., Ltd is a corporation formed under the laws of the Republic of Korea, but denies that it conducts substantial business at SEA's headquarters at 85 Challenger Road, Ridgefield Park, Bergen County, New Jersey 07669, and denies that 07669 is the proper zip code for this Defendant's place of business.

## AS TO JURISDICTION AND VENUE

18.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 18 of the FAC.

19.     Defendant admits the allegations of Paragraph 19 of the FAC only insofar as they are directed against this Defendant. Otherwise, Defendant is without sufficient

knowledge or information to form a belief regarding the truth of the allegations in Paragraph 19 of the FAC.

20.     As to the allegations of Paragraph 20 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to whether a substantial part of the events giving rise to the claims occurred in and emanated out of this District. Defendants denies its conduct has injured putative Class Members in this District.  But Defendant admits it transacts business and maintains a principal place of business in this District and, therefore, venue is proper in the District.

21.     Defendant admits the allegations of Paragraph 21 of the FAC.

## PLAINTIFFS' EXPERIENCES

22.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 22 of the FAC.

23.     As to the allegations of Paragraph 23 of the FAC, Defendant denies the web shot shows the specifications for the referenced refrigerator model, but admits that the web shot provides information on features of the refrigerator model.  As to Exhibit 3, Defendant admits that it provides information about the refrigerator model.

24.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 24 of the FAC.

25.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 25 of the FAC.

26.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 26 of the FAC.

27.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 27 of the FAC.

28.     As to the allegations of Paragraph 28 of the FAC, Defendant only admits to the existence of the 2015 TSB, which speaks for itself.  Otherwise, Defendant denies the TSB refers to Defects and is without sufficient knowledge or information to form a belief regarding the truth of the other allegations.

29.     As to the allegations of Paragraph 29 of the FAC, Defendant denies the existence of any defects, but otherwise is without sufficient knowledge or information to form a belief regarding the truth of the other allegations.

30.     As to the allegations of Paragraph 30 of the FAC, Defendant denies the ice maker was defective and un-fixable, but otherwise is without sufficient knowledge or information to form a belief regarding the truth of the other allegations.

31.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 31 of the FAC.  Defendant additionally denies the last four words of this paragraph because Defendant did respond and eventually reached an accommodation with Mr. Bianchi that resolved his claim to his satisfaction.

32.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 32 of the FAC.

33.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 33 of the FAC.

34.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 34 of the FAC.

35.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 35 of the FAC.

36.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 36 of the FAC.

37.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 37 of the FAC.

38.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 38 of the FAC.

39.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 39 of the FAC.

40.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 40 of the FAC, except to admit that model RF30HBEDBSR/AA is referenced in the TSB of 2014.

41.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 41 of the FAC.

42.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 42 of the FAC.

43.     As to the allegations of Paragraph 43 of the FAC, Defendant denies the technical services bulletins refer to Defects, but is without sufficient knowledge or information to form a belief regarding the truth of the other allegations.

44.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 44 of the FAC.

45.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 45 of the FAC.

46.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 46 of the FAC.

47.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 47 of the FAC.

48.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 48 of the FAC.

49.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 49 of the FAC.

50.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 50 of the FAC.

51.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 51 of the FAC.

52.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 52 of the FAC.

53.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 53 of the FAC. Defendant admits, however, that Samsung refrigerators referenced in the FAC are sold with one-year express limited warranties, which speak for themselves.

54.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 54 of the FAC.

/1/AMERICAS

55.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 55 of the FAC.

56.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 56 of the FAC.

57.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 57 of the FAC.

58.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 58 of the FAC.

59.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 59 of the FAC.

60.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 60 of the FAC.

61.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 61 of the FAC.

## **FACTUAL ALLEGATIONS**

62.     As to the allegations of Paragraph 62 of the FAC, Defendant denies that it manufactures and designs refrigerators and other appliances. Defendant admits that it is a marketer of Samsung refrigerators and other appliances.

63.     As to the allegations of Paragraph 63 of the FAC, Defendant admits that it has worked to earn a reputation for selling consistently high quality and versatile goods, but otherwise is without sufficient knowledge or information to form a belief regarding the truth of the other allegations in Paragraph 63 of the FAC.

64.     As to the allegations of Paragraph 64 of the FAC, Defendant admits that among Samsung's products are French Door refrigerators with external dispenser built-in ice makers, and that these products are sold through major retail stores such as Best Buy and Home Depot, but otherwise is without sufficient knowledge or information to form a belief regarding the truth of the other allegations in Paragraph 64 of the FAC.

65.     As to the allegations of Paragraph 65 of the FAC, Defendant denies the allegation that Plaintiffs' Class Refrigerator only lasted 15 months until it developed an unfixable defect in the ice maker, but otherwise is without sufficient knowledge or information to form a belief regarding the truth of the other allegations in Paragraph 65 of the FAC.

66.     Defendant denies the allegations of Paragraph 66 of the FAC.

67.     Defendant denies the allegations of Paragraph 67 of the FAC.

68.     As to the allegations of Paragraph 68 of the FAC, Defendant denies the first sentence of the allegations of Paragraph 68 of the FAC. As to the remainder of the allegations, Defendant only admits that it has records of some customer inquiries. Otherwise, Defendant denies the other allegations of Paragraph 68.

69.     Defendant denies the allegations of Paragraph 69 of the FAC.

70.     Defendant denies the allegations of Paragraph 70 of the FAC in that the websites referenced therein are retailer websites, not Samsung websites. Defendant further denies the allegations insofar as they attempt to characterize the content of retailer websites referencing Samsung products.

10

71.     As to the allegations of Paragraph 71 of the FAC, Defendant denies the allegations insofar as they claim "Plaintiffs' relied to their detriment on Samsung representations" and that "the Ice Makers will require repairs more than occasionally and on an ongoing basis" and that "the Ice Makers are not repairable."  Otherwise, Defendant is without sufficient knowledge or information to form a belief regarding the truth of the other allegations in Paragraph 71 of the FAC.

72.     As to the allegations of Paragraph 72 of the FAC, Defendant denies the allegations insofar as they claim to be a representative sampling of consumer complaints regarding the Defects in external dispenser ice makers in Samsung French door refrigerators that pre-date 2014. Defendant further denies the allegations to the extent they claim the refrigerators are defective.  Defendant also denies the content of alleged statements included in Paragraph 72 of the SAC in that are vague, largely anonymous, unreliable and/or verifiable posts, and mostly contain nonprobative opinions, not facts.

73.     As to the allegations of Paragraph 73 of the FAC, Defendant denies the allegations insofar as they claim to be a representative sampling of consumer complaints regarding the Defects in external dispenser ice makers in Samsung French door refrigerators that post-date 2013. Defendant further denies the allegations to the extent they claim the refrigerators are defective.  Defendant also denies the content of alleged statements included in Paragraph 73 of the SAC in that are vague, largely anonymous, unreliable and/or verifiable posts, and mostly contain nonprobative opinions, not facts.

## **CLASS ACTION ALLEGATIONS**

/1/AMERICAS

74.     As to the allegations Paragraph 74 of the FAC, insofar as the purported class definitions allege that Samsung refrigerators are defective, the allegations are denied.  It is also denied that allegations of Paragraph 74 set forth cognizable classes that justify class action treatment.

75.     As to the allegations of Paragraph 75 of the FAC, Defendant makes to response other than to restate that allegations of Paragraph 74 fail to set forth cognizable classes that justify class action treatment.

76.     Defendant denies the allegations of Paragraph 76 of the FAC.

77.     Defendant denies the allegations of Paragraph 77 of the FAC.

78.     Defendant denies the allegations of Paragraph 78 of the FAC.

79.     Defendant denies the allegations of Paragraph 79 of the FAC.

80.     Defendant denies the allegations of Paragraph 80 of the FAC.

81.     Defendant denies the allegations of Paragraph 81 of the FAC.

82.     Defendant denies the allegations of Paragraph 82 of the FAC.

83.     Defendant denies the allegations of Paragraph 83 of the FAC.

84.     Defendant denies the allegations of Paragraph 84 of the FAC.

85.     Defendant denies the allegations of Paragraph 85 of the FAC.

/1/AMERICAS

## CLAIMS FOR RELIEF

## COUNT I

## UNJUST ENRICHMENT
## (PLAINITFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL CLASS
## AND, ALTERNATIVELY, THEIR RESPECTIVE STATE CLASSES)

86.     Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 85 and incorporates same as if set forth at length.

87.     Defendant denies the allegations of Paragraph 87 of the FAC.

88.     Defendant denies the allegations of Paragraph 88 of the FAC.

89.     Defendant denies the allegations of Paragraph 89 of the FAC.

90.     Defendant denies the allegations of Paragraph 90 of the FAC.

91.     Defendant denies the allegations of Paragraph 91 of the FAC.

92.     Defendant denies the allegations of Paragraph 92 of the FAC.

93.     Defendant denies that Plaintiffs' claims have any merit and further denies Plaintiffs' claims for damages under Count I.

## COUNT II

## BREACH OF IMPLIED WARRANTY
## (PLAINITFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL CLASS)

94.     Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 93 and incorporates same as if set forth at length.

95.     Defendant makes no response to the allegations of Paragraph 95 of the FAC inasmuch as the allegations set forth legal conclusions, not facts.  However, to the extent the allegations can be construed as factual claims, they are denied.

96.     Defendant denies the allegations of Paragraph 96 of the FAC.

97.     Defendant denies the allegations of Paragraph 97 of the FAC.

98.     Defendant denies the allegations of Paragraph 98 of the FAC.

99.     Defendant denies the allegations of Paragraph 99 of the FAC.

100.    Defendant denies the allegations of Paragraph 100 of the FAC.

## COUNT III

### INJUNCTIVE AND DECLARATORY RELIEF
### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL CLASS)

101.    Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 100 and incorporates same as if set forth at length.

102.    As to the allegations of Paragraph 102 of the FAC, Defendant denies the existence of any defects with the refrigerators and denies that Plaintiffs' claims justify class treatment.  Otherwise, Defendant makes no response to the allegations insofar as they merely attempt to characterize the dispute.

103.    Defendant makes no response to the allegations of Paragraph 103 of the FAC insofar as they merely characterize a statute, which speaks for itself.  Defendant denies the allegations insofar as they contend the statute has any application to this matter.

104.    Defendant makes no response to the allegations of Paragraph 104 of the FAC insofar as they merely characterize the relief Plaintiffs are seeking.  Defendant denies the

14

allegations insofar as they claim the refrigerators are defective or have defects and denies that Plaintiffs are entitled to the relief they seek.

105.    Defendant makes no response to the allegations of Paragraph 105 of the FAC insofar as they merely characterize the relief Plaintiffs are seeking.  Defendant denies the allegations insofar as they claim the refrigerators are defective, have defects, pose a serious risk to consumers and the public and that Plaintiffs are entitled to the relief they seek.

106.    Defendant denies the allegations of Paragraph 106 of the FAC.

107.    Defendant denies the allegations of Paragraph 107 of the FAC.

108.    Defendant denies the allegations of Paragraph 108 of the FAC.

## COUNT IV

### STRICT LIABILITY - DESIGN DEFECT
### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL CLASS
### AND, ALTERNATIVELY, THEIR RESPECTIVE STATE CLASSES)

109.    Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 108 and incorporates same as if set forth at length.

110.    As to the allegations of Paragraph 110 of the FAC, Defendant denies that it is engaged in the business of designing and manufacturing kitchen essentials and appliances. Defendant admits that it is engaged in the business of distributing, advertising, marketing, promoting the sale of Samsung products and appliances, including refrigerators.

111.    As to the allegations of Paragraph 111 of the FAC, Defendant admits it "expected" the refrigerators to arrive without substantial change in their condition," but is without sufficient knowledge or information to form a belief regarding the truth of the remainder of the allegations.

112.     Defendant denies the allegations of Paragraph 112 of the FAC.

113.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 113 of the FAC.

114.     Defendant denies the allegations of Paragraph 114 of the FAC.

115.     Defendant denies the allegations of Paragraph 115 of the FAC.

116.     Defendant denies the allegations of Paragraph 112 of the FAC.

<u>**COUNT V**</u>

<u>**FRAUDULENT CONCEALMENT**</u>
<u>**DESIGN DEFECT**</u>
**(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE NATIONAL CLASS AND, ALTERNATIVELY, THEIR RESPECTIVE STATE CLASSES)**

117.     Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 116 and incorporates same as if set forth at length.

118.     Defendant denies the allegations of Paragraph 118 of the FAC.

119.     Defendant denies the allegations of Paragraph 119 of the FAC.

120.     Defendant denies the allegations of Paragraph 120 of the FAC.

121.     Defendant denies the allegations of Paragraph 121 of the FAC.

122.     Defendant denies the allegations of Paragraph 122 of the FAC.

123.     Defendant denies the allegations of Paragraph 123 of the FAC.

124.     Defendant denies the allegations of Paragraph 124 of the FAC.

/1/AMERICAS

## COUNT VI

## STRICT LIABILITY – FAILURE TO WARN
## (RONALD BIANCHI AND DEBRA BIANCHI INDIVIDUALLY AND ON BEHALF OF THE VIRGINIA CLASS)

125.    Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 124 and incorporates same as if set forth at length.

126.    As to the allegations of Paragraph 126 of the FAC, Defendant admits it "expected" the refrigerators to arrive without substantial change in their condition, but is without sufficient knowledge or information to form a belief regarding the truth of the remainder of the allegations.

127.    Defendant denies the allegations of Paragraph 127 of the FAC.

128.    Defendant denies the allegations of Paragraph 128 of the FAC.

129.    Defendant denies the allegations of Paragraph 129 of the FAC.

130.    Defendant denies the allegations of Paragraph 130 of the FAC.

131.    Defendant denies the allegations of Paragraph 131 of the FAC.

132.    Defendant denies the allegations of Paragraph 132 of the FAC.

## COUNT VII

## VIOLATIONS OF THE VIRGINIA CONSUMER PROTECTION ACT
## VA. CODE ANN. §§ 59.1-196, et seq.
## (RONALD BIANCHI AND DEBRA BIANCHI INDIVIDUALLY AND ON BEHALF OF THE VIRGINIA CLASS)

133.    Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 132 and incorporates same as if set forth at length.

17

134.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 134 of the FAC.

135.    Defendant makes no response to the allegations of Paragraph 135 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs.  To the extent a response is required, Defendant admits that it may fit the definition of "supplier", but otherwise denies that the statute has any application to this matter.

136.    Defendant denies the allegations of Paragraph 136 of the FAC insofar as they attempt to characterize a statute.  The statute speaks for itself.  Defendant denies the allegations insofar as they suggest the statute has any application to this matter.

137.    Defendant denies the allegations of Paragraph 137 of the FAC.

138.    Defendant denies the allegations of Paragraph 138 of the FAC.

139.    Defendant denies the allegations of Paragraph 139 of the FAC.

140.    Defendant denies the allegations of Paragraph 140 of the FAC.

141.    Defendant denies the allegations of Paragraph 141 of the FAC.

142.    Defendant denies the allegations of Paragraph 142 of the FAC.

143.    Defendant denies the allegations of Paragraph 143 of the FAC.

144.    Defendant denies the allegations of Paragraph 144 of the FAC.

145.    Defendant denies the allegations of Paragraph 145 of the FAC.

146.    Defendant denies the allegations of Paragraph 146 of the FAC.

/1/AMERICAS

## COUNT VIII

### VIRGINIA'S IMPLIED WARRANTY OF MERCHANTABILITY
### VA. CODE §§ 8.2A-212
### (RONALD BIANCHI AND DEBRA BIANCHI INDIVIDUALLY AND ON BEHALF OF THE VIRGINIA CLASS)

147.     Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 146 and incorporates same as if set forth at length.

148.     Defendant makes no response to the allegations in Paragraph 148 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent a response is required, Defendant admits that it may fit the definition of "merchant", but denies it is a "seller".

149.     Defendant denies the allegations in Paragraph 149 of the FAC.

150.     Defendant makes no response to the allegations in Paragraph 150 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent a response it required, Defendant admits that the refrigerators are likely considered "goods" under the statute.

151.     Defendant denies the allegations of Paragraph 151 of the FAC insofar as they attempt to characterize a statute.  The statute speaks for itself.  Otherwise, Defendant makes no response to the allegations insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs.

152.     Defendant denies the allegations of Paragraph 152 of the FAC.

153.     Defendant denies the allegations of Paragraph 153 of the FAC.

154.     Defendant denies the allegations of Paragraph 154 of the FAC.

<u>**COUNT IX**</u>

<u>**VIOLATONS OF FLORIDA'S UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**</u>
<u>**FLA. STAT § 501.201, et seq.**</u>
<u>**(PLAINTIFFS MADELINE MARINO AND RICHARD BISHOP INDIVIDUALLY AND**</u>
<u>**ON BEHALF OF THE FLORIDA CLASS)**</u>

155.    Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 154 and incorporates same as if set forth at length.

156.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 156 of the FAC.

157.    Defendant makes no response to the allegations in Paragraph 157 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent a response is required, Defendant admits that it is engaged in "trade or commerce" as those terms are defined in the statute, but otherwise denies that the statute has any application to this matter.

158.    Defendant denies the allegations of Paragraph 158 of the FAC insofar as they attempt to characterize a statute.  The statute speaks for itself.  Defendant also denies the allegations insofar as they claim that Defendant violated or continues to violate the statute at issue.

159.    Defendant denies the allegations of Paragraph 159 of the FAC.

160.    Defendant denies the allegations of Paragraph 160 of the FAC.

161.    Defendant denies the allegations of Paragraph 161 of the FAC.

162.    Defendant denies the allegations of Paragraph 162 of the FAC.

163.    Defendant denies the allegations of Paragraph 163 of the FAC.

164.    Defendant denies the allegations of Paragraph 164 of the FAC.

165.    Defendant denies the allegations of Paragraph 165 of the FAC.

166.    Defendant denies the allegations of Paragraph 166 of the FAC.

167.    Defendant denies the allegations of Paragraph 167 of the FAC.

## COUNT X

### VIOLATIONS OF FLORIDA'S BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### F.S.A. §§ 672.314 and 680.212
### (PLAINTIFFS MADELINE MARINO AND RICHARD BISHOP INDIVIDUALLY AND ON BEHALF OF THE FLORIDA CLASS)

168.    Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 167 and incorporates same as if set forth at length.

169.    Defendant makes no response to the allegations in Paragraph 169 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent a response is required, Defendant admits that it may fit the definition of "merchant", but denies it is a "seller".

170.    Defendant denies the allegations in Paragraph 170 of the FAC.

171.    Defendant makes no response to the allegations in Paragraph 150 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent a response it required, Defendant admits that the refrigerators are likely considered "goods" under the statute.

21

172.     Defendant denies the allegations of Paragraph 172 of the FAC insofar as they attempt to characterize a statute.  The statute speaks for itself.  Defendant makes no response to the allegations insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs.

173.     Defendant denies the allegations of Paragraph 173 of the FAC.

174.     Defendant denies the allegations of Paragraph 174 of the FAC.

175.     Defendant denies the allegations of Paragraph 175 of the FAC.

176.     Defendant denies the allegations of Paragraph 176 of the FAC.

## COUNT XI

### VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT
### Cal. Bus. & Prof. Code § 17500, et seq.
### (PLAINITFFS MARIE CASTELO AND FRANCISCO CASTELO INDIVIDUALLY AND ON BEHALF OF THE CALFORNIA CLASS)

177.     Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 176 and incorporates same as if set forth at length.

178.     Defendant makes no response to the allegations of Paragraph 178 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs.  To the extent a response is required, Defendant admits that it may fit the definition of "person" as the term is defined under the statute, but otherwise denies that the statute has any application to this matter.

179.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 179 of the FAC.

22

180.    Defendant denies the allegations of Paragraph 180 of the FAC insofar as they attempt to characterize a statute.  The statute speaks for itself.  Defendant also denies the allegations insofar as they claim that Defendant violated or continues to violate the statute at issue.

181.    Defendant denies the allegations of Paragraph 181 of the FAC.

182.    Defendant denies the allegations of Paragraph 182 of the FAC.

183.    Defendant denies the allegations of Paragraph 183 of the FAC.

184.    Defendant denies the allegations of Paragraph 184 of the FAC.

185.    Defendant denies the allegations of Paragraph 185 of the FAC.

186.    Defendant denies the allegations of Paragraph 186 of the FAC.

187.    Defendant denies the allegations of Paragraph 187 of the FAC.

188.    Defendant denies the allegations of Paragraph 188 of the FAC.

189.    Defendant denies the allegations of Paragraph 189 insofar as it claims defects exist with the refrigerators at issue.  Defendant also denies the applicability of the statute to the matter.

## COUNT XII

### VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW
### Cal. Bus. & Prof. Code § 17200, et seq.
### (PLAINITFFS MARIE CASTELO AND FRANCISCO CASTELO INDIVIDUALLY AND ON BEHALF OF THE CALFORNIA CLASS)

190.    Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 189 and incorporates same as if set forth at length.

23

191.    Defendant denies the allegations of Paragraph 191 of the FAC.

192.    Defendant denies the allegations of Paragraph 192 of the FAC.

193.    Defendant denies the allegations of Paragraph 193 of the FAC.

194.    Defendant denies the allegations of Paragraph 194 of the FAC.

195.    Defendant denies the allegations of Paragraph 195 of the FAC.

## COUNT XIII

**VIOLATIONS OF SONG-BEVERLY CONSUMER WARRANTY ACT FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**Cal. Civ. Code §§ 1791.1 and 1792**
**(PLAINITFFS MARIE CASTELO AND FRANCISCO CASTELO INDIVIDUALLY AND ON BEHALF OF THE CALFORNIA CLASS)**

196.    Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 195 and incorporates same as if set forth at length.

197.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 197 of the FAC.

198.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 198 of the FAC.

199.    Defendant denies the allegations in Paragraph 199 of the FAC.

200.    Defendant denies the allegations of Paragraph 200 of the FAC.

201.    Defendant makes no response to the allegations of Paragraph 201 of the FAC because the allegations merely set forth the provisions of the statute at issue.  Defendant denies the allegations insofar as the statute is applicable to this matter.

202.    Defendant denies the allegations of Paragraph 202 of the FAC.

203.    Defendant denies the allegations of Paragraph 203 of the FAC.

204.    Defendant denies the allegations of Paragraph 204 of the FAC.

205.    Defendant denies the allegations of Paragraph 205 of the FAC.

206.    Defendant denies the allegations of Paragraph 206 of the FAC.

207.    Defendant denies the allegations of Paragraph 207 of the FAC.

208.    Defendant denies the allegations of Paragraph 208 of the FAC.

## COUNT XIV

### VIOLATIONS OF THE NEW JERSEY FRAUD ACT
### N.J. S. A. §§ 56:8-1 et seq.
### (PLAINTIFFS JOHN MAHONEY AND LAURA MAHONEY INDIVIDUALLY AND ON
### BEHALF OF THE NEW JERSEY CLASS)

209.    Defendant repeats and realleges each and every response to the allegations of
Paragraphs 1 through 208 and incorporates same as if set forth at length.

210.    Defendant is without sufficient knowledge or information to form a belief
regarding the truth of the allegations in Paragraph 210 of the FAC.

211.    Defendant makes no response to the allegations in Paragraph 211 of the FAC
insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent
a response is required, Defendant only admits that it distributes refrigerators, but otherwise
denies that the statute has any application to this matter.

212.    Defendant denies the allegations of Paragraph 212 of the FAC insofar as they
attempt to characterize a statute.  The statute speaks for itself.  Defendant makes no response

to the allegations insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs.   Defendant denies the allegations insofar as the statute has any application to this matter.

213.   Defendant denies the allegations of Paragraph 213 of the FAC.

214.   Defendant denies the allegations of Paragraph 214 of the FAC.

215.   Defendant denies the allegations of Paragraph 215 of the FAC.

216.   Defendant denies the allegations of Paragraph 216 of the FAC.

217.   Defendant denies the allegations of Paragraph 217 of the FAC.

218.   Defendant denies the allegations of Paragraph 218 of the FAC.

219.   Defendant denies the allegations of Paragraph 219 of the FAC.

220.   Defendant denies the allegations of Paragraph 220 of the FAC.

<u>**COUNT XV**</u>

**<u>BREACH OF EXPRESS WARRANTY</u>**
**<u>N.J.S.A. §§ 12A:2-13 and 2A-210</u>**
**<u>(PLAINIFFS JOHN MAHONEY AND LAURA MAHONEY INDIVDUALLY AND ON BEHALF OF THE NEW JERSEY CLASS)</u>**

221.   Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 220 and incorporates same as if set forth at length.

222.   Defendant makes no response to the allegations in Paragraph 222 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent a response is required, Defendant admits that it may fit the definition of "merchant", but denies it is a "seller".

26

223.    Defendant denies the allegations in Paragraph 223 of the FAC.

224.    Defendant makes no response to the allegations in Paragraph 224 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent a response it required, Defendant admits that the refrigerators are likely considered "goods" under the statute.

225.    As to the allegations of Paragraph 225 of the FAC, Defendant admits that the refrigerators at issue come with an express limited warranty, but denies Plaintiffs attempt to characterize the content of the express limited warranty.  The express limited warranty speaks for itself. Defendant denies that the express limited warranty exclusions do not apply to the refrigerator at issue and denies that there is a defect with the refrigerator at issue. Defendant also denies that the statute has any application to this matter.

226.    Defendant makes no response to the allegations of Paragraph 226 of the FAC insofar as they set forth legal conclusions.  Defendant denies the allegations to the extent they contend the statute has any application to the matter.

227.    Defendant denies the allegations of Paragraph 227 of the FAC insofar as they allege defects with refrigerator and refrigerator parts.

228.    Defendant denies the allegations of Paragraph 228 of the FAC.

229.    Defendant denies the allegations of Paragraph 229 of the FAC.

230.    Defendant denies the allegations of Paragraph 230 of the FAC.

231.    Defendant denies the allegations of Paragraph 231 of the FAC.

232.    Defendant denies the allegations of Paragraph 232 of the FAC.

/1/AMERICAS

233.    Defendant denies the allegations of Paragraph 233 of the FAC.

234.    Defendant denies the allegations of Paragraph 234 of the FAC.

235.    Defendant denies the allegations of Paragraph 235 of the FAC.

236.    Defendant denies the allegations of Paragraph 236 of the FAC.

<u>**COUNT XVI**</u>

<u>**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
N.J.S.A. §§ 12: A2-314 and 2A-212
(PLAINTIFFS JOHN MAHONEY AND LAURA MAHONEY INDIVIDUALLY AND ON
BEHALF OF THE NEW JERSEY CLASS)**</u>

237.    Defendant repeats and realleges each and every response to the allegations of
Paragraphs 1 through 236 and incorporates same as if set forth at length.

238.    Defendant makes no response to the allegations in Paragraph 238 of the FAC
insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent
a response is required, Defendant admits that it may fit the definition of "merchant", but
denies it is a "seller".

239.    Defendant denies the allegations in Paragraph 239 of the FAC.

240.    Defendant makes no response to the allegations in Paragraph 240 of the FAC
insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent
a response it required, Defendant admits that the refrigerators are likely considered "goods"
under the statute.

241.    Defendant denies the allegations of Paragraph 241 of the FAC.

242.    Defendant denies the allegations of Paragraph 242 of the FAC.

/1/AMERICAS

243.    Defendant denies the allegations of Paragraph 243 of the FAC insofar as they attempt to characterize implied warranty law in New Jersey. Defendant makes no response to the allegations in Paragraph 243 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs.

244.    Defendant denies the allegations of Paragraph 244 of the FAC.

245.    Defendant denies the allegations of Paragraph 245 of the FAC.

246.    Defendant denies the allegations of Paragraph 246 of the FAC.

247.    As to the allegations of Paragraph 247 of the FAC, Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations relating to Plaintiffs' and the putative New Jersey Class Members use of the refrigerators or whether they complied with the terms of the warranty.  Defendant denies the remainder of the allegations.

248.    Defendant denies the allegations of Paragraph 248 of the FAC.

249.    Defendant denies the allegations of Paragraph 249 of the FAC.

250.    Defendant denies the allegations of Paragraph 250 of the FAC.

251.    Defendant denies the allegations of Paragraph 251 of the FAC.

252.    Defendant denies the allegations of Paragraph 252 of the FAC.

253.    Defendant denies the allegations of Paragraph 253 of the FAC.

/1/AMERICAS

**COUNT XVII**


**VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND
CONSUMER PROTECTION LAW
73 P.S. § 201-1, et seq.
(PLAINTIFFS RON AND PATRICIA CECCONI AND EDA KAUFFMAN AND JAMES
ROSENGARTEN, INDIVIDUALLY, AND ON BEHALF OF THE PENNSYLVANIA
CLASS)**

254.    Defendant repeats and realleges each and every response to the allegations of

Paragraphs 1 through 254 and incorporates same as if set forth at length.

255.    Defendant makes no response to the allegations of Paragraph 255 of the FAC

insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs.  To the extent

a response is required, Defendant admits that it may fit the definition of "person" as the term

is defined under the statute, but otherwise denies that the statute has any application to this

matter.

256.    Defendant makes no response to the allegations in Paragraph 256 of the FAC

insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent

a response is required, Defendant admits that it is engaged in "trade and commerce" as those

terms are defined in the statute, but otherwise denies that the statute has any application to

this matter.

257.    Defendant denies the allegations of Paragraph 257 of the FAC insofar as they

attempt to characterize a statute.  The statute speaks for itself.  Defendant makes no response

to the allegations insofar as they set forth legal conclusions and leaves Plaintiffs to their

proofs. Defendant denies the allegations to the extent they contend the statute has any

application to the matter.

258.    Defendant denies the allegations of Paragraph 258 of the FAC.

259.    Defendant denies the allegations of Paragraph 259 of the FAC.

260.    Defendant denies the allegations of Paragraph 260 of the FAC.

261.    Defendant denies the allegations of Paragraph 261 of the FAC.

262.    Defendant denies the allegations of Paragraph 262 of the FAC.

263.    Defendant denies the allegations of Paragraph 263 of the FAC.

264.    Defendant denies the allegations of Paragraph 264 of the FAC.

265.    Defendant denies the allegations of Paragraph 265 of the FAC.

266.    Defendant denies the allegations of Paragraph 266 of the FAC.

267.    Defendant denies the allegations of Paragraph 267 of the FAC.

## COUNT XVIII

### VIOLATIONS OF THE IMPLIED WARRANTY OF MERCHANTABILITY PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### 13 Pa. Cons. Stat. §§ 2314 and 2A212, et seq.
### (PLAINTIFFS RON AND PATRICIA CECCONI AND EDA KAUFFMAN AND JAMES ROSENGARTEN, INDIVIDUALLY, AND ON BEHALF OF THE PENNSYLVANIA CLASS)

268.    Defendant repeats and realleges each and every response to the allegations of Paragraphs 1 through 267 and incorporates same as if set forth at length.

269.    Defendant makes no response to the allegations in Paragraph 269 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent a response is required, Defendant admits that it may fit the definition of "merchant", but denies it is a "seller".

31

270.    Defendant denies the allegations in Paragraph 270 of the FAC.

271.    Defendant makes no response to the allegations in Paragraph 271 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs. To the extent a response it required, Defendant admits that the refrigerators are likely considered "goods" under the statute.

272.    Defendant denies the allegations of Paragraph 272 of the FAC insofar as they attempt to characterize implied warranty law in Pennsylvania.  Defendant makes no response to the allegations in Paragraph 272 of the FAC insofar as they set forth legal conclusions and leaves Plaintiffs to their proofs.

273.    Defendant denies the allegations of Paragraph 273 of the FAC.

274.    Defendant denies the allegations of Paragraph 274 of the FAC.

275.    Defendant denies the allegations of Paragraph 275 of the FAC.

## **SEPARATE DEFENSES**

### FIRST SEPARATE DEFENSE

The FAC fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Some or all of the claims in the FAC, including claims made on behalf of the proposed class, are barred because Plaintiffs or members of the proposed classes lack standing.

### THIRD SEPARATE DEFENSE

Some or all of the claims in the FAC, including claims made on behalf of the proposed class, are barred by the doctrines of accord and satisfaction.

### FOURTH SEPARATE DEFENSE

32

Some or all of the claims in the FAC, including claims made on behalf of the proposed class, are barred by the applicable statutes of limitations or repose.

FIFTH SEPARATE DEFENSE

Some or all of the claims in the FAC, including claims made on behalf of the proposed class, are barred by the doctrines of waiver, estoppel, or laches.

SIXTH SEPARATE DEFENSE

Some or all of the claims in the FAC, including claims made on behalf of the proposed class, are barred by spoliation of evidence.

SEVENTH SEPARATE DEFENSE

Some or all of the claims in the FAC, including claims made on behalf of the proposed class, are barred by Plaintiffs' release of claims.

EIGHTH SEPARATE DEFENSE

Plaintiffs' alleged injuries and damages, if any, were due to, and proximately caused by, in whole or in part, other events, conditions, instrumentalities, and/or acts or omissions of an individual or entity over whom or which SEA exercised no control.

NINTH SEPARATE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' failure to provide adequate notice of their claims and/or an opportunity to cure their claims before filing suit.

TENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because of their misuse of, modification to, abuse or neglect of, or failure to properly maintain their refrigerators.

ELEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because SEA complied with all disclosure obligations under

33

applicable laws.

TWELFTH SEPARATE DEFENSE

Plaintiffs' claims are barred because no representation or omission by SEA caused Plaintiffs' claimed injuries.

THIRTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because SEA did not knowingly misrepresent the character or quality of the refrigerators identified in the FAC.

FOURTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because SEA did not knowingly fail to disclose any material facts regarding the character or quality of the refrigerators identified in the FAC.

FIFTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because the conduct complained of constitutes mere puffery that is not actionable under applicable laws.

SIXTEENTH SEPARATE DEFENSE

Plaintiffs' equitable claims are barred to the extent Plaintiffs have an adequate remedy at law.

SEVENTEENTH SEPARATE DEFENSE

Plaintiffs' claims fail because Plaintiffs did not rely on any misrepresentation or omission by SEA in purchasing or using their refrigerators.

EIGHTEENTH SEPARATE DEFENSE

Plaintiffs' warranty claims are barred because SEA satisfied all warranty obligations.

NINETEENTH SEPARATE DEFENSE

Plaintiffs' warranty claims are barred because the alleged defect manifested outside the

34

warranty periods.

TWENTIETH SEPARATE DEFENSE

The purported classes cannot be certified under Federal Rule of Civil Procedure 23 because the allegations fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

TWENTY-FIRST SEPARATE DEFENSE

Plaintiffs' purported class claims are barred because Plaintiffs' definitions of the classes are vague, ambiguous, and overly broad.

TWENTY-SECOND SEPARATE DEFENSE

Plaintiffs' unjust enrichment claims are barred by the existence of the written warranties that govern the subject matter at issue.

TWENTY-THIRD SEPARATE DEFENSE

Plaintiffs' unjust enrichment claims are barred because Plaintiffs did not confer a direct benefit upon SEA.

TWENTY-FOURTH SEPARATE DEFENSE

SEA timely and lawfully disclaimed liability for consequential and incidental damages.

TWENTY-FIFTH SEPARATE DEFENSE

Plaintiffs failed to mitigate their damages, if any.

TWENTY-SIXTH SEPARATE DEFENSE

Any award of punitive damages against SEA in this matter would violate SEA's guarantees of due process, equal protection, and protection against excessive fines under the Fourteenth Amended to the United States Constitution, as well as applicable provisions of various state Constitutions.

35

<u>TWENTY-SEVENTH SEPARATE DEFENSE</u>

Plaintiffs have no right to attorneys' fees in this action.

<u>TWENTY-EIGHTH SEPARATE DEFENSE</u>

Any claim for damages or other monetary recovery by Plaintiffs or members of the proposed classes must be offset and reduced by the value received from the products purchased.

<u>TWENTY-NINTH SEPARATE DEFENSE</u>

Plaintiffs' implied warranty claims are barred because the refrigerators were usable for their ordinary use.

<u>THIRTIETH SEPARATE DEFENSE</u>

The claims asserted in the First Amended Complaint are barred due to the absence of privity

WHEREFORE, defendant Samsung Electronics America, Inc. respectfully requests that judgment be entered:

(a)     dismissing the First Amended Complaint with prejudice;

(b)     declaring that Defendant has no obligation with respect to any claims asserted by Plaintiffs in the within litigation;

(c)     declaring that class treatment of Plaintiffs' claims is inappropriate;

(d)     awarding costs of suit, including such reasonable attorneys' fees as may be allowed by law; and

(e)     granting such other relief as the Court deems just and proper.

/1/AMERICAS

TOMPKINS, MCGUIRE, WACHENFELD
& BARRY LLP
*Attorneys for Defendant Samsung*
*Electronics America, Inc.*


By:   *James J. O'Hara*
      James J. O'Hara

Date: January 28, 2021

37